# Osorio & Associates, LLC

<u>Members:</u>

**Martha L. Osorio**

**Michael H. Joseph**

184 Martine Avenue
White Plains, New York 10601
Tel: (914) 761-3168   Fax: (914) 761-8076
e-mail:Michael@Whiteplainslawyers.org
Website: www.whiteplainslawyers.org

<u>Of Counsel:</u>
Carlos Moreno
David H. Hoffenberg,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/07

November 13, 2007

Honorable Harold Baer, Jr.
United States District Judge
500 Pearl Street
Chambers 2230
New York, N.Y. 10007

RE: Manganiello v. City of New York, et al.
Civil Action No.: 07 CV 3644

Dear Judge Baer:

We represent plaintiff in the above referenced matter. This is a civil rights action commenced pursuant to 42 U.S.C. §1983, which seeks damages for malicious prosecution. We write to request a pre-motion conference to resolve several discovery disputes. Plaintiff's document demands were served on September 11, 2007 and defendants responded on October 31, 2007. Defendants failed to provide a single document called for and raised several objections, which for the reasons stated below are meritless. Additionally, Plaintiff has served demand for interrogatories to which the defendants have not responded. The lack disclosure is prejudicing Plaintiff's ability to prepare his case. Further, as depositions are tentatively scheduled for December, immediate resolution of these issues is necessary to avoid delaying this matter.

The undersigned faxed defense counsel a letter attempting to resolve these issues on November 2, 2007. Additionally, on November 5, 2007, the undersigned called defense counsel and left a voicemail identifying the discovery issues and asked that counsel return my call to discuss the issues. More than a week has passed and defense counsel has not returned my phone call nor answered my letter.

By way of history, Plaintiff was a security guard working at the Parkchester Condominiums in the Bronx, when a coworker, Mr. Acosta was shot and killed. Plaintiff was arrested on the day in question and then released because there was no evidence that he was in any way connected to the homicide. Thereafter, Plaintiff alleges the defendant conspired to fabricate evidence and destroy exculpatory evidence. Among other things, Plaintiff alleges that the defendants recruited several known criminals and looked the other way to their criminal activities and/or pressured them to provide false testimony against the Plaintiff, which resulted in the

Plaintiff's arrest and indictment. Plaintiff was found not guilty following a jury trial.

Plaintiff requested production of the following categories of documents:

- Personnel files and Performance Records for the defendants
- Psychological Records in the possession of the City of New York and N.Y.P.D.
- N.Y.P.D. Standards and Rules concerning the commencement of criminal actions.
- Plaintiff's applications and psychological evaluations conducted as part of Plaintiff's application for employment with the City of New York
- Records of a jail house informant recruited by the defendants to testify against Plaintiff
- Criminal records of the witnesses recruited by defendants to testify against Plaintiff.
- Tapes of dispatches concerning the homicide of Albert Acosta.
- The defendants' disciplinary records and records relating to civilian complaints.
- Criminal Records of the witnesses recruited by defendants to testify against Plaintiff.

For the following reasons the foregoing documents are relevant to the prosecution of and preparation of Plaintiff's case and should be produced. In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable. *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y.1997); citing, *United States v. Nixon*, 418 U.S. 683, 709, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Actions alleging violations of 42 U.S.C. §1983 require especially generous discovery. *Cox v. McClellan*, 174 F.R.D. 32 (W.D.N.Y.1997). Discovery should be allowed unless the information sought has no conceivable bearing on the case. *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal.,1995).

In the context of police misconduct, plaintiffs may suffer great difficulties if courts impose demanding relevancy standards on them. *Kelly v. City of San Jose*, 114 F.R.D. 653, 667-68 (N.D.Cal.1987). It is unlikely a plaintiff would know the contents of confidential police files, therefore it should be sufficient for a plaintiff to show how information that is likely to be in the files could lead to admissible evidence. *Kelly*, 114 F.R.D. at 667-68. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure. *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y.1996).

A.  The Criminal Records Of Those Recruited By The Defendants Is Highly Relevant

Here, after the District Attorney's office refused to commence charges against the Plaintiff, due to a lack of evidence, the defendants recruited a known bookie/loanshark and his cohorts to offer uncorroborated testimony against the Plaintiff. An officer has a duty to assess the reliability of a witness and if circumstances call into doubt the victim's veracity, to investigate the allegations and corroborate them. *Jovanovic v. City of New York*, 2006 U.S. Dist. LEXIS 59165. Here, the criminal records and history of the witnesses that was available to the defendants is highly relevant to establish the unreliability of these witnesses.

### B. The Officer's Personnel, Performance, Internal Affairs and Disciplinary Records

Civilian complaints and disciplinary records of police officers are relevant to establish a pertinent custom or policy by showing that the municipality, alerted to the possible misconduct by its police officers, exhibited deliberate indifference. *Vann v. City of New York*, 72 F.3d 1040 (2d Cir. 1995).

Prior civilian complaints and incidents of excessive force by individual defendants are clearly discoverable in § 1983 actions regardless of the outcome of the complaints. *Cox v. McClellan*, 174 F.R.D. 32 (W.D.N.Y.,1997); *see also*; *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y.1989); *see also Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D.Cal.1993).

Likewise, personnel, background and training records are discoverable in police misconduct actions. *Scott v. Edinburg*,101 F.Supp.2d 1017, 1022 (N.D.Ill.,2000). Personnel files contain employee performance appraisals in which there is information on officer's ethics, interpersonal relationships, decision making abilities, crime scene management techniques, information on promotions, training records, letters of recommendation, interviews, employee orientation, and employment applications. *Soto v. City of Concord*, 162 F.R.D. 603, 615 (N.D.Cal.,1995). Each of these documents are relevant to issues involved in a police misconduct case, because such documents may reveal the defendant officers' patterns of behavior, as well as the defendant police department or municipality's response to such behavior. *Id.* at 615. Likewise, evaluations of the officer's performance is relevant to establish whether the individual officers exhibited behavior which should have put the Municipality on notice that corrective action or further training was necessary. Clearly, these documents are relevant and material.

### C. Training Records and Psychological Records

Psychological testing results pertaining to the incident at issue or relating to prior episodes are discoverable. *Mueller v. Walker*, 124 F.R.D. 654, 659 (D.Or.1989). Those mental or psychological records which concern the incident at issue, prior episodes, or the officers' propensities are relevant and not over broad. *Soto v. City of Concord,*162 F.R.D. 603, 618 (N.D.Cal.,1995). Psychological evaluations also contain information revealed by the defendant which relates to their background, employment and training. *Scott v. Edinburg,* 101 F.Supp.2d 1017, 1022 (N.D.Ill., 2000). These records reasonably may lead to admissible evidence. *Id.* Likewise, statements by the officers, psychological testing results and the evaluation by mental health workers may lead to admissible evidence. *Id.* at 1022. Here, Plaintiff did not request the personal psychiatric records of the defendants, but only those records in the possession of the City, which are not protected by HIPPA privileges.

The Defendant's psychological records are highly relevant. Plaintiff maintains that the City and its police department failed to properly supervise their officers. The officers' psychological records are relevant to determine whether the officers exhibited personality traits which were consistent with the fabrication of evidence and the disregard of the rights of others. The failure to supervise and properly train an officer who demonstrates these traits can result in municipal liability. *Vann v. City of New York,* 72 F.3d 1040 (2d Cir. 1995).

Endorsement:

    Arrange 2:00 P.M. Monday conference call - I don't have pre motion conferences will resolve on telephone conference call and sanctions may be appropriate.