```
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 11/28/07
```
------------------------------------------------------- x

ANTHONY MANGANIELLO,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, DET. LUIS AGOSTINI,
individually and as a New York City Police Detective,
SHAWN ABATE, individually and as a New York City
Police Detective, DEREK PARKER, individually and as a
New York City Police Detective, LT. HENRY SCOTT,
individually and as a New York City Police Lieutenant,
P.O. ALEX PEREZ, individually and as a New York City
Police Officer, P.O. MIRIAN NIEVES, individually and as
a New York City Police Officer, MICHAEL PHIPPS,
individually and as a the Commanding Officer of the 43rd
Precinct, JOHN McGOVERN, individually and as a New
York City Police Detective Sergeant, ROBERT
MARTINEZ, individually and as a New York City Police
Detective, GERYL McCARTHY, individually and as a
New York City Police Deputy Inspector,

                                Defendants.

------------------------------------------------------- x

**STIPULATION AND**
**PROTECTIVE ORDER**

07 Civ. 3644 (HB)

       **WHEREAS,** defendants have sought certain documents and information concerning

plaintiff, including health, psychiatric, and psychological information (hereinafter

"medical/psychological records") which plaintiff deems confidential, and

       **WHEREAS** , the plaintiff objects to the disclosure of this information and production of

these documents unless appropriate protection for their confidentiality is assured; and

       **WHEREAS,** plaintiff has sought certain documents and information pertaining to the

individual defendants named herein or any other current or former member of the New York

City Police Department concerning the personnel records, records from the Civilian Complaint

Review Board, Internal Affairs Bureau, Department Advocate, records regarding disciplinary

action taken against any individual defendant or other current or former member of the Police Department, and any psychological or mental health assessments, if existing and if ordered by the Court to be produced in this action pursuant to its *in camera* inspection; and

**WHEREAS,** defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendants as follows:

1.     As used in this stipulation, "Confidential Materials" shall refer to plaintiff's medical/psychological records, defendants' personnel/disciplinary/psychological records and other documents that may be designated confidential by defendants, and shall also refer to the material contained therein, except that each party may petition the Court to review any such designations that the party deems inappropriate.   Such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are otherwise publicly available.

2.     Neither shall use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled Manganiello v. The City Of New York et al., 07 Civ. 3644 (HB).

3.     Neither party shall disclose the Confidential Materials to any person not a member of the staff of their law offices except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action.

(b) Disclosure before trial may be made only to the parties, to experts retained or specifically employed by each party in this action, in anticipation of litigation or preparation of this action, to a witness at a deposition, or to the Court.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or a party), each party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials expect in testimony taken in this case. The signed consent shall be retained by the party's attorneys. Other parties may, for good cause shown, have access to the executed agreements.

4.    Except for the noted circumstances outlined in paragraph 3(a) through 3(c), disclosure by plaintiff or anyone on his behalf, including counsel, of plaintiff's medical/psychological records to any person not a member of the staff of counsel's law office, including but not limited to, the media, press, or the like, shall result in making this Stipulation and Protective Order null and void with respect to plaintiff's medical /psychological records and constitute a waiver of confidentiality with regard to any disclosed documents previously identified as confidential materials.

5.    Each producing party shall designate as "confidential" any material that said party believes in good faith to be within the scope of the "Whereas" clauses at the beginning of this stipulation. In the event a party does not agree that the material is confidential, such party may ask the designating party for the removal of the confidentiality designation; if

such removal is not granted, the objecting party may apply to the Court for relief from this stipulation to the extent of that party's objection.

6.    Material may be designated as confidential by affixing or placing the word "CONFIDENTIAL" on the document. The inadvertent omission of such a stamp does not waive the confidentiality provided by this agreement and may be corrected by prompt written notification.

7.    Deposition testimony may be designated as confidential by an appropriate statement made on the record at the time such testimony is given or upon subsequent written notification made to counsel of record upon review of the transcript. Exhibits that are claimed to be confidential shall be so designated by stamping the exhibit accordingly during the deposition.

8.    If submitted to the court, any document subject to the provisions of this confidentiality stipulation shall be submitted in accordance with the Rules and Orders of the Court.

9.    This Stipulation shall remain in full force and effect unless modified, superseded, or terminated by consent of the parties or by order of the Court, and shall in any event survive the termination of this action.

10.    Except as otherwise agreed in writing, at the conclusion of this action including all appeals, whether the action be settled, otherwise resolved prior to trial, or tried on the merits, all material that has been designated as confidential and that is still subject to the protections afforded by this Stipulation, and all copies thereof, shall at the producing party's request, be returned to the producing party or, at the producing party's written request, be destroyed. Counsel shall certify to all other counsel that the confidential document(s) have all been returned or have been destroyed. This paragraph shall not

-4-

apply to copies of material designated as confidential that have been submitted to the

court or introduced as exhibits during trial.

11.   The parties reserve their rights to seek modification of this Order by application to the

Court for good cause shown at any time during the course of this litigation.

Dated:       New York, New York
             November 19, 2007

MICHAEL JOSEPH, ESQ.
OSORIO AND ASSOCIATES
184 Marine Avenue
White Plains, New York 10601
(212) 490-0400

By: _____
     Michael H. Joseph (MJ 8738)

SO ORDERED:

_____
Honorable Harold Baer
United States District Judge

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
Room 3-212
New York, New York 10007
(212) 788-0823

By: _____
     Hillary A. Frommer (HF 9286)
     Senior Counsel

Date: _____

Sealed documents may be unsealed, upon notice to
the parties, pursuant to further order of the Court.

SO ORDERED:

Sealed documents may be unsealed, upon notice to
the parties, pursuant to further order of the Court.
SO ORDERED:
Hon. Harold Baer, Jr., U.S.D.J.
Date: 11 2 8 07

-5-

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order dated November 19, 2007 in the action entitled *Manganiello  v.  The City of New York et al., 07 Civ. 3644 (HB)*, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.


_____      _____
      Date                                   Signature


                                          _____
                                          Print Name


                                          _____
                                          Occupation

-6-