DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/07

NOV 27 2007

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

HILLARY A. FROMMER
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

November 26, 2007

**VIA HAND DELIVERY**
The Honorable Harold Baer
Untied States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  Mangianello v. The City of New York et al.
       07 Civ. 3644 (HB)(GWG)

Dear Judge Baer:

    I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense in the above-referenced matter and I write concerning the Order issued by the Court during the telephone conference on November 19, 2007. As the Court may recall, during that conference plaintiff requested the psychological records of each of the ten individual defendants solely in order to assess the credibility of each of defendant. Defendants objected to producing such documents and submitted that individuals did not place their psychological histories at issue simply because they may have been involved in a homicide investigation that resulted in plaintiff's arrest and prosecution. The Court then ordered defendants to produce for an *in camera* inspection the psychological records for each of the ten individual defendants by December 4, 2007 so the Court could assess whether the documents should be produced during discovery.

    In attempting to obtain those documents in compliance with the Court Order, I learned that the Police Department will not release any medical or psychological records of a member of the Police Department unless that member executes an HIPPA authorization specifically permitting the Police Department to release the records. Thus, the New York City Police Department cannot release the psychological records unless each individual defendant agrees to execute an authorization permitting the disclosure of such records.

    However, HIPAA specifically provides that a health care provider may disclose medical information without an authorization when served with a subpoena or court order. 45 C.F.R. § 164.512(f). Therefore, the Police Department requires a written Order requiring that the

psychological records for each of the individual defendants be released for judicial *in camera* inspection in order for defendants to comply with the Court's November 19, 2007 Order. Defendants respectfully request that the Court enter such a written order. Because this office has been hindered in its ability to obtain the psychological records, I also respectfully request two weeks from the date the Court Order is entered in which to produce the psychological records to Your Honor for an *in camera* inspection.

Because of the Thanksgiving Holiday, I was unable to submit this letter before today. I apologize for any inconvenience this delay may have caused the Court.

Thank you for your consideration in this matter.

Respectfully submitted,

Hillary A. Frommer (HF 9286)
Senior Counsel

cc:     Michael Joseph (via facsimile)

[Handwritten annotation across page, partially legible: "I don't mind your request as per my scheduled reply — so attached ... submit the order for the psychological records ... incorporates all the concerns mentioned ... have also extended their production ... 11/8 to 12/1/07 as per your request submitted ... to order by 12/1 11/28/07 in chambers"]

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 11/28/07

2

Endorsement:

    I don't mind doing some of what I conceive as your work as per my scheduling order (attached) but for the psychological reports you submit the order being sure it encompasses all the concerns mentioned. I have also extended their production to 12/18 as per your request submit order by 12/1/07 in Chambers