# Osorio & Associates, LLC

*Members:*

**Martha L. Osorio**

**Michael H. Joseph,**

184 Martine Avenue
White Plains, New York 10601
Tel: (914) 761-3168   Fax: (914) 761-8076
e-mail:Michael@Whiteplainslawyers.org
Website: www.whiteplainslawyers.org

*Of Counsel:*
Carlos Moreno
David H. Hoffenberg,

Zoraya Arguelles Vrooman
*admitted to the Bar of Peru*

February 26, 2008

Honorable Harold Baer, Jr.
United States District Judge
500 Pearl Street
Chambers 2230
New York, N.Y. 10007

By Fax: 212-805-7901

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-4-08
```

RE:   Manganiello v. City of New York, et. al.
      Civil Action No.: 07 CV 3644

Dear Judge Baer:

We write to request an order quashing a subpoena issued by the defendants calling for a deposition of Plaintiff's treating physician and to revisit our request to compel production of the confidential informant file of Terrance Alston, as well as the sustained findings of misconduct by the defendants.

### I. The Subpoena For Rehana Latif, M.D.

The defendants issued a subpoena calling for the deposition of Dr. Latif, who is Plaintiff's treating physician and has been identified as such in Plaintiff's Rule 26 disclosure. The undersigned wrote defendants in a good faith effort to resolve this issue and objected to the deposition unless defendants agree to pay Dr. Latif a testimony fee. This morning, our office received a letter by the defendants indicating that they are refusing to pay a testimony fee to Dr. Latif. We therefore request the Court issue an order either compelling the defendants to pay the testimony fee or quashing the subpoena. F.R.C.P. R. 26(b)(4)(c) states unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Although there is a split in authority, a recent line of cases has held that treating

physicians, although not subject to the strict reporting standards of a retained expert, are entitled to a reasonable testimony fee when they are subpoenaed for a deposition by the adverse party. *Altman v. Motion Water Sports, Inc.*, 2007 U.S. Dist. LEXIS 53313 (S.D.N.Y. 2007); *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85 (N.D.N.Y. 2004).

In *Lamere*, the Court reasoned treating physicians should be treated as experts because the distinction between a lay witness's and an expert witness's opinion is that a lay witness provides an opinion resulting from a process of reasoning familiar with everyday life, while an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field. *Lamere, supra, citing* Fed. R. Evid. 701 (Advisory Committee Notes, Amendment 2000). Therefore, under Rule 701(c), if the opinion provided is based upon scientific, technical and other specialized knowledge within the scope of Rule 702, then the witness is an expert. *Id. citing*, Weinstein's Evidence Manual at § 10.03 (2003). As Dr. Latif is being questioned exclusively as an expert, based upon her specialized knowledge, she should be paid an expert fee.

Further, as the defendants are seeking to gain information about the Plaintiff's medical condition beyond what is in his medical records, they should bear the cost to do so. In *Lamere, supra*, the Court held that it was the defendants' strategic decision not to rely upon the medical records and pursue a deposition, therefore they gained valuable information to enable them to assess the plaintiff's case by pursuing a deposition, the cost should be the defendant's burden and not the plaintiff's. For the foregoing reasons, Plaintiff requests that the defendants be compelled to prepay Dr. Latif's testimony fee or the subpoena be quashed.

## II. Terrance Alston's Confidential Informant File

This is a § 1983 case seeking damages for malicious prosecution. Plaintiff contends that among other things, the defendant detectives recruited a known criminal named Terrance Alston to provide false evidence against the Plaintiff and then provided that false evidence to the District Attorney's office.

The undersigned on November 13, 2007, wrote a letter to chambers requesting an order compelling production of the confidential informant file of Terrance Alston. During the November 19, 2007 telephone conference, the Court directed that we inquire as to the confidential informant files at the deposition to determine whether there were any relevant documents. The Court further directed that if it appears relevant documents exist we can revisit issue. The pertinent pages from Mr. Parker's pages from Mr. Pakers's deposition are attached hereto.

Mr. Alston is presently deceased and during the depositions it was learned that Mr. Alston was a known member of the "Bloods" and was a confidential informant for detective Parker. Mr. Parker testified that when he first spoke with Alston, he wrote down what information Mr. Alston had regarding the homicide of Albert Acosta. (P. 21, 22). He also ran Mr. Alston's rap sheets, which showed that Alston was arrested for several crimes for which he was incarcerated at the time he made contact with Mr. Parker. (P. 22). Mr. Alston's rap sheets

indicated that he had prior convictions, although, Mr. Parker could not recall what the convictions were for. (35). When Mr. Parker met with Mr. Alston, he took written notes of what Mr. Alston said to him concerning the homicide of Acosta and those notes were put in the confidential informant file. (28). Mr. Parker admitted that Terrance Alston made a statement to him that was contradictory to that made to Detective Agostini[1]. (P. 45). Mr. Alston's statements were never provided to the office of the District Attorney and consequently were never given to Mr. Manganiello's defense lawyers. (P. 51, 52). Also during the deposition of Mr. Agostini, it was learned that Mr. Alston had given Mr. Agostini false information concerning a person who allegedly sold a gun of the same caliber used in the homicide of Albert Acosta to Plaintiff.

Based upon the foregoing testimony, the undersigned believes that there are documents which contradict the information which detectives Agostini and Parker provided to the District Attorneys office. Moreover, the reliability of Mr. Alston is a relevant factor in determining whether to commence a criminal charge, as such everything the police knew about Mr. Alston is highly relevant. Therefore we ask that the entire confidential informant file of Terrance Alston be produced.

### III. The Defendants' Misconduct Files

The undersigned notes reflect that on November 19, 2007, the Court directed the defendants to produce all substantiated findings of misconduct. During Mr. Parker's deposition, he admitted that there was a sustained finding of misconduct. (P. 8). The undersigned asked why the documents had not been disclosed and defense counsel responded "Because it was not a civilian complaint". (P. 8). The undersigned requests that the defendants be compelled to turn over all sustained findings of misconduct, not only CCRB findings.

Respectfully submitted,

Michael H. Joseph, Esq.

c: Hillary Fromer, Esq.
By Fax: 212 788 9776

[Handwritten notes by Judge:] (1) I believe w/ most of my colleagues that treating Doctors are fact witnesses + do not require expert fees for their testimony (2) nothing I see here conveniences me that the documents are appropriately sought for discovery + that request to compel such done after the deposition substantive allegations ORDERED

Harold Baer, Jr., U.S.D.J.
Date: 3/4/08

---

[1] A DD5 report from Detective Agostini states that Alston told Agostini that he had agreed with Anthony Manganiello to kill a Parkchester security guard for money, although Mr. Parker testified that Alston never told him that. (P. 45).

Endorsement: (1) I believe with most of my colleagues that treating doctors are fact witnesses and do not receive expert fees for their time, (2) nothing I see here concerns me that the documents are appropriate for discovery and that request is denied again with the opportunity to come back if you can substantiate some of your allegations.