



USDS ...
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/08

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

HILLARY A. FROMMER
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

March 11, 2008

**VIA FACSIMILE (212) 805-7901**
The Honorable Harold Baer
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  Mangianello v. The City of New York et al.
           07 Civ. 3644 (HB)(GWG)

Dear Judge Baer:

      I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense in the above-referenced matter and I respectfully write regarding the Court's Orders of March 7, 2008 and March 10, 2008 regarding plaintiff's requests for depositions. On March 7, 2008, the Court responded to a written request by plaintiff to conduct approximately six or additional seven depositions, notwithstanding the fact that plaintiff had already taken seven depositions in this case. Plaintiff's counsel represented to the Court that defendants intend to move for summary judgment "next week" and that plaintiff could not properly defend the motion without those depositions. By e-mail notice from chambers yesterday, March 10, 2008, I was advised that the Court had approved up to 15 depositions by plaintiff.

      Defendants submit that plaintiff's representation to the Court regarding when defendants' intended to mvoe for summary judgment was incorrect. While defendants intend to move for summary judgment, defendants are unable to submit such motion by March 14, 2008. To the contrary, defendants hoped to seek additional time from the Court in which to submit their motion for summary judgment. I respectfully make this request because I am counsel of record and the only attorney in this office familiar with the facts and legal positions of this complicated case. Moreover, I am commencing a trial before the Honorable Alvin K. Hellerstein in the matter of James v. City of New York et al., 05 Civ. 5252 on march 24, 2008, case which involves substantial preparation to defend. Due to this trial schedule (and the fact that I was ill and away from the office several days last week), I will be unable to complete and serve a motion for summary judgment. Therefore, defendants respectfully request that the Scheduling Order be amended so that defendants may submit a motion for summary judgment that will be fully briefed by May 1, 2008.

I would also like to let the Court know that I had not received plaintiff's correspondence of March 7, 2008 until today and had no had a chance to respond. In regards to the deposition schedule, today, I received a single page of what appears to be a multi-page letter from plaintiff dated March 7, 2008 indicating that plaintiff does not seek to depose more than ten individuals in this matter. However, plaintiff then states that he wishes to depose all ten of the individually named defendants in addition to an Assistant District Attorney and additional police officers who purportedly did not testify at plaintiff's criminal trial. As defendants had not received this second March 7, 2008 letter from plaintiff until after the Court's endorsement, defendants wish to have the opportunity to state their opposition to plaintiff's request for additional depositions. First, plaintiff seeks to depose Assistant District Attorney Scaccia. However, I have been informed by the Bronx District Attorney's Office that ADA Scaccia is currently prosecuting a multi-defendant homicide trial and will not be available for approximately two months. Plaintiff insists on deposing Ms. Scaccia and has stated that if she is unable to conduct that deposition prior to any summary judgment motion, he will move to strike such motion. Ms. Scaccia is not a party to this action and defendants respectfully submit that they have no control over her criminal trial schedule. Further, defendants should not be punished because of the trial schedule of a non-party Assistant District Attorney, whom plaintiff did not even seek to depose until shortly before the close of discovery.

Additionally, plaintiff seeks to depose individuals who are not relevant to the matter at bar. Contrary to plaintiff's counsel's belief, plaintiff has not asserted any false arrest claim in this action. The only claim asserted in the complaint against the individual defendants is for malicious prosecution. As plaintiff was indicted by a Grand Jury and, therefore, probable cause for the prosecution is presumed, plaintiff can only overcome this presumption and sustain a malicious prosecution claim against each of the individual defendants by establishing that each individual engaged in fraud, perjury or bad faith misconduct in the Grand Jury. Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004). Plaintiff has not put forth any evidence or any good faith basis establishing that any of the non-party individuals he seeks to depose has any relevancy to whether the individual defendants engaged in any fraud before the Grand Jury. Plaintiff sought depositions from three police officers who allegedly were in plaintiff's presence two hours before the homicide occurred, which was over seven years ago. Those non-party individuals are named Sergeant Peter Rose, Police Officer Ortiz, and Police Officer Rodriguez. Plaintiff has already deposed Sergeant Rose who testified that he had no recollection of the event. However, despite our efforts, defendants could not identify Police Officer Rodriguez. There are currently over 125 active police officers named Rodriguez. There is only one officer currently assigned to the 43rd Precinct named Rodriguez. However, it is my understanding that this Officer Rodriguez is new to the 43rd Precinct and was not there at the time of the incident on February 12, 2001. At this point, defendants cannot produce an officer for deposition who has no knowledge of the events at issue. Defendants have agreed to produce Officer Ortiz on March 13, 2008.

Finally, plaintiff seeks to depose two laboratory technicians, yet plaintiff has not even identified one of those technicians, nor even confirmed whether such individual even exists. However, plaintiff has made no showing as to how the depositions of each laboratory technician could have any bearing on defending a motion for summary judgment regarding a malicious prosecution claim. Plaintiff has represented in writing that the only individuals he now wishes to depose are the Assistant District Attorney, whom as stated above is unavailable, Police Officer

2

Ortiz, and defendant Shawn Abate. As also stated above, Police Officer Ortiz will be produced for a deposition this week. Detective Abate is retired and does not live within 100 miles of the United States District Court for the Southern District of New York. Plaintiff had agreed to conduct Abate's deposition by telephone, but I learned today, however, that former Detective Abate was seriously injured and is scheduled for surgery this week. Therefore, because of his medical condition, Detective Abate cannot appear for a deposition by this Friday, March 14, 2008 which is the close of discovery.

For these reasons, defendants seek the Court's indulgence and understanding in this matter and ask the Court to respectfully reconsider its prior rulings and additionally grant defendants an extension of time in which to submit their motion for summary judgment.

Thank you for your consideration in this matter.

Respectfully submitted,

Hillary A. Frommer (HF9286)
Senior Counsel

cc: Michael Joseph (w/ enclosure)

(1) You will try to get an hour or the ADA's time after an afternoon recess if it doesn't happen tell me & I will try my hand.
(2) The 15 depositions need not all be taken but the [illegible] to those that are of Δ's seem beyond peradventure.
(3) You have already had one adjournment from Feb 11 to March 14, 08 no more seem appropriate. Nonetheless you may work out a schedule with your [illegible] substantial [illegible] to any way you want but I will give you 60 [illegible] be on trial in June & if you give me motions this week I will try to decide [illegible] if I don't it is unlikely [illegible] will be decided [illegible]

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 3/14/08

Endorsement:

(1) You will try to get an hour of the ADA's time after an afternoon recess if it doesn't happen tell me and I will try my hand.

(2) The 15 depositions need not all be taken but the right to those that are of defendants seem beyond per adventure.

(3) You have already one adjournment from February 11 to March 14, 2008 no more seem appropriate. Nonetheless you may work the schedule you both subscribed to any way you want but we will be on trial in June and if you give me 60 days to decide motions they will be decided if you don't it is unlikely they will be but I'll try.