DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/08

RECEIVED
APR 04 2008
U.S. DISTRICT JUDGE
S.D.N.Y.

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

HILLARY A. FROMMER
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

April 3, 2008

**VIA FACSIMILE (212) 805-7901**
The Honorable Harold Baer
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Mangianello v. The City of New York et al.
07 Civ. 3644 (HB)(GWG)

Dear Judge Baer:

I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense in the above-referenced matter and I respectfully write, first, to compel plaintiff to produce a written statement in his possession obtained from a non-party witness. At the close of discovery, plaintiff supplemented his disclosures under Rule 26(a) and informed defendants that he possessed a statement from a non-party witness named Sal Miro regarding this matter. However, plaintiff refused to produce that statement, asserting the work product privilege. When defendants objected to the assertion of privilege, plaintiff's counsel stated that the work product privilege applied because it was a statement obtained in connection with this litigation. Second, I have just learned that plaintiff has moved by order to show cause before the Supreme Court, Bronx County to unseal the Grand Jury minutes of the underlying criminal proceedings. Defendants object to plaintiff's attempt to circumvent this Court's deadlines.

It is clear from plaintiff's supplemental Rule 26(a) disclosures that plaintiff intends to use the non-party statement he obtained to support his case. However, plaintiff is withholding that statement from defendants, presumably to surprise defendants with the contents of the statement at trial, or in support of his opposition to defendants' motion for summary judgment. The withholding of a document that plaintiff himself states is essential to his case is prejudicial to defendants. Defendants submit that they are entitled to examine any documentary or other evidence which plaintiff asserts supports his claims. Moreover, plaintiff's assertion that the non-party witness statement is protected by the work product privilege is incorrect. Courts have consistently held that witness statements are factual, rather than opinion work product, even where those statements are summarized by counsel, rather than a written statement directly from the witness. Abdell v. City of New York et al., 05 Civ. 8435 (KMK)(JCF), 2006 U.S. Dist. LEXIS 66114, at * 22 (S.D.N.Y. Sept. 14, 2006). Moreover, fundamental fairness requires that if

a witness provides a statement to one party but not the other, the party should be entitled to discover the statement provided to his adversary. Central Hudson Gas & Elec. Co. v. The M/V Lunamar II, 88 Civ. 359 (VLB), 1989 U.S. Dist. LEXIS 6912 (S.D.N.Y. June 22, 1989).

Therefore, defendants respectfully request that the Court order plaintiff to immediately provide defense counsel with the statement from Sal Miro, or preclude plaintiff from using the statement in motion practice or at trial.

Additionally, I learned today from the Bronx County District Attorneys' Office that, on March 27, 2008, plaintiff filed an Order to Show Cause in the Supreme Court of the State of New York, Bronx County, seeking the unsealing of the Grand Jury minutes relating to plaintiff's criminal prosecution. Plaintiff did not serve defendants with a copy of that order. I was further informed that Judge Markus granted the Order to Show Cause on April 2, 2008 and has ordered it returnable on April 11, 2008. Again, plaintiff failed to provide counsel with a copy of the April 2, 2009 order expeditiously. As the Court may recall, discovery closed on March 14, 2008 and no further extensions of time in which to conduct discovery were granted. Plaintiff's application to the State Court is untimely as plaintiff is seeking discovery of materials after expiration of discovery. Moreover, plaintiff's counsel has known since the initial conference held before Your Honor on July 20, 2007 that the Grand Jury minutes regarding plaintiff's criminal prosecution were sealed as a matter of law. However, plaintiff made no effort whatsoever during discovery to unseal those minutes. Rather, plaintiff waited until discovery closed and defendants were preparing their motion for summary judgment. There is simply no good faith basis for plaintiff's delay in seeking discovery of which he was aware at the very outset of this litigation.

By filing an Order to Show Cause in the State Court, plaintiff now demands that defendants litigate this action in two forums. Plaintiff's post-discovery application to the State Court effectively circumvents the rules and schedules set by Your Honor in this litigation. Moreover, plaintiff's failure to timely serve defense counsel with copies of the submissions to the State Court is without justification.

Furthermore, courts have held that a generalized need for Grand Jury minutes in order to support a malicious prosecution claim is insufficient to warrant the unsealing of Grand Jury minutes. Alvarado v. City of New York, 04 CV 2558 (NGG), 2006 U.S. Dist. LEXIS 72065 (E.D.N.Y. Oct. 3, 2006). Therefore, defendants respectfully request that the Court Order that plaintiff withdraw his Order to Show Cause in the State Court and order that plaintiff be precluded from using the Grand Jury minutes in this action.

Thank you for your consideration in this matter.

Respectfully submitted,

[signature]

Hillary A. Frommer (HF 9286)
Senior Counsel

cc: Michael Joseph

4/7/08

[illegible]

SO ORDERED

Harold Baer
USDJ

Endorsement:

A review of the docket suggests you have both caused delay. Nonetheless trial will begin in June.  The discovery period is not sacrosanct but for motion practice and my 60 days to decide - referred to in my last endorsement.  My view is that the statement is to be turned over and that at least the plaintiff believes you were served with the order to show cause and the stamps so reflect that happenstance.  My concern is that this case and all cases be tried on their merits so the violation of the discovery deadline will be excused but if the order to show cause is granted the defendant will be entitled as with other statements to a copy.  If any privilege for statements I will examine in camera forthwith.  April 11 is as I recall the last day for motions and while there may be a fully briefed motion on its way the docket doesn't reflect one as yet.  You may arrange a conference call with Chambers if you can't understand the deadlines as noted on docket or here.