UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY MANGANIELLO,

                 Plaintiff,        CIVIL ACTION No.: 07 CV 3644 (HB)

  - Against-

THE CITY OF NEW YORK, DET. LUIS AGOSTINI, individually and as a New York City Police Detective, SHAWN ABATE, individually and as a New York City Police Detective, DEREK PARKER individually and as a New York City Police Detective, LT. HENRY SCOTT individually and as a New York City Police Lieutenant, P.O. ALEX PEREZ, individually and as a New York City Police officer, P.O. MIRIAN NIEVES, individually and as a New York City Police officer, MICHAEL PHIPPS individually and as the Commanding Officer of the 43rd Precinct, JOHN McGOVERN, individually and as a New York City Police Detective Sergeant, ROBERT MARTINEZ, individually and as a New York City Police Detective, GERYL MCCARTHY, individually and as a New York City Police Deputy Inspector,

                 DEFENDANTS
------------------------------------------------------------X

**NOTICE OF MOTION**

TO:   Corporation Counsel,
       100 Church Street
       New York, NY 10007

PLEASE TAKE NOTICE that on the 25th day of April, 2008, at 9:00 in the forenoon or as soon thereafter as counsel can be heard at the United States Courthouse located at 500 Pearl Street New York, N.Y. 10007, Plaintiff will move this Court in a motion pursuant to Rule 37 of

the Federal Rules of Civil Procedure based upon the annexed Declaration of Counsel, Exhibits, Memorandum of Law and all papers and proceedings had herein for the following Orders:

(i) deeming Plaintiff's allegations as to defendants Abate and Perez as established,

(ii) deeming it established that there was no probable cause to prosecute Plaintiff for the murder of Albert Acosta,

(iii) deeming it established that gun shot residue testing of Plaintiff's hands and clothes from the date of Acosta's murder established that Plaintiff did not fire a gun on that date,

(iv) deeming it established that at the time Mr. Acosta was murdered, Plaintiff was in the company of P.O. Ortiz and P.O. Rodriguez

(v) precluding defendants from use or mention of Plaintiff's psychological records and other documents associated with Plaintiff's application for employment with the New York City Police Department and

(vi) compelling defendants to provide Plaintiff with a copy of the exhibit Dr. Latif's deposition.

Respectfully submitted,

OSORIO & ASSOCIATES, LLC

BY: _____

Michael H. Joseph, Esq. (MJ 8838)
184 Martine Avenue
White Plains, New York 10601
(914) 761-3168

Dated: White Plains, New York
April 9, 2008

6