UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY MANGANIELLO,

                 Plaintiff,        CIVIL ACTION No.: 07 CV 3644 (HB)

- Against-

THE CITY OF NEW YORK, DET. LUIS AGOSTINI, individually and as a New York City Police Detective, SHAWN ABATE, individually and as a New York City Police Detective, DEREK PARKER individually and as a New York City Police Detective, LT. HENRY SCOTT individually and as a New York City Police Lieutenant, P.O. ALEX PEREZ, individually and as a New York City Police officer, P.O. MIRIAN NIEVES, individually and as a New York City Police officer, MICHAEL PHIPPS individually and as the Commanding Officer of the 43rd Precinct, JOHN McGOVERN, individually and as a New York City Police Detective Sergeant, ROBERT MARTINEZ, individually and as a New York City Police Detective, GERYL MCCARTHY, individually and as a New York City Police Deputy Inspector,

                                Defendants
-------------------------------------------------------------------X

## DECLARATION OF COUNSEL

Pursuant to 28 USC §1746, I hereby declare, under penalty of perjury under the laws of the United States of that the following is true and correct.

1. My name is Michael H. Joseph.

2. I am an attorney duly licensed to practice law in the State of New York, and before the United States District Court for the Southern District of New York.

3. I represent the plaintiff in the above captioned matter, as such I am fully familiar with the facts and circumstances of this case.

4. This is a civil rights action brought pursuant to 42 U.S.C. §1983 in which Plaintiff, a former parkchester security guard alleges that he was maliciously prosecuted for the

murder of Albert Acosta, a fellow parkchester security guard.

5. I offer this declaration in support of Plaintiff's motion pursuant to Rule 37.

6. To date, the following individuals have not been produced for deposition:: (i) Maureen McMahon, (ii) The Laboratory Technician(s) who performed the gun shot residue, skin, hair, fiber and print analysis during the investigation into the homicide of Albert Acosta (If different from Maureen McMahon) (iii) Police Officer Eric Rodriguez, (iv) Alex Perez, (v) Shawn Abate and (vi) A.D.A. Scaccia.

7. To date defendants have not produced Plaintiff's applications for employment with the New York City Police Department or his psychological records in connection therewith.

8. At a recent deposition of Dr. Latif, Plaintiff's treating physician, held on March 10, 2008, defendant made reference to Plaintiff's psychological tests administered in connection with his employment application with the New York City Police Department.

9. To date defendants have not produced copies of Dr. Latif's chart which they copied at her deposition and marked as an exhibit, despite their representations that they would do so.

10. The undersigned has conferred with our adversary in good faith in an attempt to resolve these issues informally. Said efforts were to no avail.

11. The statements of fact in the attached memorandum of law are based upon the exhibits attached hereto.

12. I attach true copies of the following as exhibits hereto in support of Plaintiff's application:

- Plaintiff's demand for depositions is attached as Exhibit 1.
- The Court's Scheduling Order is attached as Exhibit 2.
- Defense Counsel's letter dated January 11, 2008 with endorsement is attached as Exhibit 3.
- Plaintiff's Subpoena for A.D.A. Christine Scaccia is attached as Exhibit 4.
- Plaintiff's counsel's letter, dated March 7, 2008 with endorsement is attached as Exhibit 5.

- Defense counsel's letter dated March 10, 2008 is attached as Exhibit 6.
- Plaintiff's counsel's letter, dated March 7, 2008 is attached as Exhibit 7.
- The Court's order dated March 10, 2008 is attached as Exhibit 8.
- Defense counsel's letter, dated March 11, 2008, with endorsement is attached as Exhibit 9.
- Plaintiff's demands for Production of documents are attached as Exhibit 10.
- The Court's order dated November 29, 2007 is attached as Exhibit 11.
- Plaintiff's complaint is attached as Exhibit 13.
- The cited portions of Mr. Ortiz's deposition are attached as Exhibit 14.
- The cited portions of the transcript from Plaintiff's criminal trial are attached as Exhibit 15.

11.  For the reasons more fully stated in the annexed Memorandum of Law, Plaintiff respectfully requests that the Court issue Orders (i) deeming Plaintiff's allegations as to defendants Abate and Perez as established, (ii) deeming it established that there was no probable cause to prosecute Plaintiff for the murder of Albert Acosta, (iii) deeming it established that gun shot residue testing of Plaintiff's hands and clothes from the date of Acosta's murder established that Plaintiff did not fire a gun on that date, (iv) deeming it established that at the time Mr. Acosta was murdered, Plaintiff was in the company of P.O. Ortiz and P.O. Rodriguez, (v) precluding defendants from use or mention of Plaintiff's psychological records and other documents associated with Plaintiff's application for employment with the New York City Police Department and (vi) compelling defendants to provide Plaintiff with a copy of the exhibit marked at Dr. Latif's deposition.

Respectfully submitted,

OSORIO & ASSOCIATES, LLC

BY: _____
Michael H. Joseph, Esq. (MJ8838)
184 Martine Avenue

                                            White Plains, New York 10601
                                            (914) 761-3168

Dated: White Plains, New York
       April 9, 2008