UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY MANGANIELLO,

                             Plaintiff,       CIVIL ACTION No.: 07 CV 3644

  - Against-

THE CITY OF NEW YORK, et al.

                             Defendants,
----------------------------------------------------------X

## PLAINTIFF'S DEMAND FOR PRODUCTION
## OF DOCUMENTARY DISCOVERY

Plaintiff hereby requests that defendant(s) produce for inspection and copying the following documents, and for inspection, testing and sampling the following documents and tangible things, at the offices of the undersigned within thirty days of the date of this demand:

1. Entire personnel files from the City of New York and the New York City Police Department for all defendants named herein.

2. All performance records and evaluations relating to or pertaining to all defendants named herein.

3. All records, documents, letters, memoranda and notes which are part of or relate to the Disciplinary Records of all defendants named herein as well as any complaints made by civilians against them while they were New York City Police Officers.

4. Copies of all past and current psychological records of in the possession of the City Of New York, including all psychological evaluations for all defendants named herein.

5. Complete copies of all memo book entries, notes, reports, field reports, arrest reports, booking sheets, investigation notes, memoranda, including witness statements taken by any officer, investigator detective, internal affairs officer which relate in any way to the arrest of Anthony Manganiello.

6. Complete copies of any records received by the defendants or their counsel by virtue of the unsealing of the Plaintiff's criminal records through the authorization provided by the Plaintiff.

7. Complete copies of all witness lists and witness statements taken by police personnel in relation to the arrest of Anthony Manganiello.

8. Complete copies of all reports, records, documents, letters, memoranda, statement, notes, photographs and audio tapes, either received by or created by the Internal Affairs Unit of the New York City Police Department in relation to the arrest of Plaintiff.

9. ALL DOCUMENTS RELATING TO each and every rule and regulation in effect on promulgated by the New York City Police Department RELATING TO arrest procedures for its police officers.

10. Color copies of all photographs and videotape of the Plaintiff including surveillance, mug shots, and tapes of his interrogation.

11. All "911" tapes received by the New York City Police Department pertaining to the homicide of Albert Acosta and all transmissions to officers from the dispatcher concerning same.

12. All recorded communications between the police radio dispatcher and any defendant

officer which relates to the investigation of te death of Albert Acosta.

13. All transcripts or recorded dialogues of any conversations or tapes referred to in document request No.: 11 and 12.

14. All documents in the custody, possession and control of the New York City Department of Corrections, which relate to the incarceration of the Plaintiff at any Correctional facility.

15. All applications filed with the New York City Police Department for employment filed by the Plaintiff including all records relating to said application in the defendants' custody including all psychological evaluations.

16. Any and all records, notes and memorandum of Derek Parker, which relate to Terrance Alston, Mark Damon, Michael Booth and Chris Tartone in any way.

17. Any records in the custody of the New York City Department of Corrections and the New York City Police Department which relate to Terrance Alston in any way.

18. Any records in the custody of the New York City Department of Corrections and the New York City Police Department which relate to Mark Damon in any way.

19. Any records in the custody of the New York City Department of Corrections and the New York City Police Department which relate to Chris Tartone in any way.

20. Any records in the custody of the New York City Department of Corrections and the New York City Police Department which relate to Michael Booth in any way.

21. Any and all tapes of dispatches from Parkchester Condominiums Security which pertain to the homicide of Albert Acosta in any way.

22. The memo books of P.O. Ortiz and P.O. Rodriguez for February 12, 2001.

23. True and complete copies of any and all records received by the defendants pursuant to any subpoena issued.

          Yours etc.,

          OSORIO & ASSOCIATES, LLC

BY: _____

          Michael H. Joseph, Esq.
          184 Martine Avenue
          White Plains, New York 10601
          (914) 761-3168

Dated: White Plains, New York
       September 11, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY MANGANIELLO,

                       Plaintiff,        CIVIL ACTION No.: 07 CV 3644

   - Against-

THE CITY OF NEW YORK, et al.

                       Defendants,
-----------------------------------------------------------X

### DECLARATION OF SERVICE

Pursuant to 28 USC §1746, I hereby declare, under penalty of perjury under the laws of the United States of that the following is true and correct.

Deponent is not a party to the action, is over 18 years of age and resides at 184 Martine Ave., White Plains, N.Y. 10601. That on the 11th day of September, 2007 deponent served the within: " PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTARY DISCOVERY " upon:

                           Corporation Counsel
                           100 Church Street
                           New York, NY 10007

at the last known address designated by them for that purpose by depositing a true copy of same enclosed by mail in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Service department within the State of New York.

                                                        _____
                                                        Michael H. Joseph, Esq.