# EXHIBIT X

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX: CRIMINAL TERM: PART 38
----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK          :

                - against -

ANTHONY MANGANIELLO

                          Defendant.           :
----------------------------------------------------------------X

**Indictment No. 2207-01**
**Decision & Order**

PATRICIA ANNE WILLIAMS, J.:

      On May 7, 2001, the defendant Anthony Manganiello was indicted and charged with two counts of Murder in the Second Degree and other related charges.[1] It is alleged that the defendant shot and killed one Albert Acosta on February 12, 2001 at approximately 10:26 P.M. at 1700 Metropolitan Avenue in the Bronx. This case first appeared before this Court Part on May 29, 2001, at which time the following schedule was set for the filing of defense motions: the defendant was to file any motions by July 2, the People were to respond by July 16, and the case was adjourned to July 24. The parties were instructed that, based upon the facts which were disclosed to the court, they should be ready for a probable **Wade/Mapp** hearing.

      The defendant filed the instant omnibus motion on June 29, requesting the following relief: (1) Inspection of the Grand Jury minutes and dismissal or reduction of the charges contained in the instant Indictment and release of the minutes to the Suppression of all evidence and testimony relating to any and all identifications made of

---

[1] The specific charges contained in the Indictment are as follows: two counts of Murder in the Second Degree, in violation of Sections 125.25(1) and 125.25(2) of the Penal Law (the "PL"); and one count each of Manslaughter in the First Degree [PL § 125.20(1)]; and Criminal Possession of a Weapon in the Second Degree [PL § 265.03(2)].

2

the defendant; (3) Suppression of any and all statements attributed to the defendant as being involuntarily made; (4) Preservation and disclosure of any exculpatory material pertaining to the defendant as well as any written notes, memos, drawings, summaries, and/or other documents prepared in connection with this case; and (5) Disclosure and preclusion of the use at trial by the People of any prior bad acts of the defendant. The People have responded in general opposition to the instant motion. However, they consent to the holding of hearings pursuant to **United States v. Wade**, 388 U.S. 218, 87 S. Ct. 1926 (1967); and **People v. Huntley**, 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965). Having considered the submissions of both parties, this Court now makes the following rulings.

This Court has received and reviewed the Grand Jury minutes. Accordingly, that aspect of the defendant's motion is granted. The evidence before the Grand Jury consisted of the testimony of seven witnesses, three of whom were civilian witnesses. The People also entered into evidence the Medical Examiner's report regarding the deceased victim. The evidence before the Grand Jury is purely circumstantial, i.e. there is no testimony that anyone saw or heard the defendant shoot the deceased, nor is there any link between the defendant and the apparently unrecovered murder weapon, nor did the defendant make an exculpatory statement. There **is** testimony concerning the defendant's presence at the scene of the crime immediately after the fatal shots were fired; however his presence is not distinguishable from that of at least two other individuals who were also present at the scene at the same time. Other testimony that connects the defendant in anyway with any shooting is the testimony from another civilian witness that the defendant was heard asking an unidentified co-worker if he knew anybody selling a gun. In addition, there is testimony from several police officers regarding the fact that the defendant's uniform was dusty. However, there is no connection between the dust on the defendant's uniform and anything else.

This evidence alone is insufficient to make out a *prima facie* case that this defendant shoot and killed Albert Acosta.

There is, however, some evidence which tends to connect this defendant to this crime. That evidence is the testimony of a third civilian witness who testified before the Grand Jury concerning two statements of the defendant made some months prior to the events at issue and in which the defendant stated his intention to kill another unidentified security officer. Obviously, this piece of evidence is essential to this entirely circumstantial case. The circumstances surrounding this witness' testimony suggests, at least to this Court, that some agreement may have been reached between the People and this witness with regards to his testimony. However, any such agreement, if one exists, was not disclosed to the Grand Jury. The existence of any such agreement would clearly be crucially relevant to the Grand Jury's ability to judge the credibility of this witness. Accordingly, this Court reserves decision on whether the evidence presented to the Grand Jury was legally sufficient. The People are hereby instructed to inform this Court of whether any such agreement exists, and if so, the parameters of that agreement within 48 hours of the date of this decision.

