EXHIBIT **4**

1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF THE BRONX: CRIMINAL TERM: PART 38**
------------------------------------------------------------------------X
**THE PEOPLE OF THE STATE OF NEW YORK**          :

                  **- against -**

                                          :

**ANTHONY MANGANIELLO**

                               **Defendant.**          :
------------------------------------------------------------------------X

**Indictment No. 2207-01**
**Decision & Order**

**PATRICIA ANNE WILLIAMS, J.:**

       On May 7, 2001, the defendant Anthony Manganiello was indicted and charged with two counts of Murder in the Second Degree and other related charges.[1]  It is alleged that the defendant shot and killed one Albert Acosta on February 12, 2001 at approximately 10:26 P.M. at 1700 Metropolitan Avenue in the Bronx.  This case first appeared before this Court Part on May 29, 2001, at which time the following schedule was set for the filing of defense motions: the defendant was to file any motions by July 2, the People were to respond by July 16, and the case was adjourned to July 24.  The parties were instructed that, based upon the facts which were disclosed to the court, they should be ready for a probable **Wade/Mapp** hearing.

       The defendant filed the instant omnibus motion on June 29, requesting the following relief: (1) Inspection of the Grand Jury minutes and dismissal or reduction of the charges contained in the instant Indictment and release of the minutes to the Suppression of all evidence and testimony relating to any and all identifications made of

---

      [1]  The specific charges contained in the Indictment are as follows: two counts of Murder in the Second Degree, in violation of Sections 125.25(1) and 125.25(2) of the Penal Law (the "PL"); and one count each of Manslaughter in the First Degree [PL § 125.20(1)]; and Criminal Possession of a Weapon in the Second Degree [PL § 265.03(2)].

the defendant; (3) Suppression of any and all statements attributed to the defendant as being involuntarily made; (4) Preservation and disclosure of any exculpatory material pertaining to the defendant as well as any written notes, memos, drawings, summaries, and/or other documents prepared in connection with this case; and (5) Disclosure and preclusion of the use at trial by the People of any prior bad acts of the defendant. The People have responded in general opposition to the instant motion. However, they consent to the holding of hearings pursuant to **United States v. Wade**, 388 U.S. 218, 87 S. Ct. 1926 (1967); and **People v. Huntley,** 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965). Having considered the submissions of both parties, this Court now makes the following rulings.

  This Court has received and reviewed the Grand Jury minutes. Accordingly, that aspect of the defendant's motion is granted. The evidence before the Grand Jury consisted of the testimony of seven witnesses, three of whom were civilian witnesses. The People also entered into evidence the Medical Examiner's report regarding the deceased victim. The evidence before the Grand Jury is purely circumstantial, i.e. there is no testimony that anyone saw or heard the defendant shoot the deceased, nor is there any link between the defendant and the apparently unrecovered murder weapon, nor did the defendant make an exculpatory statement. There **is** testimony concerning the defendant's presence at the scene of the crime immediately after the fatal shots were fired; however his presence is not distinguishable from that of at least two other individuals who were also present at the scene at the same time. Other testimony that connects the defendant in anyway with any shooting is the testimony from another civilian witness that the defendant was heard asking an unidentified co-worker if he knew anybody selling a gun. In addition, there is testimony from several police officers regarding the fact that the defendant's uniform was dusty. However, there is no connection between the dust on the defendant's uniform and anything else.

3

This evidence alone is insufficient to make out a *prima facie* case that this defendant shoot and killed Albert Acosta.

There is, however, some evidence which tends to connect this defendant to this crime. That evidence is the testimony of a third civilian witness who testified before the Grand Jury concerning two statements of the defendant made some months prior to the events at issue and in which the defendant stated his intention to kill another unidentified security officer. Obviously, this piece of evidence is essential to this entirely circumstantial case. The circumstances surrounding this witness' testimony suggests, at least to this Court, that some agreement may have been reached between the People and this witness with regards to his testimony. However, any such agreement, if one exists, was not disclosed to the Grand Jury. The existence of any such agreement would clearly be crucially relevant to the Grand Jury's ability to judge the credibility of this witness. Accordingly, this Court reserves decision on whether the evidence presented to the Grand Jury was legally sufficient. The People are hereby instructed to inform this Court of whether any such agreement exists, and if so, the parameters of that agreement within 48 hours of the date of this decision.

With respect to the defendant's motion to suppress identifications made of him as well as statements attributed to him, that motion is granted to the extent that a combined hearing will be held pursuant to **Dunaway v. New York**, 442 U.S. 200, 99 S. Ct. 2248 (1979); **United States v. Wade**, 388 U.S. 218, 87 S. Ct. 1926 (1967); and **People v. Huntley,** 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965); which is hereby ordered in aid of the decision of the said application.

As to the request for the disclosure of any and all instances of uncharged crimes, vicious and immoral acts of the defendant which the People may wish to use at trial, decision with respect to the use of such material is reserved to the discretion of the trial court. However, disclosure of the details of any and all instances of uncharged crimes,

4

vicious and immoral acts of the defendant which the People may wish to use at trial is granted, but not within the time period requested. Rather, and specifically pursuant to Section 240.43 of the Criminal Procedure Law (the "CPL"), the People are directed to make such disclosure no later than three days prior to the first date scheduled for the commencement of trial of this matter exclusive of Saturdays, Sundays and Holidays.

This Court reminds the people of the continuing nature of the obligation pursuant to both **Brady v. Maryland,** 373 U.S. 83, 83 S.Ct. 1194 (1963), and **People v. Rosario,** 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961).

## CONCLUSION

The foregoing constitutes the decision and order of this Court.

DATED: JULY 23, 2001

**PATRICIA ANNE WILLIAMS
ACTING JUSTICE OF THE
SUPREME COURT**