# EXHIBIT 35

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY: Part 38
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                              SUPPLEMENTAL AFFIRMATION

          - against -

                              INDICTMENT NO. 2207/2001

Anthony Manganiello,

               Defendant.

-------------------------------------------------------------------X

        Mary D'andrea, under penalty of perjury and pursuant to Rule 2106 of the CPLR, hereby affirms and states:

        That I am an Assistant District Attorney in the Office of Robert T. Johnson, District Attorney of Bronx County and am submitting this affirmation as directed by this Court. I base this affirmation on information and belief founded upon the records maintained in this matter by this Court and my Office, which I believe to be true and accurate.

        On July 23, 2001, the Court directed the People to provide additional information before it makes its determination regarding defendant's motion to inspect and dismiss the above indictment. Specifically, this Court wanted to know whether an agreement had been reached between the People and the civilian witness who provided a direct nexus between the crime and this defendant. This civilian witness did in fact enter into a cooperation agreement with law enforcement, but under the following circumstances:



1) The witness pled guilty to attempted gun possession on 2000 and was promised four years incarceration. Subsequent to that date the witness agreed to work with Detective Derrick Parker in the investigation of unrelated narcotics cases.

2) While in prison, this witness made law enforcement aware that he had information regarding the murder of Security Officer Albert Acosta.

3) On March 19, 2001, an agreement was made with the defendant, who, in essence agreed to cooperate, and would be released to do so on the understanding that he would be returned to incarceration afterwards. His sentence was not to be affected. This was reduced to writing ( see attached). The agreement was not made to insure his testimony in this case, but rather to set up parameters regarding his parole and activities with law enforcement.

4) At this point the witness had already served most of his four-year sentence. His testimony was not in any was a condition precedent to any deal made in return for his testimony in the instant case.

The Court of Appeals has established in People v. Mitchell 82 NY2d 509 (1993) and People v Lancaster, 69 NY2d 20, that "the People maintain broad discretion in presenting their case to Grand Jury and need not seek evidence favorable to defendant or present all of their evidence tending to exculpate the

- 2 -

accused." Certainly this "agreement" is less than "exculpatory," but at most it might be considered to be a factor which a trial jury might consider in assessing the witness's credibility.

Wherefore, the People respectfully request the defendant's motion be denied in its entirety.

\

Respectfully submitted,

*Mary O'Andrea*

Mary D'Andrea

Bureau Chief, Trial Division

March 19, 2001

It is hereby agreed by and between the parties that
who has pled guilty under indictment number          to Attempted Criminal Possession of a
Weapon, a class E Felony and was originally promised a sentence of four (4) years incarceration
will be released pending sentence with the following conditions: (**ANY VIOLATION OF
THESE CONDITIONS WILL RESULT IN A WARRANT BEING ISSUED FOR MR.
ALLSTON AND THE ORIGINAL SENTENCE BEING IMMEDIATELY IMPOSED**)

1) That         refrain from any illegal activity. Failure to do so will result in his immediate incarceration;

2) That         not be arrested     any violation of any Penal Code Section;

3) That         contact Det. Derreck Parker of the New York City Police Department Intelligence Division at least once a day, everyday to inform said Detective of his whereabouts;

4) That         keep each and every appointment with ADA Christine Scaccia; the first one being March 26, 2001 at 11:00 AM at 198 E161st Street, Bronx, New York on the 8th Floor;

5) That         keep each and every court date;

6) That            remain fully cooperative in every aspect of the pending investigation;

7) The            will have every opportunity to have his attorney present at any meeting and/or conversation;

8) That at the time of sentence            will be delivered to Downstate Correctional Facility to have his time calculated and to be processed for his release;

9) That at the time of sentence the question of what sentence will be imposed will be addressed by and between all parties, with the understanding that on the instant case            would never receive more than the already promised 4 years (excluding any new charges), but could receive less;

10) That this document will be signed by            and his attorney Mr. Dowling in open court and that I, Christine Scaccia, will have already signed this agreement. That a copy of said agreement will be maintained by the Court, the District Attorney and Mr. Dowling

_____
ADA CHRISTINE SCACCIA


_____


_____
WILLIAM J. DOWLING

INDICTMENT NUMBER 2207/2001

THE PEOPLE OF THE STATE OF NEW YORK

- against -

Anthony Manganiello

Defendant.

"SUPPLEMENTAL AFFIRMATION"

ROBERT T. JOHNSON
DISTRICT ATTORNEY
BRONX COUNTY