UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY MANGANIELLO,

|  |  |
|---|---|
| | Plaintiff, |
| -against- | |
| THE CITY OF NEW YORK, et al., | |
| | Defendants. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CONTESTED FACTS PURSUANT TO RULE 56.1(b)**

07 Civ. 3644 (HB)

------------------------------------------------------------------------ x

Pursuant to Local Rule 56.1(b) of this Court, defendants City of New York, retired Detective Luis Agostini, retired Detective Shawn Abate, retired Detective Derek Parker, retired Lieutenant Harry Scott (sued herein as "Lt. Henry Scott"), retired Police Officer Alex Perez, retired Police Officer Miriam Nieves, Inspector Michael Phipps, Lieutenant John McGovern, retired Detective Richard Martinez (sued herein as "Robert Martinez"), and retired Deputy Inspector Geryl McCarthy, respectfully submit this statement in response to Plaintiff's Statement Pursuant to Local Rule 56.1 dated May 13, 2008.

73. Deny. This is not a contested issue of material fact. Plaintiff admits that he was assigned to patrol a different area from Albert Acosta. (See Pl. Ex. 1, p. 111).

74. Admit that Parkchester Security guards patrol areas alone.

75. Admit that plaintiff patrolled a different area from Albert Acosta.

76. Deny. The evidence cited to by plaintiff does not support the statement alleged by plaintiff. The clear testimony by plaintiff is that names are not supposed to be used over the radio. (See Pl. Ex. 1, p. 124).

77. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

78. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

79. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

80. Deny. The statement asserted by plaintiff is not supported by the evidence cited to. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

81. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment, but admit that plaintiff left the building prior to when the shots were fired.

82. Deny. The statement is not supported by the evidence cited to as plaintiff has no evidence to support his allegation as to what Officers Rodriguez or Ortiz observed.

83. Deny. Plaintiff's statement is a deliberate false representation of the clear documentary and testimony evidence submitted in bad faith in violation of Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Rule 11"). Detective Agostini testified that he did not become aware of a witness who observed plaintiff re-enter 1700 Metropolitan Avenue. (See Pl. Ex. 3, p. 261). Plaintiff presents no evidence whatsoever that there was no such witness. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment, because plaintiff testified that he accessed the basement to 1700 Metropolitan Avenue by entering through the adjoining building located at 1690 Metropolitan Avenue and, therefore, would not have been seen. (See Deposition of Anthony Manganiello dated December 12, 2007, p. 115, attached as Exhibit "AA" to the Supplemental Declaration of Hillary A. Frommer dated May 21, 2008).

2

84. Deny. The statement is not supported by the evidence cited to. The evidence relied on by plaintiff provides only that Mr. Grimes did not tell the police that he saw plaintiff outside of 1700 Metropolitan Avenue. (See P. Ex. 30). Plaintiff presents no evidence whatsoever that Mr. Grimes did not see plaintiff. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment, because plaintiff testified that he accessed the basement to 1700 Metropolitan Avenue without being seen by entering through the adjoining building located at 1690 Metropolitan Avenue. (See Defs. Ex. AA).

85. Deny. Plaintiff failed to present his memo book to the Court which contains the alleged notations or any proof thereof and does not satisfy the "best evidence rule."

86. Deny. The evidence establishes that plaintiff radioed at 10:15 a.m., after the shots were fired at 10:10 a.m., that he requested a personal break to the west side. (See Defs. Ex. D; Pl. Ex. 28, CL3).

87. Deny. Plaintiff's statement is a deliberate false representation of the clear documentary and testimony evidence submitted in bad faith in violation of Rule 11. The evidence establishes that the first time there was ever a radio transmission identifying the victim as a Parkchester Security Guard was at 10:22 a.m., 7 minutes after Walter Cobb called 911 and stated that there was a man down who could be either a police officer or a security guard, and 7 minutes after S.P.O. Colon broadcast over the Parkchester Security Radio that there was an unidentified man down in the basement of 1700 Metropolitan Avenue. The evidence also establishes that Sergeant Ohle contacted the Parkchester Security Dispatcher over his personal radio. (See Defs. Ex. B; Ex. K).

88. Deny. Plaintiff's statement is a deliberate false representation of the clear documentary and testimony evidence submitted in bad faith in violation of Rule 11. The evidence establishes that S.P.O. Colon did not know the identify of the man down in the basement when he broadcast over the radio to all Parkchester Security guards that there was a man down in the basement of 1700 Metropolitan Avenue. (See Defs. Ex. K). Plaintiff fails to present any admissible evidence to support his conclusory allegation that S.P.O. Colon had an "understanding" that Albert Acosta was the victim.

89. Deny. Albert Acosta was lying face down on the floor. (See Defs. Ex. A). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

90. Deny.  The statement is not supported by the evidence cited to. Inspector McCarthy testified that she was present at the scene to ensure that the crime scene unit was performing its job, and canvasses were being conducted. Inspector McCarthy testified that she was not responsible for conducting or participating in the investigation.  (See Defs. Ex. V). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

91. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

92. Deny. Plaintiff's statement is a deliberate false representation of the clear testimony evidence made in bad faith and in violation of Rule 11.  Lieutenant Scott testified that he could not remember what specific evidence of which he was personally aware on February 12, 2001, over seven years ago that linked plaintiff to the homicide.  (See Pl. Ex. 23). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule

56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested on February 12, 2001 and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

93. Deny. Plaintiff's statement is a deliberate false representation of the clear testimony evidence made in bad faith and in violation of Rule 11. The uncontested evidence establishes that both Lieutenant Scott and Detective Agostini testified that plaintiff was not a target or a suspect. (See Pl. Ex. 3, p. 31; Pl. Ex. 23). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was targeted or falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

94. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

95. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

96. Deny. Plaintiff's statement is a deliberate false representation of the clear testimony evidence made in bad faith and in violation of Rule 11. Inspector McCarthy testified that on February 12, 2001 she was not personally informed of what facts existed that linked plaintiff to the homicid. (See Pl. Ex. 31). Contrary to plaintiff's false representation, the evidence

clearly shows that Inspector McCarthy did not testify that there was no probable cause for an arrest on February 12, 2001. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

97. Deny that whether Inspector McCarthy was the highest ranking officer at the scene of the homicide on February 12, 2001 is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Deny that the statements alleged regarding Lieutenant McGovern's testimony are not supported by the evidence cited to by plaintiff and plaintiff has deliberately falsely represented the clear testimony evidence in violation of Rule 11. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

