# EXHIBIT DD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ANTHONY MANGANIELLO,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, DET. LUIS AGOSTINI, individually and as a New York City Police Detective, SHAWN ABATE, individually and as a New York City Police Detective, DEREK PARKER, individually and as a New York City Police Detective, LT. HENRY SCOTT, individually and as a New York City Police Lieutenant, P.O. ALEX PEREZ, individually and as a New York City Police Officer, P.O. MIRIAN NIEVES, individually and as a New York City Police Officer, MICHAEL PHIPPS, individually and as a the Commanding Officer of the 43rd Precinct, JOHN McGOVERN, individually and as a New York City Police Detective Sergeant, ROBERT MARTINEZ, individually and as a New York City Police Detective, GERYL McCARTHY, individually and as a New York City Police Deputy Inspector,

                                Defendants.

**DECLARATION OF ASSISTANT DISTRICT ATTORNEY CHRISTINE SCACCIA**

07 Civ. 3644 (HB)

------------------------------------------------------------- x

**CHRISTINE SCACCIA** declares pursuant to 28 U.S.C. 1746, under penalty of perjury, that the following is true and correct:

1. I am an Assistant District Attorney with the Bronx County District Attorney's Office.

2. In 2001, I was assigned to prosecute the matter of <u>The People of the State of New York against Anthony Manganiello</u>, Indictment No. 2207-01. As such, I am familiar with the facts stated herein.

3. The decision to commence a prosecution against Anthony Manganiello was made by the Bronx County District Attorney's Office. No police officer was involved in making that

decision and no police officer urged or insisted that the District Attorney's Office prosecute Mr. Manganiello.

4. The District Attorney's Office initiated the prosecution against Mr. Manganiello on or about April 20, 2001, when the District Attorney's Office prepared a Criminal Court Complaint and requested that Luis Agostini, the case detective assigned to the police investigation, review and sign that Criminal Court Complaint.

5. The decision to prosecute Mr. Manganiello was made based on interviews I personally conducted of civilian witnesses and on information the District Attorney's Office independently obtained.

6. No civilian witness ever told me that he was coerced or threatened to make a statement or give testimony.

7. I interviewed Walter Cobb and determined that the information he provided to the District Attorney's Office was consistent with the information he personally provided to the police. Walter Cobb never informed me that he was coerced or threatened to provide information. I determined that Mr. Cobb was a credible witness.

8. I interviewed Christopher Tartone and determined that the information he provided to the District Attorney's Office was consistent with the information he personally provided to the police. Christopher Tartone never informed me that he was coerced or threatened to provide information. I determined that Mr. Tartone was a credible witness.

9. I interviewed Michael Booth and determined that the information he provided to the District Attorney's Office was consistent with the information he personally provided to the police. Michael Booth never informed me that he was coerced or threatened to provide information. I determined that Mr. Booth was a credible witness.

10. I personally interviewed Terrance Alston and determined that he was a credible witness. Mr. Alston was not coerced or threatened to provide any information.

11. I was aware of Mr. Alston's criminal history and the information he had provided to the police about this case. Based on the information Mr. Alston provided directly to the District Attorneys' Office, the District Attorney's Office made the decision to enter into a cooperation agreement with Mr. Alston. No police officer was involved in that decision.

12. I personally interviewed Mark Damon and determined that he was a credible witness and that the information he provided to me at that time was truthful.

13. Additionally, the District Attorney's Office received information directly from Parkchester Condominium Security indicating that, prior to the date of the homicide, Mr. Manganiello and the victim had been involved in a physical altercation with each other at work for which Mr. Manganiello was disciplined. I believed this evidence was indicative of a motive for the homicide.

14. The decision to convene a Grand Jury and seek an indictment against Mr. Manganiello was made solely by the District Attorney's Office. No police officer urged or insisted that the District Attorney's Office present a case against Mr. Manganiello to the Grand Jury.

15. The District Attorney's Office made all decisions regarding what evidence to present to the Grand Jury. No police officer had any involvement in those decisions.

16. Based on all of the evidence I obtained in the case, I believed that every witness who testified before the Grand Jury testified truthfully.

Dated: New York, New York
May 20, 2008

*[signature]*

Assistant District Attorney Christine Scaccia