# EXHIBIT EE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX,
------------------------------------------------------------------ x

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

ANTHONY MANGANIELLO,

Defendant.

------------------------------------------------------------------ x

**DECLARATION OF HILLARY A. FROMMER IN RESPONSE TO ORDER TO SHOW CAUSE**

Ind. No. 2207/01

**HILLARY A. FROMMER**, declares pursuant to 28 U.S.C. 1746, under penalty of perjury, that the following is true and correct:

1. I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, retired Detectives Luis Agostini, Shawn Abate, Derek Parker, Richard Martinez, retired Lieutenant Harry Scott, retired Police Officers Alex Perez, and Miriam Nieves, Inspector Michael Phipps, Lieutenant John McGovern, and retired Deputy Inspector Geryl McCarthy in the matter of Anthony Manganiello v. City of New York et al., 07 Civ. 3664 (HB), pending in the United States District Court for the Southern District of New York before the Honorable Harold Baer. As such, I am familiar with the facts stated below.

2. Defendants respectfully take no position on the Order to Show Cause entered by the Honorable Martin Marcus on April 2, 2008 in the above-captioned matter regarding the application by Anthony Manganiello to unseal the Grand Jury minutes in this action.

3. However, in the Affirmation by Michael Joseph, Esq. in Support of the Order to Show Cause dated March 26, 2008, the applicant did not present the entirety of the rulings rendered by Acting Supreme Court Justice Patricia Anne Williams. The application also did not

make reference to deposition testimony given by the defendants in connection with the federal civil action. Defendants, therefore, wish to present the Court with a more complete record before it renders a decision on the instant application.

4. Lieutenant Harry Scott, Lieutenant John McGovern, Detective Richard Martinez, Inspector Geryl McCarthy, and Detective Derek Parker, all defendants to the federal civil action, gave deposition testimony reflecting that they did not testify before the Grand Jury. (See excerpts from the depositions, attached hereto as Exhibit "C).

5. Detective Parker testified at his deposition that he did not participate in the police investigation of the homicide of Albert Acosta. (See Exhibit C).

6. A confidential informant named Terrance Alston independently contacted Detective Parker to tell him that he had information about a murder of a Security Guard at the Parkchester Condominium Complex. Detective Parker testified at his deposition that he investigated Mr. Alston's statement and determined that it was initially accurate because there was indeed a murder of a Parkchester Security Guard at the Parkchester Condominium Complex on February 12, 2001. (See Exhibit C). Detective Parker then informed the 43rd Precinct Detective Squad that Mr. Alston claimed to have knowledge of the homicide. (See Exhibit C).

7. Detective Parker also testified at his deposition that Terrance Alston provided him with information regarding unrelated matters which the detective was able to verify. (See Exhibit C).

8. Detective Parker further testified that he did not coerce, threaten or otherwise entice Terrance Alston to testify before the Grand Jury, and he did not make or offer a deal with Terrance Alston to testify before the Grand Jury or provide information regarding Mr. Alston's purported knowledge of the Acosta Homicide. (See Exhibit C).

9. On August 6, 2001, Patricia Anne Williams, Acting Justice of the Supreme Court issued a ruling in a written decision that there were no improprieties before the Grand Jury and the integrity of the Grand Jury was not impaired. Judge Williams further ruled that the evidence submitted to the Grand Jury was at all times sufficient to support the charges contained in the indictment. (See Supplemental Decision & Order dated August 6, 2001 in the matter of The People of the State of New York Against Anthony Manganiello, Ind. No. 2207/01, attached hereto as Exhibit "A"). Mr. Manganiello was indicted for Murder in the Second Degree and Manslaughter in the First Degree. (See Indictment Number 2207-01, Grand Jury Number 42140/2001 in the matter of People of the State of New York against Anthony Manganiello, attached hereto as Exhibit "B").

10. Detective Agostini testified at a deposition that he provided the Bronx County District Attorney's Office with all of the documents, evidence, and information he obtained during the police investigation of the Acosta homicide. That information included information regarding Terrance Alston. (See Exhibit C).

11. Detective Agostini also testified at his deposition that Terrance Alston provided him with one piece of information that he could not verify and he informed the District Attorney's Office of his concern as to that piece of information. (See Exhibit C).

12. Detective Agostini further testified at his deposition that he learned that a civilian witness Mark Damon spoke directly to the District Attorney's Office in March 2001 and stated that he had sold a gun to Anthony Manganiello. Detective Agostini did not independently speak to Mr. Damon. Detective Agostini testified that Mr. Damon subsequently recanted his story to the District Attorney's Office immediately prior to the start of the criminal trial in 2004. (See Exhibit C).

13. In a sworn affidavit, Detective Agostini stated that he did not make the decision to seek an indictment against Anthony Manganiello. (See Affidavit of Luis Agostini dated April 14, 2008, attached hereto as Exhibit "D").

14. The decision to present a case against Anthony Manganiello to the Grand Jury was made by the Bronx County District Attorney's Office.

15. Furthermore, it is the federal civil defendants' position that in this case, plaintiff Anthony Manganiello cannot sustain a malicious prosecution claim against the defendant officers in the civil case on the theory that the Grand Jury was not presented with all of the facts or information regarding Terrance Alston. An Assistant District Attorney has "the discretion and authority to decide what evidence to present to the grand jury [and is] under no duty to present every item of arguably exculpatory evidence in seeking an indictment." Savino v. The City of New York, 331 F.2d 63, 75 (2d Cir. 2003) (rejecting malicious prosecution claim based on allegations that information not presented to Grand Jury constituted bad faith misconduct); People v. Mitchell, 82 N.Y.2d 509, 515, 605 N.Y.S.2d 655 (1993) ("the People maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused").

4

"The police and prosecutors cannot be said to have improperly concealed evidence every time the plaintiff is able to show that they could have done more or could have disclosed more." Gonzalez v. The City of New York, 02 Civ. 4055 (BSJ)(KNF), 2005 U.S. Dist. LEXIS 20645 (S.D.N.Y. Sept. 16, 2005).

Dated: New York, New York
April 17, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        100 Church Street, Room 3-212
        New York, New York 10007
        (212) 788-0823

By: _/s/ Hillary Frommer_
        Hillary A. Frommer (HF 9286)
        Senior Counsel

Index No. Ind. No. 2207/01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

ANTHONY MANGANIELLO,

Defendant.

**DECLARATION OF HILLARY A. FROMMER IN RESPONSE TO ORDER TO SHOW CAUSE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants in Federal Civil Action*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hilary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No.*

Due and timely service is hereby admitted.

New York, N.Y. .........................................., 200......

.......................................................................... Esq.

Attorney for..........................................................