UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY MANGANIELLO,

                              Plaintiff,        CIVIL ACTION No.: 07 CV 3644 (HB)

   - Against-

THE CITY OF NEW YORK, et. al.

                            DEFENDANTS
-----------------------------------------------------------------X

### NOTICE OF MOTION IN LIMINE

**PLEASE TAKE NOTICE** that on the 5th day of June, 2008, at 9:00 in the forenoon or as soon thereafter as counsel can be heard at the United States Courthouse located at 500 Pearl Street New York, N.Y. 10007, Plaintiff will move this Court in a motion in limine to preclude evidence and cross examination of any of Plaintiff's employment related disciplinary matters during the trial of this matter.

Dated: White Plains, New York
       May 30, 2008

                                          Respectfully submitted,

                                          OSORIO & ASSOCIATES, LLC
                BY: _____
                                          Michael H. Joseph, Esq.
                                          184 Martine Avenue
                                          White Plains, New York 10601
                                          (914) 761-3168

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY MANGANIELLO,

                            Plaintiff,        CIVIL ACTION No.: 07 CV 3644 (HB)

  - Against-

THE CITY OF NEW YORK, et. al.
                            DEFENDANTS
-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF IN LIMINE MOTION**

**STATEMENT OF FACTS**

The defense should be precluded from introducing evidence of or cross examining plaintiff about unrelated employment disciplinary issues because they are not relevant, unsubstantiated, inadmissible, speculation, unduly prejudicial and seek to improperly introduce character evidence.

During Plaintiff's deposition, defendant sought to question him about an accusation that he falsely reported that he was late to work because of an accident, which allegedly occurred in 1995. (Ex. 1, p. 73). Defense counsel insinuated there was some investigation that there was not an accident. (Ex. 1, p. 74). Defense counsel also sought to examine Plaintiff about a harassment complaint made in 1994, seven years prior to the events at issue here. (Ex. 1, p. 74). The alleged complaintant was subsequently fired from Parkchester for discharging a weapon in the vicinity of a child. (Ex. 1, p. 76). Defendants also examined Plaintiff about a complaint made against him in 1996 by a cab driver. (Ex. 1,76, 77). As part of the investigation, Mr. Acosta wrote a letter

that he did not want to work with Plaintiff (in 1996). (Ex. 1, p. 78). Mr. Manganiello had not seen the letter and was unaware of it. (Ex. 1, p. 78).

Defendant also inquired as to whether Plaintiff was suspended for one day in 1999, because he drove a personal vehicle while on duty and was allegedly disrespectful towards a superior officer. (Ex. 1, p. 81- 83). Defense counsel likewise seeks to question Plaintiff about an employment disciplinary charge that occurred in 1992, (nine years before the incidents at issue here), of insubordination, disrespect towards a supervisor/conduct unbecoming of an officer. (Ex. 1, p. 84, 85). Defendants also seek to question Plaintiff about a disciplinary complaint in which Plaintiff drove a fellow officer in a patrol car, (due to inclement weather) without authorization. (Ex. 1, p. 96-98).

Finally defendants seek to question Plaintiff about an altercation, which occurred two years prior to the events at issue here, between Plaintiff and another officer (Mr. Hicks) in which Mr. Acosta was marginally involved. (Ex. 1, p. 85-87). In this altercation, Plaintiff was punched in the jaw by another security officer and Mr. Acosta grabbed Plaintiff from behind in breaking up the fight. (Ex. 1, p. 87-93). Following this incident, Plaintiff and Mr. Acosta spoke about the incident and Plaintiff and resolved any differences that may have arisen from this incident. (Ex. 1, p. 93, 94). Mr. Acosta and Plaintiff worked together following the altercation with Hicks, without any problems or incidents. (Ex. 1, p. 95).

Plaintiff's supervisor, Sgt. Ohle was interviewed on the day of Acosta's murder and said there were no problems between Mr. Acosta and Plaintiff. (Ex. 2). Mr. Agostini testified that he never received any information that led him to believe there was any problems between Plaintiff

3

and Mr. Acosta. (Ex. 3, p. 52). Mr. Manganiello had socialized with Mr. Acosta outside of work, including going to local restaurants following work and Mr. Manganiello had even been to Mr. Acosta's home as a guest. (Ex. 1, p. 71, 72).

POINT I.   The Plaintiff's Disciplinary Records Are Not "Relevant" Within the Meaning of Fed. R. Evid. 401 and 402. Accordingly, They Are Inadmissible.

The issues involved in this case are whether Plaintiff was maliciously prosecuted without probable cause to believe that he shot and killed Albert Acosta and the damages caused by said prosecution. Defendants seek to introduce and cross examine Plaintiff concerning several work related disciplinary issues, many of which are unsubstantiated allegations, hearsay, speculation and petty differences that occurred long before the events at issue here.

Plaintiff's employment disciplinary records are irrelevant to any material issue in this litigation, as such they must be excluded. Under the Federal Rules of Evidence, only relevant evidence is admissible." Fed. R. Evid. 402; see Lanni v. New Jersey, 177 F.R.D. 295, 301 (D.N.J. 1998). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see Lanni, 177 F.R.D. at 301. Evidence that is not relevant to any central issue of fact serves no purpose and thus is not admissible. Giles v. Rhodes, 2000 WL 1425046 (S.D.N.Y.2000).

