UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY MANGANIELLO,

                              Plaintiff,        CIVIL ACTION No.: 07 CV 3644

   - Against-

THE CITY OF NEW YORK, et al.
                              Defendants,
-----------------------------------------------------------X

## PLAINTIFF'S PROPOSED INSTRUCTIONS TO THE JURY

Plaintiff requests that the following instructions be given to the jury:

**1.    2.18 CONSIDERATION OF THE EVIDENCE (Fifth Circuit)**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

2.  **2.16 IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS** (Fifth Circuit)

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony they gave at the trial.

Case 1:07-cv-03644-HB   Document 40   Filed 06/05/2008   Page 2 of 17

3.  **Burden of Proof--Preponderance of the Evidence (Form Instruction 73-2)**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this

and you should put it out of your mind.

4.    **FAILURE TO PRODUCE DOCUMENTS (PJI 1:77)**

The failure of Defendants to produce the homicide case file for the prosecution against Anthony Manganiello and the District Attorney's file for the prosecution against Anthony Manganiello, cannot be the basis of an inference against the defendants unless you are satisfied from the evidence in this case that these conditions have been met, First, that there is or was a document in the defendants' possession which relates in an important way to the issue of probable cause and second that the defendant has not offered a reasonable explanation for the failure to produce the documents. If these two conditions are met, you may, in weighing the evidence, although you are not required to, infer that the document if produced would not have supported defendants on the question of probable cause to charge the Plaintiff with the murder of Albert Acosta and would not contradict the evidence offered by the Plaintiff on that issue, and you may, although you are not required to draw the strongest inference against the Defendant on that question which the opposing evidence permits.

5.    4.1    **Section 1983 Introductory Instruction (THIRD CIRCUIT)**

Anthony Manganiello is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law

6.     **4.3**     **Section 1983 – Elements of Claim (THIRD CIRCUIT)**

Plaintiff must prove both of the following elements by a preponderance of the evidence:

First: [Defendant] acted under color of state law.

Second: While acting under color of state law, defendants deprived plaintiff of a federal constitutional right or statutory right.

7. **Federal Rights:**

Every citizen has the right under the Fourth Amendment, not to be deprived of his liberty or prosecuted without probable cause. Every citizen also has the right to not be deprived of liberty based upon fabricated evidence or testimony by investigating officers. Likewise, every citizen has the right not to be Maliciously Prosecuted. Therefore, if you find that the Plaintiff was maliciously prosecuted, the Plaintiff has established a violation of a right.

Zahrey v. Coffey, 221 F.3d 342, 349 (2d Cir. 2000).

Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996)

Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 128 (2d Cir 1997)

8.    **4.4.1**    **Section 1983 – Action under Color of State Law –**

**Action under Color of State Law Is Not in Dispute (THIRD CIRCUIT)**

**Model**

**Version A (government official):**

Because the defendants were police officers of the City of New York, at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of plaintiff's claim is not in dispute, and you must find that this element has been established.

9.  **4.13**  **Section 1983 – Malicious Prosecution (THIRD CIRCUIT)**
**Model (Modified)**

Anthony Manganiello claims that defendants Luis Agostini, Richard Martinez, Shawn Abate, Derrick Parker, Alex Perez and Miriam Nieves violated Plaintiff's Fourth, Fifth and Sixth Amendment rights by initiating and continuing the prosecution of Plaintiff for the crimes of Murder in the Second Degree, Manslaughter in the First Degree and Criminal Possession of a Weapon in the Second Degree

To establish this claim of malicious prosecution, plaintiff must prove the following things by a preponderance of the evidence:

First: Defendants initiated or continued the criminal proceeding against plaintiff.

Second: Defendants lacked probable cause to initiate or continue the proceeding.

Third: The criminal proceeding ended in plaintiff's favor.

Fourth: Defendants acted maliciously

Fifth: As a consequence of the proceeding, Plaintiff suffered a significant deprivation of liberty.[1]

In this case, the third and fifth of these issues are not in dispute: I instruct you that the criminal proceeding ended in plaintiff's favor and that plaintiff suffered a deprivation of liberty consistent with the concept of seizure.

10.  **FIRST ELEMENT INITIATION OR CONTINUATION OF CHARGES**

A police officer's act of filing the charges is sufficient to establish that the defendant initiated a prosecution. A police officer who gives the prosecutor false information

which induces the prosecutor to act also initiates and continues the prosecution.

Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).

