SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX: CRIMINAL TERM: PART 38
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK                  :

    - against -                                                      :  Indictment No. 2207-01
                                                                                    Supplemental
                                                                                   Decision & Order
ANTHONY MANGANIELLO                                  :

                                          Defendant.             :
------------------------------------------------------------X
PATRICIA ANNE WILLIAMS, J.:

      On July 23, 2001 this Court issued an Opinion with respect to the defendant's Omnibus motion in which it reserved decision on that aspect of the Grand Jury minutes addressed to the proceedings before the Grand Jury insofar as the integrity of that body may have been impaired pending receipt of information from the People as to whether or not the key witness in those proceedings had some cooperation agreement with the People.[1] The People responded timely to this Court's inquiry. The People's response has answered the Court's question in the affirmative, although representing that the agreement in question is allegedly addressed only to unrelated but ongoing narcotics investigations.

      In urging this Court to find the proceedings before the Grand Jury to be proper in every way, the People have cited the holdings of the Court of Appeals in **People v. Mitchell**, 82 N.Y.2d 509, 605 N.Y.2d 655 (1993) [ a case in which this Court was the trial-level court that dismissed the Indictment with leave to re-present] and **People v. Lancaster**, 69 N.Y.2d 20, 511 N.Y.S.2d 559 (1986) in which the Court of Appeals noted

---

    [1] That decision is incorporated herein by reference and made a part hereof.

-2-

the broad discretion of the People in presenting their case to a Grand Jury and the absence of any requirement that they present evidence tending to exculpate the defendant. However, the People concede that the existence of the said cooperation agreement is not "exculpatory" in the true sense of that word, but rather is germane to issues of credibility. Thus, the sole question before this Court is whether under circumstances such as the ones presented, the People's failure to present evidence of that agreement in some way impaired the integrity of the Grand Jury.

Authority on this precise issue of whether evidence which is otherwise merely impeaching in nature becomes crucially important where the witness before the Grand Jury is "virtually indispensable" to the People's presentation is sparse. It is abundantly clear that since it is the People in whom is vested the authority to prosecute, that their discretion as to how, when and in what manner to do so is broad, and that they need not present exculpatory evidence except in certain narrowly defined circumstances. However, there is some authority that where a sole witness provides the only nexus establishing the proposed defendant's participation in and commission of a crime, the People may very well have a duty to disclose matters which might "materially influence" the Grand Jury's deliberations. Thus, in **People v. Emil Sorenson**, 10/2/91 N.Y.L.J., p. 29 col. 4-5 (S. Ct., Richmond County.), shortly after his Grand Jury testimony, a witness pleaded guilty upon the express representation that the terms of his cooperation agreement with the People would be considered along with the People's recommendation as to the sentence to be imposed. The Court there found that the non-disclosure of the cooperation agreement coupled with the witness' waiver of

-3-

immunity before the Grand Jury resulted in the bolstering of his credibility before the Grand Jury.[2] Finding, under the specific facts of that case, that the non-disclosure of the agreement "so impaired the integrity of these proceedings as to warrant dismissal of the Indictment", the Court did so granting leave to represent.

Approximately two and one-half weeks subsequent to the publication of the decision in **Sorenson**, a court of coordinate jurisdiction, ruling upon a similar issue ruled that such a non-disclosure was not fatal to the Grand Jury presentation. **People v. Charles Gallman**, 152 Misc. 2d 1033, 579 N.Y.S. 2d 561 (Queens County November 1991). In this case, the witness who was an accomplice to the crime, was the only witness to not only place the defendant at the scene of the murder (many other witnesses had so testified) but also provided evidence which would tend to connect him with the shooter. The witness had entered into a cooperation agreement with the People pursuant to which he was "in effect, granted immunity... for certain prior crimes" and which "limited his jail exposure for his current arrest." No mention of this agreement was made when the witness testified before the Grand Jury.

The **Gallman** court, in an exhaustive and cogent review of the applicable law, noted that the seminal case of **People v. Bartolomeo**, 126 A.D. 2d 375, 513 N.Y.S.2d 981, *lv. denied*, 70 N.Y.2d 702, 519 N.Y.S.2d 1037 (1987) had held that while not generally required, such disclosure "might be necessary if the withholding of such evidence would *materially influence* the Grand Jury's investigation." [emphasis added].

---

[2] The witness in the instant case was neither an accomplice to the crimes charged nor did he testify pursuant to a waiver of immunity.

-4-

Based upon its review of those few cases dealing with the area of the "material influence" exception to the general rule of no requirement to disclose such impeachment matters, the <u>Gallman</u> court developed a two-prong test for such situations. In the exact words of Justice Golia, ". . . a District Attorney would have a duty to disclose the existence of a cooperation agreement to the Grand Jury if: 1) the witness's testimony is vital and not cumulative; and 2) the failure to present credibility evidence, *i.e.*, the cooperation agreement, is so material to the case as to constitute a deception of the Grand Jury." This court sees no reason not to adopt this test.

Applying that test, this Court also agrees with the distinction made by the Honorable Justice Golia between exculpatory and impeachment evidence. Utilizing these principles, this Court now finds that the People's failure to disclose the cooperation agreement between themselves and the witness was not an omission which would "materially influence" the Grand Jury's investigation. Although the terms of the cooperation agreement as well as the facts as set forth in the People's Supplemental Affirmation to which it is attached as an Exhibit are sufficiently non-specific as to raise questions, the fact is that, as in <u>Gallman</u>, the nature of the evidence presented to the Grand Jury was itself sufficient to put in issue the witness' credibility. See, <u>People</u> v. <u>Robert Murphy</u>, 9/16/94 N.Y.L.J., p. 30 col. 2. All other questions relating to the cooperation agreement as it affected the witness' credibility are properly reserved to the trial of this matter before a Petit Jury and/or a Judge.

While this Court's July 23, 2001 Opinion stated that the Court was reserving decision on the sufficiency of the evidence presented before the Grand Jury, that was

-5-

not accurate. In fact, the evidence submitted to the Grand Jury was at all times sufficient to support the charges contained in the instant Indictment. Based upon the foregoing discussion, the sole issue before this Court with respect to the Grand Jury has been resolved in favor of the People in that this Court finds that no improprieties before that body occurred and that the integrity of the Grand Jury was not impaired. Finally, this Court finds that the legal instructions given to the Grand Jury were adequate to advise that body of the applicable law. Therefore, all aspects of the defendant's omnibus motion addressed to the proceedings before the Grand Jury are denied in all respects.

## CONCLUSION

The foregoing constitutes the decision and order of this Court.

**DATED: AUGUST 6, 2001**

_____
**PATRICIA ANNE WILLIAMS**
**ACTING JUSTICE OF THE**
**SUPREME COURT**