

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **HILLARY A. FROMMER**<br>*Senior Counsel*<br>Phone: (212) 788-0823<br>Fax: (212) 788-9776<br>hfrommer@law.nyc.gov |

March 18, 2008

**VIA FIRST CLASS MAIL**
Michael Joseph, Esq.
Osorio & Associates, LLC
184 Marine Avenue
White Plains, New York 10601

     Re: Manganiello v. The City of New York et al.,
       07 Civ. 3644 (HB)

Dear Mr. Joseph:

  On March 10, 2008 immediately preceding Dr. Latif's deposition in the above-referenced matter, you handed me Plaintiff's Notice to Admit. As you are aware, discovery closed on March 14, 2008 and the Court's March 14, 2007 Order denied any further extensions of time in which to complete discovery. Plaintiff's March 10, 2007 Notice to Admit does not provide defendants with the statutorily required thirty days to respond within the discovery period. Therefore, defendants are retuning herein Plaintiff's Notice to Admit as untimely. Defendants do not admit or deny any of the statements contained in Plaintiff's Notice to Admit and preserve any and all objections thereto.

  Additionally, on March 5, 2008 defendants received Plaintiff's Supplemental Rule 26 Disclosure identifying a written statement provided by Mr. Sal Miro. However, plaintiff represented that such document is work product and refused to produce it to defendants. Defendants object to plaintiff's identification of Mr. Miro's statement as work product as per your representation, such statement was not prepared by a party or by plaintiff's counsel. Therefore, defendants demand that you provide your basis for refusing to provide Mr. Miro's statement. Furthermore, if plaintiff intends to use Mr. Miro's statement in any way in this litigation, or seeks to call Mr. Miro as a witness at trial, defendants demand that plaintiff immediately produce Mr. Miro's statement.

                            **Exhibit E**

Thank you for your attention to this matter.

                    Very truly yours,

                    Hillary A. Frommer
                    Senior Counsel

Enclosure