With respect to the defendant's motion to suppress identifications made of him as well as statements attributed to him, that motion is granted to the extent that a combined hearing will be held pursuant to **Dunaway v. New York**, 442 U.S. 200, 99 S. Ct. 2248 (1979); **United States v. Wade**, 388 U.S. 218, 87 S. Ct. 1926 (1967); and **People v. Huntley**, 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965); which is hereby ordered in aid of the decision of the said application.

As to the request for the disclosure of any and all instances of uncharged crimes, vicious and immoral acts of the defendant which the People may wish to use at trial, decision with respect to the use of such material is reserved to the discretion of the trial court. However, disclosure of the details of any and all instances of uncharged crimes,

4

vicious and immoral acts of the defendant which the People may wish to use at trial is granted, but not within the time period requested. Rather, and specifically pursuant to Section 240.43 of the Criminal Procedure Law (the "CPL"), the People are directed to make such disclosure no later than three days prior to the first date scheduled for the commencement of trial of this matter exclusive of Saturdays, Sundays and Holidays.

This Court reminds the people of the continuing nature of the obligation pursuant to both **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194 (1963), and **People v. Rosario**, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961).

## CONCLUSION

The foregoing constitutes the decision and order of this Court.

**DATED: JULY 23, 2001**

*[signature]*

PATRICIA ANNE WILLIAMS
ACTING JUSTICE OF THE
SUPREME COURT

# EXHIBIT Y

INDICTMENT

38/ 5/29/01

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

*Pat Williams*

---

PEOPLE OF THE STATE OF NEW YORK
AGAINST

(J)  MAGANIELLO, ANTHONY - VFO
     DEFENDANT: 2001BX024949

---

INDICTMENT #: 2207-01

GRAND JURY #: 42140/2001

COUNTS

MURDER IN THE SECOND DEGREE  NG
~~MURDER IN THE SECOND DEGREE~~ not submitted
MANSLAUGHTER IN THE FIRST DEGREE  NG
~~CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE~~ not submitted

*Record Sealed*

*Bail Exonerated*

APRIL 26, 2001

A TRUE BILL

_____
FOREPERSON

ROBERT T. JOHNSON
DISTRICT ATTORNEY

FIRST COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANT ANTHONY MAGANIELLO OF THE CRIME OF MURDER IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, ANTHONY MAGANIELLO, ON OR ABOUT FEBRUARY 12, 2001, IN THE COUNTY OF THE BRONX, WITH INTENT TO CAUSE THE DEATH OF A PERSON, DID CAUSE THE DEATH OF ALBERT ACOSTA BY SHOOTING HIM WITH A LOADED FIREARM.

SECOND COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANT ANTHONY MAGANIELLO OF THE CRIME OF MURDER IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, ANTHONY MAGANIELLO, ON OR ABOUT FEBRUARY 12, 2001, IN THE COUNTY OF THE BRONX, UNDER CIRCUMSTANCES EVINCING A DEPRAVED INDIFFERENCE TO HUMAN LIFE, DID RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A GRAVE RISK OF DEATH TO ANOTHER PERSON, AND THEREBY CAUSED THE DEATH OF ALBERT ACOSTA, BY SHOOTING HIM WITH A LOADED FIREARM.

THIRD COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANT ANTHONY MAGANIELLO OF THE CRIME OF MANSLAUGHTER IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, ANTHONY MAGANIELLO, ON OR ABOUT FEBRUARY 12, 2001, IN THE COUNTY OF THE BRONX, DID CAUSE THE DEATH OF ALBERT ACOSTA, WHILE ACTING WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO THAT PERSON, BY SHOOTING HIM WITH A LOADED FIREARM.