98. Deny. Plaintiff's statement is a deliberate false representation of the clear testimony evidence made in bad faith and in violation of Rule 11 in that the clear evidence shows that Lieutenant McGovern specifically testified that he did not remember his specific actions on February 12, 2001, over seven years ago. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 a are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

99. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001, are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

100.    Deny. The statement alleged by plaintiff is not supported by the evidence cited thereto and must be disregarded by this Court. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001, are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

101.    Deny. Plaintiff has deliberately falsified the clear documentary and testimony evidence presented in the record in bad faith and in violation of Rule 11 and must be disregarded by the Court. The evidence specifically relied on by plaintiff evidences that Sergeant Ohle did not make any statements to Detective Agostini. That evidence establishes that plaintiff himself allegedly told Detective Agositini that he had no problems with Albert Acosta. (See Pl. Ex. 3, p. 52).

102.    Deny. Plaintiff either refused to answer or provided evasive answers to Detective Agostini's questions. (See Pl. Ex. 3, pp. 51-54). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

103.    Id.

104.    Id.

105.    Deny. Detective Agostini did not falsify any statements or documents. (See Defs. Ex. R).

106.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001, are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

107.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that plaintiff has deliberately misrepresented the clear evidence which establishes that as of the time plaintiff was prosecuted by the Bronx County District Attorney's Office, the Assistant District Attorney had seen the entire case file. The case file was not discovered to be missing until January 2003 after plaintiff was indicted and after Detective Agostini left the 43rd Precinct Detective Squad. (See Defs Ex, I, p. 127; Pl. Ex. 3, p. 119).

108.    Deny. Plaintiff has deliberately falsified the clear documentary and testimony evidence in bad faith and in violation of Rule 11 as the evidence shows no information concerning Anthony Manganiello was withheld from the District Attorney's Office, and the Assistant District Attorney had access to and saw the entire case file before plaintiff was indicted by a Grand Jury in April 2001. (See Defs. Ex. R; Deposition of Assistant District Attorney Christine Scaccia dated May 2, 2008, pp. 20-22, attached as Exhibit "BB" to the Supplemental Declaration of Hillary A. Frommer dated May 21, 2008).

109.    Deny. Plaintiff either refused to answer or provided evasive answers to Detective Agostini's questions. (See Pl. Ex. 3, pp. 51-54). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

110.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

111.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

112.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

113.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims

that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

114.    Deny. Plaintiff deliberately falsely represented the testimony of Inspector McCarthy in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. Defendants further deny that is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

115.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

116.    Deny. This statement is not supported by the evidence cited to by plaintiff. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

117.    Deny. Plaintiff deliberately falsely represented the testimony of Inspector McCarthy in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its

entirety to support plaintiff's false statement. The evidence cited to by plaintiff establishes that neither Detective Agostini nor Detective Abate became suspicious of plaintiff because a lawyer arrived at the precinct. (See Pl. Ex. 3; Ex 29). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

118.    Deny. Plaintiff deliberately falsely represented the testimony of Inspector McCarthy in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

119.    Deny. Plaintiff deliberately falsely represented the testimony of Inspector McCarthy in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. The evidence cited to by plaintiff clearly establishes that Detective Agostini did not become suspicious of plaintiff because a lawyer appeared at the precinct. (See Pl. Ex. 3). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

120.    Deny. Plaintiff's statement must be rejected by this Court because plaintiff cannot rely on a self-serving affidavit containing facts that directly contradict prior sworn testimony in order to create an issue of fact to overcome summary judgment. Perma Research & Development Co. v. Singer Co., 410 F.3d 572, 783 (2d Cir. 1969). The testimony of Mario Manganiello establishes that he was not present with attorney Richard Ross during the entire time Mr. Ross was at the precinct on February 12, 2001 and, in fact, did not hear everything that Mr. Ross said to the police. (See Deposition of Mario Manganiello, pp. 62-63, attached as Exhibit "CC" to the Supplemental Declaration of Hillary A. Frommer dated May 21, 2008). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

121.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

122.    Deny. Plaintiff's statement is not supported by the evidence cited to by plaintiff, as plaintiff admitted in sworn testimony that he never requested at lawyer during the entire time he was at the 43rd Precinct on February 12, 2001. (See Defs. Ex. AA, p. 171). Defendants further deny that is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a

matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

123.    Deny. Plaintiff's statement is not supported by the evidence cited to by plaintiff. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

124.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. The evidence cited to by plaintiff does not support plaintiff's false statement. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

125.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. The evidence cited to by plaintiff does not support plaintiff's false statement. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are

barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

126.    Deny. Plaintiff deliberately falsely represented the testimony Detective Agostini in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. The evidence cited to by plaintiff does not support plaintiff's false statement. The evidence cited to by plaintiff clearly establishes only that Detective Agostini testified that plaintiff was placed in a holding cell, but that Detective Agostini did not make the decision to place plaintiff in the holding cell. (See Pl. Ex. 3). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

127.    Deny. Plaintiff presents no evidence to support that false statement as it is not supported by the evidence cited to by plaintiff. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

128.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

129.    Deny. The evidence cited to and relied on by plaintiff establishes only that Lieutenant Scott testified that the District Attorney must authorize an arrest. (See Pl. Ex. 23). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

130.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

131.    Deny. Plaintiff deliberately falsely represented the testimony of Detective Martinez in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. The evidence cited to by plaintiff clearly establishes that Detective Martinez testified as to his understanding of the definition of probable cause. (See Pl. Ex. 30). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

132.    Deny. Plaintiff's statement is not supported by the evidence cited to and relied on by plaintiff, as Lieutenant Scott testified that plaintiff was not arrested on February 12, 2001. (See Pl. Ex. 3). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

133.      Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

134.      Deny. Plaintiff deliberately falsely represented the testimony Detective Agostini in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff fails in its entirety to support plaintiff's false statement. The evidence cited to by plaintiff clearly establishes only that Detective Agostini testified that plaintiff was placed in a holding cell, but that Detective Agostini did not make the decision to place plaintiff in the holding cell.  (See Pl. Ex. 3).  Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

135.      Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement, as plaintiff attempts to imply that he was placed in a holding cell only after speaking with an attorney, which is not supported by the evidence. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

136.      Deny that this is a material  issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim

that he was falsely arrested on February 12, 2001, is barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

      137.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

      138.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court. Defendants further deny and object to this statement as the allegations of alleged actions taken by any of the defendants towards Mario Manganiello are irrelevant as Mario Manganiello is not a plaintiff to this action and any allegations are barred as a matter of law pursuant to <u>Wallce v. Kato</u> and pursuant to Rule 404(b) of the Federal Rules of Civil Procedure.