Here, Plaintiff's disciplinary records are completely irrelevant because none of them have any bearing on the Plaintiff's claims. Even the prior incidents in which Mr. Acosta was (marginally) involved are not relevant for two reasons. First, the defendants had no knowledge

of them, as such, these matters did not play any role in the defendants' decision to commence the prosecution. Second, even the incidents which did involve Mr. Acosta were so remote in time that they have no bearing. The first incident involving the cab driver occurred five years prior to Mr. Acosta's murder. The second incident occurred almost two years prior to the murder and the Plaintiff and Mr. Acosta continued to work together for two years. Further, Plaintiff's supervisor stated that there were no problems between Plaintiff and Mr. Acosta. Because the records do not have any bearing on the Plaintiff's prosecution, they should be excluded from evidence.

POINT II:    The Disciplinary Records Are Inadmissible Because They Are Unduly Prejudicial And Outweigh Any Probative Value

Even relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403; See Lanni v. New Jersey, 177 F.R.D. 295, 301 (D.N.J. 1998). Fed. R. Evid. 403 requires the court to balance the probative value of and the need for the evidence against the harm likely to result from its admission." Fed. R. Evid. 403 advisory committee's note. Evidence is unfairly prejudicial if it inflames the jury, appeals to the jury's bias, or may cause a jury to base its decision on an improper basis including matters which are extraneous to the case. Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980); see also, Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996 (5th Cir.1998); Latti, 177 F.R.D. at 301.

Evidence should be excluded when its admission would lead to the litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues. Blancha v. Raymark Industries, 972 F.2d 507 (3d Cir.,1992). Evidence used solely to arouse and inflame

5

the emotions of a jury is improper. See, Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996 (5th Cir. 1998); see also, Meller v. Heil Co., 745 F.2d 1297, 1302 (10th Cir. 1984).

Here, defendants seek to unfairly paint Plaintiff as some sort of malcontent or troublemaker based upon pure speculation, hearsay, and unsubstantiated allegations. This is extremely prejudicial and any such mention of these incidents should be excluded. Unrelated complaints in a party's employment file are prejudicial and should be excluded. Vukadinovich v. Zent, 995 F.2d 750, 756 (7 Cir. 1993). The Court must act as a gate keeper in civil rights cases because they serve an essential deterrent function in protecting citizens' vital rights and often pit plaintiffs against the guardians of the community's safety, therefore courts should be careful to ensure that a civil rights plaintiff's past is not used to unfairly prejudice him. Gora v. Costa, 971 F.2d 1325, 1331 (7th Cir 1992); see also, Hillard v. Hargraves, 197 F.R.D. 358 (N.D. Ill 2000).

Further, the incidents in question are he said-she said type matters, which are extraneous to the claims involved in this litigation. Evidence which will lead the trial into a series of byways far removed from the issues of this case should be excluded. Spencer v. Sea-Land Service, Inc., 98 Civ. 2817 (DAB)(MHD); 1999 U.S. Dist. Lexis 9171; 1999 WL 405254 (S.D.N.Y. 1999). Likewise evidence which is tenuous or has at best a weak connection to the case, should be excluded. Rauh v. Coyne, 774 F. Supp 1181 (D.D.C. 1990).

Succinctly stated, the defense should be precluded from offering evidence or cross examining the Plaintiff about these unrelated employment issues because they are unfairly prejudicial, a waste of time, would distract the jury from the issues pertinent to this case and would require a number of "mini-trials" concerning extraneous issues which have no relevance to this case.

POINT III:    Defendants Improperly Attempt To Introduce Character Evidence

Any attempt by defendants to imply that Plaintiff has a bad character or violent propensity, based upon these prior incidents is improper. Federal Rule of Evidence 404(b) provides as follows:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident".

Generally, evidence of "other wrongs, or acts" is not admissible under Rule 404(b) to prove character or criminal propensity. See Fed. R. Evid. R 404(b). Rule 404(b) prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case. Huddleston v. U.S., 485 U.S. 681, 685, 108 S.Ct. 1496, 1499 (1988). The threshold inquiry a court must make before admitting similar acts evidence is whether that evidence is probative of a material issue other than character. Id. Where the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits -- introduce bad acts evidence to show a propensity to commit such acts, the evidence should be precluded. Daniels v. Loizzo, 986 F. Supp. 245, 248 (S.D.N.Y. 1997).

Here, defendants merely seek to attack Plaintiff's character, paint him as a confrontational person, and insinuate that he had some propensity towards violence. This is precisely the use of said evidence that Rule 404 prohibits.   Prior acts may be admitted for "another purpose", provided that purpose is not prohibited by Fed. R.Evid 404.  Evidence of other acts may not be

7

used to prove character by suggesting that conduct on a particular occasion was in conformity with a general character trait. Excepting this type of evidence from the general rule of 404(b) would permit an exception to swallow the rule.

## CONCLUSION

Based upon the foregoing, defendants should be precluded from offering any evidence of, or cross examining the Plaintiff about any employment related disciplinary matter.

Dated: White Plains, New York
      May 30, 2008

                              Respectfully submitted,

                              OSORIO & ASSOCIATES, LLC

BY: _____
                              Michael H. Joseph, Esq. (MJ8838)
                              184 Martine Avenue
                              White Plains, New York 10601
                              (914) 761-3168