11.   **4.13    Section 1983 – Malicious Prosecution (THIRD CIRCUIT) Model (Modified)**

As to the second element of plaintiff's malicious prosecution claim, plaintiff must prove that defendants lacked probable cause to initiate or continue the proceeding. To determine whether probable cause existed, you should consider whether the facts and circumstances available to defendants would warrant a prudent person in believing that plaintiff had committed the crime of Murder in the Second Degree, Manslaughter in the First Degree and Criminal Possession of a Weapon in the Second Degree

A person is guilty of murder in the second degree when with intent to cause the death of another person, he causes the death of such person.

A person is guilty of manslaughter in the first degree when with intent to cause serious physical injury to another person, he causes the death of such person or With intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance

A person is guilty of criminal possession of a weapon in the second degree when: with intent to use the same unlawfully against another, such person possesses a loaded firearm.

Defendants have pointed out that plaintiff was indicted by a grand jury. The indictment establishes that there was probable cause to initiate the proceeding unless plaintiff proves by a preponderance of the evidence that the indictment was obtained by fraud, perjury or other corrupt means.

12. **FURTHER DEFINITION OF PROBABLE CAUSE BASED UPON 2nd CIRCUIT LAW**

Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting a person in the manner complained of. For probable cause to be present, there must be more than rumor, suspicion, or even a strong reason to suspect that the defendant committed the crime. To support a claim of the existence of probable cause, the information upon which the officers purport to rely must be reasonably trustworthy information. Officers evaluating a probable cause determination must sift through conflicting information and resolve discrepancies to find that probable cause does or does not exist. The fact that a witness provides the police with information of an alleged crime does not without more, establish probable cause, Rather the officer has a duty to assess the reliability of the witness and, if circumstances call into doubt the witness' veracity to investigate the allegations and corroborate them. Probable cause is not established by witness testimony where the witness offers inconsistent accounts, which the defendants could have discovered with reasonable investigation.

Rounseville v. Zahl, 13 F.3d 625, 629 (2d Cir. 1994).

Jovanovic v. City of New York, 2006 WL 2411541(S.D.N.Y. 2006).

U.S. v. Fisher, 702 F.2d 372, 374 (2d. Cir. 1983).

Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).

Bullard v. City of New York, No. 01 Civ. 11613, 2003 WL 168444, at *4 (S.D.N.Y. 2003)

13.  **MALICIOUSNESS**

As to the fourth element of the malicious prosecution claim, plaintiff must prove that in initiating or continuing the proceeding, Defendants acted out of spite, malice or that defendants did not believe that the proceeding was proper or the defendants commenced and continued the proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.

Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir 1996).

Boyd v. City of New York, 336 F.3d 72 (2d Cir 2003).

14.  4.8.1                Section 1983 – Damages –

**Compensatory Damages (THIRD CIRCUIT)**

**Model**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find defendants liable, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of defendants' conduct.

Plaintiff must show that the injury would not have occurred without defendants' acts. Plaintiff must also show that defendants' acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendants' acts.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages

- Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, depression, anxiety, post traumatic stress disorder and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

- The reasonable value of the psychological care that plaintiff reasonably needed and actually obtained, and the present value of such care and supplies that plaintiff is

reasonably certain to need in the future.

- The wages, salary, and benefits that plaintiff has lost because of his inability to work, and the present value of the wages, salary and benefits that plaintiff is reasonably certain to lose in the future because of his inability to work.
- The reasonable value of legal services that plaintiff reasonably needed and actually obtained to defend and clear himself.
- The reasonable value of each day of confinement caused by the defendants' actions.

15.   4.8.2                    Section 1983 – Damages –

**Nominal Damages (THIRD CIRCUIT)**

If you return a verdict for Plaintiff, but plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

### 16.     Form Instruction 87-92 Exemplary or Punitive Damages

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

Respectfully submitted,

OSORIO & ASSOCIATES, LLC

BY: _____
Michael H. Joseph, Esq.
184 Martine Avenue
White Plains, New York 10601
(914) 761-3168

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY MANGANIELLO,

                       Plaintiff,        CIVIL ACTION No.: 07 CV 3644

   - Against-

THE CITY OF NEW YORK, et al.
                       Defendants,
-----------------------------------------------------------X

## DECLARATION OF SERVICE

Pursuant to 28 USC §1746, I hereby declare, under penalty of perjury under the laws of the United States of that the following is true and correct.

Deponent is not a party to the action, is over 18 years of age and resides at 184 Martine Ave., White Plains, N.Y. 10601. That on the 5th day of June, 2008, deponent served the within **PLAINTIFF'S PROPOSED INSTRUCTIONS TO THE JURY** upon:

                             Corporation Counsel
                             100 Church Street
                             New York, NY 10007

at the last known address designated by them for that purpose by personally handing same to Mark Zuckerman, Esq. .

                                                     _____
                                                     Michael H. Joseph, Esq.