FOURTH COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANT ANTHONY MAGANIELLO OF THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, ANTHONY MAGANIELLO, ON OR ABOUT FEBRUARY 12, 2001, IN THE COUNTY OF THE BRONX, DID POSSESS A LOADED FIREARM WITH INTENT TO USE UNLAWFULLY AGAINST ANOTHER.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

ROBERT T. JOHNSON

DISTRICT ATTORNEY

GRAND JURY REPORT

COUNTY: BRONX

| INDICTMENTS# | GRAND JURY # 42140/2001 FINDING: INDICTED |
|---|---|
| DEFENDANTS | CORRESPONDING DOCKETS |
| 1. MAGANIELLO, ANTHONY | 2001BX024949 |

INDICTMENT CHARGES:

MURDER IN THE SECOND DEGREE
P.L. 125.25(1)
MURDER IN THE SECOND DEGREE
P.L. 125.25(2)
MANSLAUGHTER IN THE FIRST DEGREE
P.L. 125.20(1)
CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE
P.L. 265.03(2)

SCHEDULED ARRAIGNMENT DATE:

ARRAIGNMENT PART:

OTHER ASSOCIATED INDICTMENTS:

DATE COMPLETED: APRIL 26, 2001

ADA: CHRISTINE SCACCIA

BUREAU: TRIAL DIVISION

# EXHIBIT Z

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF THE BRONX: CRIMINAL TERM: PART 38**
-----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK     :

         - against -     :     Indictment No. 2207-01
                                                  Supplemental
                                                  Decision & Order

ANTHONY MANGANIELLO     :

                     **Defendant.**
-----------------------------------------------------------------X

**PATRICIA ANNE WILLIAMS, J.:**

On July 23, 2001 this Court issued an Opinion with respect to the defendant's Omnibus motion in which it reserved decision on that aspect of the Grand Jury minutes addressed to the proceedings before the Grand Jury insofar as the integrity of that body may have been impaired pending receipt of information from the People as to whether or not the key witness in those proceedings had some cooperation agreement with the People.[1] The People responded timely to this Court's inquiry. The People's response has answered the Court's question in the affirmative, although representing that the agreement in question is allegedly addressed only to unrelated but ongoing narcotics investigations.

In urging this Court to find the proceedings before the Grand Jury to be proper in every way, the People have cited the holdings of the Court of Appeals in **People v. Mitchell**, 82 N.Y.2d 509, 605 N.Y.2d 655 (1993) [ a case in which this Court was the trial-level court that dismissed the Indictment with leave to re-present] and **People v. Lancaster**, 69 N.Y.2d 20, 511 N.Y.S.2d 559 (1986) in which the Court of Appeals noted

---

[1] That decision is incorporated herein by reference and made a part hereof.

-2-

the broad discretion of the People in presenting their case to a Grand Jury and the absence of any requirement that they present evidence tending to exculpate the defendant. However, the People concede that the existence of the said cooperation agreement is not "exculpatory" in the true sense of that word, but rather is germane to issues of credibility. Thus, the sole question before this Court is whether under circumstances such as the ones presented, the People's failure to present evidence of that agreement in some way impaired the integrity of the Grand Jury.

Authority on this precise issue of whether evidence which is otherwise merely impeaching in nature becomes crucially important where the witness before the Grand Jury is "virtually indispensable" to the People's presentation is sparse. It is abundantly clear that since it is the People in whom is vested the authority to prosecute, that their discretion as to how, when and in what manner to do so is broad, and that they need not present exculpatory evidence except in certain narrowly defined circumstances. However, there is some authority that where a sole witness provides the only nexus establishing the proposed defendant's participation in and commission of a crime, the People may very well have a duty to disclose matters which might "materially influence" the Grand Jury's deliberations. Thus, in **People** v. **Emil Sorenson**, 10/2/91 N.Y.L.J., p. 29 col. 4-5 (S. Ct., Richmond County.), shortly after his Grand Jury testimony, a witness pleaded guilty upon the express representation that the terms of his cooperation agreement with the People would be considered along with the People's recommendation as to the sentence to be imposed. The Court there found that the non-disclosure of the cooperation agreement coupled with the witness' waiver of

-3-

immunity before the Grand Jury resulted in the bolstering of his credibility before the Grand Jury.[2] Finding, under the specific facts of that case, that the non-disclosure of the agreement "so impaired the integrity of these proceedings as to warrant dismissal of the Indictment", the Court did so granting leave to represent.