      139.    <u>Id</u>.

      140.    <u>Id</u>.

      141.    <u>Id</u>.

      142.    <u>Id</u>.

      143.    <u>Id</u>.

      144.    <u>Id</u>.

      145.    <u>Id</u>.

      146.    <u>Id</u>.

      147.    <u>Id</u>.

148.    Deny that this is a material issue fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claim that he was falsely arrested on February 12, 2001, is barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

149.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The clear evidence shows that Detective Agonstini did not fabricate any evidence nor presented the District Attorney's Office with any inconsistent Evidence. (See Defs. Ex. R; Ex. BB).

150.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence establishes that the District Attorney's Office had viewed and had access to all of the documents and notes prepared by the police prior to the decision by the District Attorney's Office to arrest plaintiff and seek an indictment against plaintiff in April 2001. (See Defs. Ex. BB, pp. 20-22; Ex. I, p. 127). The evidence clearly establishes that certain documents were not inadvertently misplaced until January 2003, after plaintiff was indicted. (See Defs. Ex I).

151.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence establishes that after Albert Acosta died on February 12, 2001, Detective Agostini was assigned as the case detective in charge of the homicide investigation. (See Defs. Ex. I).

152.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence establishes that the District Attorney's Office had viewed and had access to all of the documents and notes prepared by the police prior to the decision by the District Attorney's Office to arrest plaintiff and seek an indictment against plaintiff in April 2001. (See Defs. Ex. BB, pp. 20-22; Ex. I, p.127. The evidence clearly establishes that certain documents were not inadvertently misplaced until January 2003, after plaintiff was indicted. (See Defs. Ex I).

153.    Id.

154.    Id.

155.    Id.

156.    Id. Defendants further deny and object to this statement because it is well settled that a prosecutor and not a police officer has the sole responsibility to provide exculpatory evidence to a criminal defendant. Kyles v. Whitley, 514 U.S. 419 (1995).

157.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence establishes that the District Attorney's Office had viewed and had access to all of the documents and notes prepared by the police, including the alleged search warrant prior to the decision by the District Attorney's Office to arrest plaintiff and seek an indictment against plaintiff in April 2001. (See Defs. Ex. BB, pp. 20-22; Ex. I, p. 127). The evidence clearly establishes that certain documents were inadvertently misplaced in January 2003, after plaintiff was indicted. (See Defs. Ex I). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which

precludes summary judgment because plaintiff's claims that he was falsely arrested, subjected to an unlawful search, and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

158.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.   The evidence establishes that the District Attorney's Office had viewed and had access to all of the documents and notes prepared by the police prior to the decision by the District Attorney's Office to arrest plaintiff and seek an indictment against plaintiff in April 2001. (See Defs. Ex. BB, pp. 20-22). The evidence clearly establishes that certain documents were not inadvertently misplaced until January 2003, after plaintiff was indicted. (See Defs. Ex I).

159.    Id.

160.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.   The evidence establishes that the District Attorney's Office had viewed and had access to all of the documents and notes prepared by the police prior to the decision by the District Attorney's Office to arrest plaintiff and seek an indictment against plaintiff in April 2001. (See Defs. Ex. BB, pp. 20-22; Ex. I, p 127; Ex. DD).

161.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.

162.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

163.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement and is falsely presented to deliberately mislead the Court. The evidence plaintiff cites to clearly establishes that it was proper procedure for evidence to be vouchered on a day other than when it was recovered. (See Pl. Ex. 3).   Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because there can be no constitutional violation of an alleged failure to follow police procedures. Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996). Additionally, defendants deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under Wallace v. Kato, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

164.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and to mislead the Court in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false.  The evidence relied on by establishes that it was proper procedure to maintain a file outside of the Detective Squad file cabinet. (See Pl. Ex. 24). Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because there can be no constitutional violation of an alleged failure to follow police procedures. Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996).

165.    <u>Id</u>.

166.    <u>Id</u>.

167.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and to mislead the Court in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false.  The evidence relied on by establishes that the police case file was not stored in a personal locker room. (See Pl. Ex. 23).   Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because there can be no constitutional violation of an alleged failure to follow police procedures. <u>Salim v. Proulx</u>, 93 F.3d 86, 92 (2d Cir. 1996). Additionally, defendants deny and object to this statement on the grounds that any claim by plaintiff that his constitutional rights were violated in January 2003 when it was discovered that the file could not be located are barred as a matter of law pursuant to <u>Wallace v. </u>Kato, 27 S. Ct. 1091 (2007) and must be disregarded by this Court.

168.    <u>Id</u>.

169.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and to mislead the Court in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false.  The evidence relied on by establishes that Lieutenant Scott testified that there may have been renovations to the 43rd Precinct after he left the precinct. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) because there can be no constitutional violation of an alleged failure to follow police procedures. <u>Salim v. Proulx</u>, 93 F.3d 86, 92 (2d Cir. 1996). Additionally, defendants deny and object to this statement on the grounds that any claim that plaintiff's constitutional rights were violated in January 2003 when it was discovered that the file could not be located are

barred as a matter of law pursuant to <u>Wallace v.</u> Kato, 27 S. Ct. 1091 (2007) and must be disregarded by this Court.

170.    <u>Id</u>.

171.    <u>Id</u>.

172.    <u>Id</u>.

173.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.   The evidence establishes that the District Attorney's Office had viewed and had access to all of the documents and notes prepared by the police prior to the decision by the District Attorney's Office to arrest plaintiff and seek an indictment against plaintiff in April 2001. (See Defs. Ex. BB, pp. 20-21). The evidence clearly establishes that certain documents were not inadvertently misplaced until January 2003, after plaintiff was indicted. (See Defs. Ex. I, p. 127).

174.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because plaintiff's claims that he was falsely arrested and his constitutional rights were violated on February 12, 2001 are barred as a matter of law under <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007) and must be disregarded by this Court.