Approximately two and one-half weeks subsequent to the publication of the decision in **Sorenson**, a court of coordinate jurisdiction, ruling upon a similar issue ruled that such a non-disclosure was not fatal to the Grand Jury presentation. **People v. Charles Gallman,** 152 Misc. 2d 1033, 579 N.Y.S. 2d 561 (Queens County November 1991). In this case, the witness who was an accomplice to the crime, was the only witness to not only place the defendant at the scene of the murder (many other witnesses had so testified) but also provided evidence which would tend to connect him with the shooter. The witness had entered into a cooperation agreement with the People pursuant to which he was "in effect, granted immunity... for certain prior crimes" and which "limited his jail exposure for his current arrest." No mention of this agreement was made when the witness testified before the Grand Jury.

The **Gallman** court, in an exhaustive and cogent review of the applicable law, noted that the seminal case of **People v. Bartolomeo**, 126 A.D. 2d 375, 513 N.Y.S.2d 981, *lv. denied*, 70 N.Y.2d 702, 519 N.Y.S.2d 1037 (1987) had held that while not generally required, such disclosure "might be necessary if the withholding of such evidence would *materially influence* the Grand Jury's investigation." [emphasis added].

---

[2]The witness in the instant case was neither an accomplice to the crimes charged nor did he testify pursuant to a waiver of immunity.

-4-

Based upon its review of those few cases dealing with the area of the "material influence" exception to the general rule of no requirement to disclose such impeachment matters, the **Gallman** court developed a two-prong test for such situations. In the exact words of Justice Golia, ". . . a District Attorney would have a duty to disclose the existence of a cooperation agreement to the Grand Jury if: 1) the witness's testimony is vital and not cumulative; and 2) the failure to present credibility evidence, *i.e.*, the cooperation agreement, is so material to the case as to constitute a deception of the Grand Jury." This court sees no reason not to adopt this test.

Applying that test, this Court also agrees with the distinction made by the Honorable Justice Golia between exculpatory and impeachment evidence. Utilizing these principles, this Court now finds that the People's failure to disclose the cooperation agreement between themselves and the witness was not an omission which would "materially influence" the Grand Jury's investigation. Although the terms of the cooperation agreement as well as the facts as set forth in the People's Supplemental Affirmation to which it is attached as an Exhibit are sufficiently non-specific as to raise questions, the fact is that, as in **Gallman**, the nature of the evidence presented to the Grand Jury was itself sufficient to put in issue the witness' credibility. **See, People v. Robert Murphy**, 9/16/94 N.Y.L.J., p. 30 col. 2. All other questions relating to the cooperation agreement as it affected the witness' credibility are properly reserved to the trial of this matter before a Petit Jury and/or a Judge.

While this Court's July 23, 2001 Opinion stated that the Court was reserving decision on the sufficiency of the evidence presented before the Grand Jury, that was

-5-

not accurate. In fact, the evidence submitted to the Grand Jury was at all times sufficient to support the charges contained in the instant Indictment. Based upon the foregoing discussion, the sole issue before this Court with respect to the Grand Jury has been resolved in favor of the People in that this Court finds that no improprieties before that body occurred and that the integrity of the Grand Jury was not impaired. Finally, this Court finds that the legal instructions given to the Grand Jury were adequate to advise that body of the applicable law. Therefore, all aspects of the defendant's omnibus motion addressed to the proceedings before the Grand Jury are denied in all respects.

## CONCLUSION

The foregoing constitutes the decision and order of this Court.

DATED: AUGUST 6, 2001

_____
PATRICIA ANNE WILLIAMS
ACTING JUSTICE OF THE
SUPREME COURT