175.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.   The evidence relied on by plaintiff which is uuncontested establishes that Assistant District Attorney Christine Scaccia personally interviewed Terrance

23

Alston who, voluntarily and without coercion, stated that he had information concerning the Acosta Homicide. The uncontested evidence further establishes that Assistant District Attorney Scaccia determined that Mr. Alston's information was credible and he was telling the truth. (See Pl. Ex. 16; Ex. 25; Defs. Ex. BB; Ex. DD).

176.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence establishes that the District Attorney's Office was aware of Mr. Alston's criminal background and it determined Mr. Alston to be a credible witness. (See Defs. Ex. BB; Ex. DD).

177.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence establishes that the District Attorney's Office was aware of Mr. Alston's criminal background and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

178.    Id.

179.    Id.

180.    Deny that Mr. Alston provided inconsistent statements. The evidence establishes that the District Attorney's Office was aware of Mr. Alston's criminal background and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

181.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.  The evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide, as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to prosecute and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22; Ex. DD). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

182.    Deny. Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.  The evidence cited to by plaintiff establishes that Detective Agostini did not discuss the motive for the homicide with Terrance Alston. (See Pl. Ex. 3).

183.    Deny. Plaintiff's statement is not supported by any admissible evidence. The Court must disregard plaintiff's alleged evidence because it is set forth only in a self-serving affidavit. Plaintiff cannot rely on a self-serving affidavit setting forth facts for the first time and created solely to oppose summary judgment, as such affidavit does not create an issue of fact. Brown v. Henderson, 257 F.3d 252 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997).

184.     <u>Id</u>.

185.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.

186.     <u>Id</u>.

187.     <u>Id</u>.

188.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence relied on by plaintiff establishes that Detective Agostini spoke with a supervisor about all of the facts of the police investigation. (See Pl. Ex. 3).

189.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

190.     Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.  The evidence cited to and relied on by plaintiff establishes that Lieutenant Scott did not remember the specific facts of the homicide investigation that occurred seven years prior.   (See Pl. Ex. 23). The evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to arrest plaintiff and seek an

indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

191.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment and is not supported by the evidence cited to by plaintiff.

192.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence cited to and relied on by plaintiff establishes that Lieutenant Scott did not remember the specific facts of the homicide investigation that occurred seven years prior. At his deposition he was merely asked to speculate about information of which he had no personal knowledge. (See Pl. Ex. 23). The evidence establishes that the District Attorney's Office was aware the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22; Ex. DD). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. B; Ex. DD).

193.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement. The evidence cited to and relied on by plaintiff establishes

that Lieutenant Scott did not remember the facts of the homicide investigation that occurred seven years prior. At his deposition he was merely asked to speculate about information of which he had no personal knowledge. (See Pl. Ex. 23). The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

194.    Id.

195.    Deny. Plaintiff's statement is not supported by the evidence cited to by plaintiff. The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

196.    Id. Defendants further deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

197.     Admit that Johnny Baker gave a statement to the District Attorney's Office.

198.     Plaintiff's statement does not contain a paragraph 198.

199.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

200.     Deny. The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Altston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

201.     Deny. Plaintiff's statement is not supported by the evidence cited to by plaintiff. The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth. (See Defs. Ex. BB; Ex. DD).

29

202.    Deny. Plaintiff's statement is not supported by the evidence cited to by plaintiff. The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth and did not lie to Detective Agostini. (See Defs. Ex. BB; Ex. DD).

203.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff does not support plaintiff's false statement.    The evidence establishes that Detective Agostini did verify the information provided to him and forwarded it to the District Attorney's Office. (See Defs. Ex. I). The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth and did not lie to Detective Agostini. (See Defs. Ex. BB; Ex. DD).

204.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence cited to by plaintiff relates in no way to Terrance Alston. (See Pl. Ex. 23).

205.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence establishes that Detective Agostini did verify the information provided to him and forwarded it to the District Attorney's Office. (See Defs. Ex. I). The uncontested evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed the documents generated by the police prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia personally interviewed Terrance Alston and determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth and did not lie to Detective Agostini. (See Defs. Ex. BB; Ex. DD).

206.     Id.

207.     Deny. The evidence relied on by plaintiff establishes that the District Attorney's Office made the sole decision to enter into an agreement with Terrance Alston. After Assistant District Attorney Scaccia personally interviewed Terrance Alston and determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth and did not lie to Detective Agostini. (See Defs. Ex. BB; Ex. DD).

208.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. The evidence relied on by plaintiff establishes that the District Attorney's Office made the sole decision to enter into an agreement with Terrance Alston. After Assistant District Attorney Scaccia personally interviewed Terrance Alston and determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth and did not lie to Detective Agostini. (See Defs. Ex. BB; Ex. DD).

209.    Deny. Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence establishes that Detective Agostini did not provide any inconsistent information to the District Attorney's Office regarding Terrance Alston. (See Defs. Ex. I; Ex. R; Ex. BB; Ex. DD).

210.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Plaintiff deliberately falsely represented the clear testimony evidence in bad faith and in violation of Rule 11 as the evidence establishes that the District Attorney's Office was aware of the information Mr. Alston provided to the police regarding the homicide as Assistant District Attorney Scaccia testified that she had reviewed all of the documents generated by the police and interviewed all witnesses, including Terrance Alston prior to making the decision to arrest plaintiff and seek an indictment against plaintiff. (See Defs. Ex. BB, pp 20-22). Additionally, the uncontroverted evidence established that Ms. Scaccia determined that the information Mr. Alston provided regarding the Acosta homicide was credible and Mr. Alston was telling the truth and did not lie to Detective Agostini. (See Defs. Ex. BB; Ex. DD).

211.    Deny. Plaintiff's statement is not supported by the evidence cited to by plaintiff and must be disregarded by this Court.

212.    Deny. Plaintiff deliberately falsely represented the documentary and testimony evidence in bad faith and in violation of Rule 11 as plaintiff relies solely on hearsay summaries set forth in a book written by Matt Diehl which is not related in any way to the Acosta homicide investigation.

213.    Id.

214.    Id.

215.    Id.

216.    Admit that Detective Parker was unaware of any agreement made between the District Attorney's Office and Terrance Alston. The uncontested evidence establishes that Detective Parker did not enter into any agreement with Terrance Alston. (See Defs. Ex. S; Ex. DD). The District Attorney's Office made the sole decision to enter into an agreement with Mr. Alston. (See Defs. Ex. BB).

217.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Assistant District Attorney Christine Scaccia testified that she did not disclose to the police the facts of the agreement made between the District Attorney's Office and Terrance Alston. (See Defs. Ex. BB).    The uncontested evidence further establishes that Detective Parker did not enter into any agreement with Terrance Alston. (See Defs. Ex. S).

218.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Assistant District Attorney Christine Scaccia testified that she did not disclose to the police the facts of the agreement made between the District Attorney's Office and Terrance Alston. (See Defs. Ex. BB).    The uncontested evidence further establishes that Detective Parker did not enter into any agreement with Terrance Alston. (See Defs. Ex. S).

219.    I̲d̲.

220.    I̲d̲.

221.    I̲d̲.

222.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Defendants further state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Assistant District Attorney Christine Scaccia testified that she did not disclose to the police the facts of the agreement made between the District Attorney's Office and Terrance Alston. (See Defs. Ex. BB).    The uncontested evidence further establishes that Detective Parker did not enter into any agreement with Terrance Alston nor did he offer or pay any money to Terrance Alston. (See Defs. Ex. S).

223.    Deny.    Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes Detective Agostini testified that he did not know how Mark Damon became involved in the investigation. (See Defs. Ex. I). Moreover, the evidence relied on by plaintiff establishes that Assistant District

Attorney Christine Scaccia personally interviewed Terrance Alston and Mark Damon and determined them both to be credible witnesses before the District Attorney's Office made the decision to prosecute plaintiff. (See Defs. Ex. BB; Ex. DD).

224.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes Detective Agostini testified that he did not know how Mark Damon became involved in the investigation and he did not participate in a meeting with Mark Damon. (See Defs. Ex. I).

225.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Assistant District Attorney Scaccia did not interview Mark Damon in the presence of Terrance Alston. (See Defs. Ex. BB).

226.    Deny.    The evidence relied on by plaintiff does not support plaintiff's statement. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and which was created solely in an attempt to overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997). The evidence plaintiff cites to and all of the uncontested evidence establishes that the District Attorney's Office made the decision to prosecute plaintiff after Assistant District Attorney Scaccia interviewed all witnesses and determined them to be credible. (See Pl. Ex. 25; Defs. Ex. BB; Ex. DD).

227.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes Detective Agostini testified that he did not participate in a meeting with Mark Damon. (See Defs. Ex. I).

228.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to establishes only that Mark Damon recanted his story after plaintiff was indicted by a Grand Jury and after Terrance Alston had been murdered. (See Pl. Ex. 25; Defs. Ex. BB).

229.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to establishes only that Detective Agostini testified that he personally did not arrest Mark Damon for any crime.  (See Defs. Ex. I). Plaintiff presents no evidence to support his allegation that Mark Damon was not charged with any crime.

230.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

231.    Deny. Plaintiff's statement is not supported by the evidence cited to and must be disregarded by the Court.

232.    Deny.   The evidence relied on by plaintiff does not support plaintiff's statement. The Court must disregard plaintiff's self-serving statement which contains facts never before disclosed and which was created solely in an attempt to overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997). The uncontested evidence and the specific evidence plaintiff cites to establishes that the District Attorney's Office made the decision to prosecute plaintiff after Assistant District Attorney Scaccia interviewed all witnesses and determined them to be credible. (See Defs. Ex. BB; Ex. DD).

233.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini would sometimes ask a witness to write out a statement. (See Pl. Ex. 3).

234.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Inspector McCarthy testified only that in generally, the police should obtain witness statements at a crime scene, but those statements may be written by a police officer or by the witness himself. (See Pl. Ex. 31).

235.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that the District Attorney's Office made the decision to prosecute  plaintiff in April 20, 2001 after Assistant District Attorney Scaccia personally interviewed the civilian witnesses and determined them to be credible witnesses. (See Defs. Ex. BB; Ex. DD).

236.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini did not claim anything. Uncontested evidence establishes that Christopher Tartone signed his own handwritten statement, spoke to the District Attorney's Office, and testified before the Grand Jury that plaintiff asked Michael Booth for a gun. (See Defs. Ex. O; Ex. BB).

237.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

238.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as

the evidence presented by plaintiff establishes that Detective Agostini testified that he had heard rumors regarding Michael Booth but personally had no evidence to support such rumors. (See Pl. Ex. 3). Id.

239.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini testified that he provided the District Attorney's Office with all of the information and documentation concerning the homicide investigation prior to the April 20, 2001 arrest of plaintiff. (See Defs. Ex. I, p. 127; Ex. BB).

240.     Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

241.     Deny.  Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini did not threaten or coerce any witness. (See Pl. Ex. 3; Defs. Ex. R). Plaintiff's factual allegation is not supported by any evidence in the record and must be disregarded by this Court.

242.     Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini did not threaten or coerce any witness. The uncontested evidence establishes that Michael Booth voluntarily wrote and signed a statement. (See Pl. Ex. 3; Defs. Ex. M; Defs. Ex. R). Plaintiff's factual allegation is not supported by any evidence in the record and must be disregarded by this Court.

243.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini testified that he did not believe he had probable cause to arrest Mr. Booth for any crime. (See Pl. Ex. 3). The evidence also establishes that Detective Agostini did not threaten or coerce or Mr. Booth to make any statement. (See Defs. Ex. I, Ex. R). Plaintiff's factual allegation is not supported by any evidence in the record and must be disregarded by the Court.

244.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff does not establish that Mr. Booth's possession of the knife was unlawful as Detective Agostini testified that he did not believe he had probable cause to arrest Mr. Booth for any crime. (See Pl. Ex. 3).

245.    Deny. Plaintiff's statement is not supported by any evidence. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and was prepared solely in an attempt to create an issue of fact and overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997). The unconstested evidence establishes that the District Attorney's Office interviewed Michael Booth and determined him to be a credible witness before the District Attorney's Office decided to prosecute plaintiff. (See Defs. Ex. BB; Ex. DD).

246.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Defendants further state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Detective Agostini testified that he believed he did not have probable

251.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence presented by plaintiff establishes that Michael Booth testified at plaintiff's criminal trial, and not in the Grand Jury, that he learned plaintiff's name after he identified plaintiff from photographs as the Parkchester Security Guard who approached him and asked him for a gun. (See Pl. Ex. 7).

252.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants state that Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff establishes that such information was not disclosed during the criminal trial as the trial judge sustained the objection to the question posed by plaintiff's criminal defense counsel. (See Pl. Ex. 7).

253.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff establishes that Detective Agostini informed his supervisors of all of the information obtained during the course of the homicide investigation. (See Pl. Ex. E).

254.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to is that Lieutenant Scott testified that in general terms, a confidential informant should not be permitted to commit on-going criminal acts.  (See Pl. Ex. 23). Plaintiff presents no evidence that Lieutenant Scott testified about Michael Booth or that Michael Booth was a confidential informant.

255.    Deny. The District Attorney's Office prepared the Criminal Court Complaint and Detective Agostini signed it after reviewing it and determining that the facts contained therein where accurate, to the best of his knowledge. (See Defs. Ex. R).

256.    Deny. Defendants Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the uncontested evidence and the specific evidence plaintiff cites to an all of the evidence establishes that Assistant District Attorney Scaccia testified that she made the decision to prosecute plaintiff based the information she obtained when she conducted personal interviews of the civilian witnesses. (See Pl. Ex. 25; Defs. Ex. DD).

257.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the uncontested evidence and the evidence plaintiff cites to establishes Assistant District Attorney Scaccia testified that she made the decision to prosecute plaintiff based on the information she obtained when she conducted personal interviews of the civilian witnesses. (See Pl. Ex. 25).    Defendants further state that plaintiff in bad faith deliberately misrepresented Lieutenant Scott's clear testimony that he was not aware of the facts that existed on February 12, 2001 regarding plaintiff's arrest on February 12, 2001. (See Pl. Ex. 24).  However, plaintiff's claim that he was falsely arrested on February 12, 2001 is barred as a matter of law pursuant to Wallace v. Kato, 127 S. Ct. 1091 (2007). Plaintiff presents no evidence that Lieutenant Scott knew there was no probable cause for plaintiff's arrest on April 20, 2001.

258.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or that it is supported by the evidence cited to by plaintiff.

259.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b). Defendants further state that Plaintiff deliberately misrepresented and

falsified the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cite to clearly establishes that the District Attorney's Office had the results of the gunshot residue test before the District Attorney's Office made the decision to prosecute plaintiff. (See Pl. Ex. 25; Defs. Ex. DD).

260.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to clearly establishes that the District Attorney's Office had reviewed and had access to all of the documents and information obtained during the course of the police investigation before the District Attorney's Office made the decision to arrest and prosecute plaintiff. (See Pl. Ex. 3; Defs. Ex. BB). The evidence further establishes the file was not misplaced on until January 2003 which was after plaintiff was indicted by a Grand Jury. (See Defs. Ex. I).

261.    Plaintiff's statement does not contain a paragraph 262.

262.    Plaintiff's statement does not contain a paragraph 263.

263.    Plaintiff's statement does not contain a paragraph 264.

264.    Plaintiff's statement does not contain a paragraph 265.

265.    Plaintiff's statement does not contain a paragraph 266.

266.    Plaintiff's statement does not contain a paragraph 267.

267.    Plaintiff's statement does not contain a paragraph 268.

268.    Plaintiff's statement does not contain a paragraph 269.

269.    Plaintiff's statement does not contain a paragraph 270.

270.    Plaintiff's statement does not contain a paragraph 271.

271.    Deny. The evidence plaintiff specifically cites to clearly establishes that the District Attorney's Office made the decision to have plaintiff arrested and to prosecute plaintiff

based information obtained when the prosecutor independently interviewed the witnesses. (See Pl. Ex. 25, pp. 20-22).

272.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff establishes that Detective Agostini provided the District Attorney's Office with all information concerning Terrance Alston and Assistant District Attorney personally interviewed Mr. Alston, and determined that he was credible. The uncontested evidence further establishes that the District Attorney's Office did not believe that Detective Agostini's paperwork contained inconsistencies. (See Defs. Ex. I, p. 137; Ex. BB; Ex. DD).

273.    Deny. Plaintiff deliberately misrepresented and falsified the evidence in bad faith and in violation of Rule 11 as the uncontested evidence and the evidence plaintiff specifically cites to establishes that the District Attorney's Office determined to present its case against plaintiff to the Grand Jury based on its independent interviews of the civilian witnesses. (See Defs. Ex. BB; Ex. DD).

274.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment. Defendants further state that plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 because plaintiff made no effort to unseal the Grand Jury minutes until after defendants moved for summary judgment and submitted his application based on falsified information. (See Declaration of Hillary A. Frommer in Response to Order to Show Cause dated April 17, 2008, attached as Exhibit "EE" to the Supplemental Declaration of Hillary A. Frommer dated May 21, 2008).

275.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff does not support the allegation that Terrance Alston falsely testified. (See Pl. Ex. 28).

276.    Id.

277.    Deny. Plaintiff's statement is not supported by any evidence. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and was prepared solely in an attempt to create an issue of fact and overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997). The uncontroverted evidence establishes that Assistant District Attorney Scaccia personally interviewed Terrance Alston and determined that he was a credible witness and that she would not have called him to testify before the Grand Jury if she did not believe he was telling the truth. (See Defs. Ex. BB; Ex. DD).

278.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff does not support the allegation that Terrance Alston falsely testified. (See Pl. Ex. 28). Plaintiff's factual allegation is not supported by any evidence in the record. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and was prepared solely in an attempt to create an issue of fact and overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997). The uncontroverted evidence establishes that Assistant District Attorney Scaccia personally interviewed Terrance Alston and determined that he was a credible witness and that she would not have called him to testify before the Grand Jury. (See Defs. Ex. BB; Ex. DD).

279.    Deny. Pllaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff does not support the allegation that Terrance Alston falsely testified. (See Pl. Ex. 28). ). The uncontroverted evidence establishes that Assistant District Attorney Scaccia personally interviewed Terrance Alston and determined that he was a credible witness and that she would not have called him to testify before the Grand Jury. (See Defs. Ex. BB; Ex. DD). Moreover, defendants deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) because the uncontested evidence establishes that the District Attorney's Office and not any police officer determined what evidence to present before the Grand Jury and such decisions are protected by the doctrine of absolute immunity. (See Defs. Ex. R; DD). <u>Pinaud v. County of Suffolk</u>, 52 F.3d 1139, 1149 (2d Cir. 1995).

280.    <u>Id</u>.

281.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence  plaintiff cites to and relies on does not support the allegation that Terrance Alston falsely testified. (See Pl. Ex. 28). The uncontroverted evidence establishes that Assistant District Attorney Scaccia personally interviewed Terrance Alston and determined that he was a credible witness and that she would not have called him to testify before the Grand Jury. (See Defs. Ex. BB; Ex. DD).

282.    Deny. Walter Cobb testified before the Grand Jury that at approximately 10:10 a.m., he heard four gunshots coming from inside the basement of 1700 Metropolitan Avenue and immediately thereafter observed plaintiff run out of the building. (See Pl. Ex. 28).

283.    Deny. Plaintiff's statement is not supported by any evidence. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and was

prepared solely in an attempt to create an issue of fact and overcome summary judgment. <u>Brown v. Henderson</u>, 257 F.3d 236 (2d Cir. 2001); <u>Hayes v. N.Y. City Dept. of Corr.</u>, 84 F.3d 614 (2d Cir. 1996); <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55 (2d Cir. 1997).

284.    Deny. Plaintiff's statement is not supported by any actual evidence, but merely plaintiff's unsupported conclusory allegation that is insufficient to overcome summary judgment.

285.    Deny this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because the uncontested evidence establishes that when first interviewed by the police on February 12, 2001, Walter Cobb stated that after he heard gunshots coming from the basement of 1700 Metropolitan Avenue he immediately saw plaintiff run out of the basement. (See Defs. Ex. L).

286.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to does not support the allegation that Detective Agostini was aware of any inconsistent statements by Walter Cobb. (See Pl. Ex. 3).  In fact, the evidence establishes that Walter Cobb did not make any inconsistent statements to the police or to the District Attorney's Office. (See Defs. Ex. L; Ex. K; Ex. BB; Ex. DD).

287.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to establishes only that Lieutenant Scott testified that when he was at the scene of February 12, 2001, he was not personally informed who Walter Cobb saw exit the basement immediately after hearing the gunshots.  (See Pl. Ex. 24). Defendants further deny this statement is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment as plaintiff's claim that he

was falsely arrested on February 12, 2001 is barred as a matter of law pursuant to <u>Wallace v.</u> <u>Kato</u>, 127 S. Ct. 1091 (2007).

288.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to and relies on clearly establishes that the District Attorney's Office reviewed and had access to all of the documents generated in connection with the police investigation prior to its decision in April 2001 to prosecute plaintiff. (See Defs. Ex. I, p 127; Ex. R; Ex. BB). The evidence further establishes that the case file was misplaced in January 2003, after plaintiff was indicted. (See Def. Ex. I).

289.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to and relies on establishes that the District Attorney's Office reviewed and had access to all of the documents generated in connection with the police investigation prior to its decision in April 2001 to prosecute plaintiff and Assistant District Attorney Scaccia did not believe that there were any inconsistent statements based on her review of the evidence and her personal interviews of the civilian witnesses. (See Defs. Ex. I, p 127; Ex. R; Ex. BB; Ex. DD).

290.    Deny. Plaintiff's statement is not supported by the evidence cited to. The evidence plaintiff cites to shows only that Detective Agostini reviewed a DD5 which stated that Mr. Huello did not hear any gun shots because he arrived at the scene after the shorts were fired. (See Pl. Ex. 3, p. 238).

291.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to establishes that the District Attorney's Office reviewed and had access to all of the documents generated in connection with the police investigation prior to its decision in April 2001 to prosecute plaintiff. (See Defs. Ex. I, p 127; Ex.

R; Ex. BB). The evidence further establishes that the case file was misplaced in January 2003, after plaintiff was indicted. (See Def. Ex. I).

292.    Deny. Plaintiff's statement is not supported by the evidence cited to. The evidence plaintiff cites to shows only that Mr. Huello did not tell the police that he saw plaintiff or that he heard any gun. (See Pl. Ex. 30). Plaintiff presents no evidence whatsoever establishing as a material fact what Mr. Huello in fact heard or saw.

293.    Deny. Pllaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff cites to does not support the allegation that Walter Cobb gave the police inconsistent statements. (See Pl. Ex. 3). In fact, the uncontested evidence establishes that Walter Cobb did not make any inconsistent statements to the police or to the District Attorney's Office. (See Defs. Ex. K; Ex. BB; Ex. DD).

294.    Id.

295.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff does not support the allegation that Walter Cobb gave inconsistent statements. The uncontroverted evidence establishes that Assistant District Attorney Scaccia personally interviewed Walter Cobb and determined that he was a credible witness and that she would not have called him to testify before the Grand Jury. (See Ex. BB). Moreover, defendants deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) because the evidence relied on by plaintiff establishes that the District Attorney's Office and not any police officer determined what evidence to present before the Grand Jury and such decisions are protected by the doctrine of absolute immunity. Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995).

296.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff does not support the allegation that Walter Cobb gave the police inconsistent statements. (See Pl. Ex. 3). In fact, the uncontested evidence establishes that Walter Cobb did not make any inconsistent statements to the police or to the District Attorney's Office. (See Defs. Ex. K; Ex. BB; Ex. DD).

297.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) because the plaintiff cite to establishes that the District Attorney's Office and not any police officer determined what evidence to present before the Grand Jury and such decisions are protected by the doctrine of absolute immunity. Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995).

298.    Deny. The evidence establishes that Officers Nieves and Perez testified that they did not hear any radio transmissions identifying the victim of the shooting before they arrived at the scene or before plaintiff was observed at the scene. (See Pl. Ex. 28; Defs. Ex. G; Ex. H). Plaintiff cannot present any admissible evidence to contradict what either officer heard.

299.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence relied on by plaintiff establishes that several police officers heard and responded to a radio transmission at 10:15 a.m. that did not identify the victim of the shooting as a Parkchester Security Guard. (See Pl. Ex. 24; Defs. Ex F; Ex. G; Ex. H). Additionally, plaintiff relies on evidence establishing that Walter Cobb told the 911 operator that the victim at 1700 Metropolitan Avenue was either a security guard or a police officer. (See Defs. Ex. BB).

300.    Deny. Officer Nieves did not make such admission at trial. The evidence relied on by plaintiff establishes only that Officers Nieves was shown a SPRINT printout from

10:22 a.m., after she had already arrived at the scene. (See Pl. Ex. 7; Def. Ex. G; Ex. H). Plaintiff further admitted that he did not possess an N.Y.P.D. radio on February 12, 2001 and therefore he had no personal knowledge any of the radio transmissions that were broadcast over the police department radio. (See Defs. Ex. C, p. 122).

301.    Admit that Officer Nieves gave such testimony at plaintiff's criminal trial.

302.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

303.    Deny. Plaintiff's statement is not supported by any admissible evidence. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and was prepared solely in an attempt to create an issue of fact and overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997).

304.    Deny. Plaintiff's allegations are not supported by the evidence cited to. Plaintiff presents no evidence establishing that either Officer Nieves or Officer Perez gave false testimony and his factual assertion must be disregarded by the Court.

305.    Id.

306.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff specifically cites to and relies on establishes that several police officers heard a radio transmission that did not identify the victim of the shooting as a Parkchester Security Guard. (See Pl. Ex 24, pp. 29-30). Additionally, plaintiff relies on evidence establishing that when Walter Cobb spoke to the 911 operator, he stated that he did not know whether the victim was a security guard or a police officer. (See Defs. Ex. BB).

307.    Admit only that Christopher Tartone testified truthfully at the Grand Jury that he overheard plaintiff question an individual inside a pizza shop if anyone was selling a gun. (See Pl. Ex. 28). Plaintiff presents no admissible evidence to the support his allegation. The Court must disregard plaintiff's self-serving affidavit which contains facts never before disclosed and was prepared solely in an attempt to create an issue of fact and overcome summary judgment. Brown v. Henderson, 257 F.3d 236 (2d Cir. 2001); Hayes v. N.Y. City Dept. of Corr., 84 F.3d 614 (2d Cir. 1996); Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997).

308.    Deny that this statement is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

309.    Deny. Judge Williams determined that the Grand Jury presentment was proper and there were no irregularities or misconduct. (See Defs. Ex. Z).

310.    Id.

311.    Deny. The evidence specifically cited to and relied on by plaintiff establishes that the criminal court judge determined that the evidence presented to the Grand Jury supported the charges. (See P. Ex. 7).

312.    Id

313.    Deny. Plaintiff's allegation is not supported by the evidence cited to and must be disregarded by the Court.

314.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because the evidence plaintiff cites to clearly establishes that the District Attorney's Office and not any police officer determined what evidence to present before the Grand Jury and whether or not to enter into any agreement with

any witness and such decisions are protected by the doctrine of absolute immunity. Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995).

315.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment because the evidence plaintiff cites to and the uncontested evidence clearly establishes that the District Attorney's Office and not any police officer determined whether or not to enter into an agreement with any witness. (See Pl. Ex. 25; Defs. Ex. BB; Ex. DD).

316.    Id.

317.    Id.

318.    Id.

319.    Id.

320.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) because the evidence plaintiff cites to establishes that Detective Parker was informed by another individual that Terrance Alston had information concerning the homicide. (See Pl. Ex. 6).

321.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the evidence plaintiff specifically cites to and the uncontested evidence establishes that Detective Agostini had no involvement or input in the District Attorneys' decision to enter into an agreement with Terrance Alston. (See Pl. Ex. 3; Defs. Ex. R; Ex. DD).

322.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the uncontested evidence establishes that all of the information obtained during the course of the police investigation became part of the case file which the District Attorney's Office reviewed and had access to prior to that Office's decision in April 2001 to

prosecute plaintiff. (See Defs. Ex. I, p 127; Ex. R; Ex. BB). The evidence further establishes that the case file was misplaced in January 2003, after plaintiff was indicted. (See Def. Ex. I).

323.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as the uncontested evidence establishes that all of the information obtained by the police during the course of its investigation became part of the case file which the District Attorney's Office reviewed and had access to prior to that Office's decision in April 2001 to prosecute plaintiff. (See Defs. Ex. I, p 127; Ex. R; Ex. BB). The evidence further establishes that the case file was misplaced in January 2003, after plaintiff was indicted. (See Def. Ex. I). Moreover, plaintiff's allegations is deliberately misleading and irrelevant as the law is well settled that the obligation to provide Rosario material to a criminal defendant lies solely with the prosecutor and not the police. Kyles v. Whitely, 514 U.S. 419

324.    Id.

325.    Deny. Plaintiff deliberately misrepresented the evidence in bad faith and in violation of Rule 11 as plaintiff's allegations are not supported by actual admissible evidence, but rather plaintiff's reading of a book written by Matt Diel which is non-admissible hearsay and irrelevant.

326.    Id.

327.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.

328.    Deny that this is a material issue of fact that needs to be addressed pursuant to Local Rule 56.1(b) or which precludes summary judgment.    Defendants further deny this statement as plaintiff admits that he could have made efforts to obtain his certification but failed to do so. (See Defs. Ex. AA, p. 229).

Dated: New York, New York
May 21, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 3-212
New York, New York 10007
(212) 788-0823

By:    _____
Hillary A. Frommer (HF 9286)
Senior Counsel

55

Index No. 07 Civ. 3644 (HB)

UNITED STATES DISTRICT COURT
S0UTHERN DISTRICT OF NEW YORK

ANTHONY MANGANIELLO,

Plaintiff,

-against-

THE CITY OF NEW YORK, DET. LUIS AGOSTINI, individually and as a New York City Police Detective, SHAWN ABATE, individually and as a New York City Police Detective, DEREK PARKER, individually and as a New York City Police Detective, LT. HENRY SCOTT, individually and as a New York City Police Lieutenant, P.O. ALEX PEREZ, individually and as a New York City Police Officer, P.O. MIRIAN NIEVES, individually and as a New York City Police Officer, MICHAEL PHIPPS, individually and as a the Commanding Officer of the 43rd Precinct, JOHN McGOVERN, individually and as a New York City Police Detective Sergeant, ROBERT MARTINEZ, individually and as a New York City Police Detective, GERYL McCARTHY, individually and as a New York City Police Deputy Inspector,

Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CONTESTED FACTS PURSUANT TO RULE 56.1(b)**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Agostini, Abate, Parker, Scott, Nieves, McGovern, Phipps, Martinez, Perez, and McCarthy*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 2007-016404*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................, 200......*

*.............................................................................. Esq.*

*Attorney for..........................................................................*