UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY MANGANIELLO,

Plaintiff,

**PROPOSED JOINT
PRETRIAL ORDER**

-against-

**07 Civ. 3644 (HB)**

THE CITY OF NEW YORK, DET. LUIS AGOSTINI,
individually and as a New York City Police Detective,
SHAWN ABATE, individually and as a New York City
Police Detective, DEREK PARKER, individually and as a
New York City Police Detective, LT. HENRY SCOTT,
individually and as a New York City Police Lieutenant,
P.O. ALEX PEREZ, individually and as a New York City
Police Officer, P.O. MIRIAN NIEVES, individually and as
a New York City Police Officer, MICHAEL PHIPPS,
individually and as a the Commanding Officer of the 43rd
Precinct, JOHN McGOVERN, individually and as a New
York City Police Detective Sergeant, ROBERT
MARTINEZ, individually and as a New York City Police
Detective, GERYL McCARTHY, individually and as a
New York City Police Deputy Inspector,

Defendants.

------------------------------------------------------------------------ x

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, and in accordance

with the Individual Practices of the Honorable Harold Baer, Jr., the parties respectfully submit

the following proposed joint pretrial order:

## FULL CAPTION OF ACTION

The full caption of the case is set forth above.  However, as set forth below,

defendants request that the caption be amended to accurately reflect only the six defendants

remaining in this action: Luis Agostini; Shawn Abate; Derek Parker; Alex Perez; Miriam Nieves;

and Richard Martinez.

All of plaintiff's claims against defendants City of New York, Henry Scott, Michael Phipps, John McGovern, and Geryl McCarthy were dismissed during the Oral Argument on defendants' summary judgment motion which was held before the Court on May 28, 2008. Defendants respectfully request that the names of those defendants who were dismissed from this action be removed from the caption.

## NAMES, ADDRESSES, NUMBERS OF COUNSEL

### FOR PLAINTIFF:

MICHAEL H. JOSEPH, ESQ., OSORIO & ASSOCIATES, LLC, 184 Martine Avenue, White Plains, New York 10601; (914) 761-3168, Fax (914) 761-8076.

### FOR DEFENDANTS:

MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, by MARK D. ZUCKERMAN, and AMY N. OKEREKE, 100 Church Street, New York, New York 10007; (212) 442-8248, (212) 788-9790, Fax (212) 788-9776.

## SUBJECT MATTER JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331, 1343, 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## SUMMARY OF CLAIMS AND DEFENSES

### PLAINTIFF'S CONTENTIONS

Plaintiff brings this action seeking monetary damages including compensatory and punitive damages caused by malicious prosecution and deprivation of his civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, Sixth and Fourteenth

Amendments to the United States Constitution. Plaintiff further seeks attorneys fees and costs under 42 U.S.C. 1988.

Plaintiff alleges that between February 12, 2001 and July, 2004, a prosecution was initiated and continued against him for the homicide of Albert Acosta, that the prosecution was brought with malice and without probable cause to believe that it could succeed and that the prosecution terminated in favor of the Plaintiff. Plaintiff alleges that defendants Agostini and Abate improperly targeted him as a perpetrator because of a personal animosity which arose during an initial interview and because a lawyer had been called on plaintiff's behalf. Defendants Agostini and Abate were advised after Plaintiff's initial arrest that there was no probable cause to charge Plaintiff with the murder of Mr. Acosta.

Plaintiff contends that after being advised that there was no probable cause to charge the Plaintiff, defendants set out on a course of action to manufacture probable cause against Plaintiff. Plaintiff alleges that he was arrested and prosecuted for murder based upon manufactured evidence, perjured testimony and that exculpatory evidence was destroyed and withheld.

Plaintiff maintains that defendants Parker and Agostini brokered a deal whereby Terrance Alston, a known criminal, was released from jail, after being indicted on attempted murder and robbery charges, in exchange for false statements and testimony which falsely implicated Plaintiff in Mr. Acosta's murder and for producing Mark Damon who also provided false statements against the Plaintiff. At the time when Alston and Damon were produced, circumstances strongly indicated that their veracity was questionable and the defendants knew Alston was a liar and was making up stories to get out of jail.

Plaintiff further alleges that defendants Agostini, Martinez and Abate threatened Michael Booth and intentionally failed to investigate his criminal activities in exchange for statements and testimony that falsely implicated Plaintiff in the murder of Acosta. Additionally, evidence of criminal gambling activity which was found on Booth's person, disappeared after Booth gave detectives a statement implicating Plaintiff.

Plaintiff further maintains that defendants Perez and Nieves provided false testimony before the grand jury, and/or at pre-trial hearings and at trial that prior to Plaintiff's arrival at the scene of the homicide, there had been no radio broadcast identifying the victim as a Parkchester security officer, when in fact said broadcast had been made. Plaintiff further alleges that Ms. Nieves testified falsely that Plaintiff made a statement to her which indicated that he knew the identity of the victim prior to entering the room. Said false testimony by defendants Perez and Nieves was designed to unfairly insinuate that Plaintiff was the murderer.

Plaintiff further maintains that defendant Agostini manufactured several pieces of evidence including a DD5 attributing statements to Sal Miro that he never made, to the effect that Plaintiff owned a gun of the same caliber as the one used in the Acosta shooting and created DD5s that falsely stated that Plaintiff was evasive when initially questioned about Acosta's shooting. Plaintiff further maintains that Agsontini and Martinez created DD5s which attributed statements to Walter Cobb, which were different than the statements, which Cobb gave to the initial responders to the Acosta homicide. That Agostini, Parker and Abate withheld information from the District Attorney including that Alston had lied about Plaintiff buying a gun from a person named Johnny Baker, that Alston had given inconsistent statements, that Booth was threatened and criminal evidence against him disappeared after he gave a statement against Plaintiff, that Cobb had made inconsistent statements about where the shots came from and who

he saw leave the building. Plaintiff further maintains that Agostini withheld evidence and destroyed evidence that was exculpatory to Plaintiff including initial interview notes that contradicted the later testimony of Cobb and Plaintiff's memo book and a summons which showed where he was throughout the course of the morning of Acosta's murder.  Plaintiff maintains that for the entire time he was at 1700 Metropolitan Ave., Bronx NY, on February 12, 2001, he was with officers Eric Rodriguez and Jamie Ortiz. Initially when Defendant Rodriguez interviewed officers Rodriguez and Ortiz, they stated that Plaintiff was with them at the call, seemed normal and left the building with them. However, Agostini later created a DD5 which attributed statements to the officers that Plaintiff left before them.  Plaintiff further maintains that Agostini falsely testified in a pre-trial hearing that a note was found in Plaintiff's work locker which said "I feel like killing someone", when in fact the note said that I hope I never have to kill someone and that Plaintiff's attorney asked the defendants whether it was intentional, after speaking to the Plaintiff. Plaintiff maintains that defendant Agostini further testified falsely at trial that among other things, Plaintiff was evasive in answering his questions after the homicide. Defendant Agostini also withheld evidence that contradicted his trial testimony.

Plaintiff further contends that defendants initiated and continued the prosecution without verifying the information provided by witnesses of questionable veracity and that defendants failed to consider exculpatory evidence such as a negative gun shot residue test and the fact that Cobb's testimony was contradicted by Richard Huello, a Verizon employee.

As a result of the foregoing actions, plaintiff was forced to incur legal bills for his defense, was caused to be incarcerated for ten days, have his liberty restrained by conditions of bail and lost his police certification. As a further result of the foregoing, plaintiff was caused to suffer serious emotional and mental illness, and was caused to be terminated from his

employment, his reputation was damaged and he has lost income and in the future will be caused to loose income and other benefits associated with his employment.

Plaintiff previously asserted that defendants' supervisors were liable for acts complained of herein and that the City was liable on a Monell claim. However these claims were recently dismissed by the Court, upon consideration of defendants' summary judgment motion.

*Defendants object to plaintiff's contentions.*

## DEFENDANTS' DEFENSES

Plaintiff's sole claim in this action is that defendants maliciously prosecuted him.

### Defenses to be Tried:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    The defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

3.    Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

4.    There was probable cause for plaintiff's prosecution.    A grand jury indictment creates a presumption of probable cause.

5.    At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

6.    Any injuries in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct and were not the proximate result of any act of defendants.

**Defenses Previously Asserted Which Are Not to be Tried:**

1.    Plaintiff's claim are barred in whole or in part by the applicable statute of limitations.

2.    Plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

3.    Plaintiff provoked any incident.

4.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## STIPULATIONS OR AGREED STATEMENTS OF FACT

Plaintiff's criminal case was terminated in his favor.

## LIST OF WITNESSES

### PLAINTIFF'S

Plaintiff intends to call all of the following individuals for live testimony, however reserves the right to read their deposition testimony or other prior testimony, in the event that Plaintiff is unable to secure their attendance.

1.    Anthony Manganiello
2.    Mario Manganiello
   **DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point IV of defendants' motion in limine dated June 5, 2008.

3.    Steven Colangelo

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XIV of defendants' motion in limine dated June 5, 2008.

4.  Richard Huello

**DEFENDANTS' OBJECTION:** Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, defendants object to this witness on the grounds that his testimony is irrelevant, as he did not testify during plaintiff's grand jury hearing. This witness' introduction at trial constitutes plaintiff's attempt to re-litigate issues germane to his criminal trial, and not issues relevant to plaintiff's malicious prosecution claim. Thus, Richard Huello's testimony would be both prejudicial and confusing to the jury.

5.  Sal Miro

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XI of defendants' motion in limine dated June 5, 2008.

6.  Rolf Ohle

**DEFENDANTS' OBJECTION:** Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, defendants object to this witness on the grounds that his testimony is irrelevant, as he did not testify during plaintiff's grand jury hearing. This witness' introduction at trial constitutes plaintiff's attempt to re-litigate issues germane to his criminal trial, and not issues relevant to plaintiff's malicious prosecution claim. Thus, Rolf Ohle's testimony would be both prejudicial and confusing to the jury.

7.  Matias Colon

**DEFENDANTS' OBJECTION:** Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, defendants object to this witness on the grounds that his testimony is irrelevant, as he did not testify during plaintiff's grand jury hearing. This witness' introduction at trial constitutes plaintiff's attempt to re-litigate issues germane to his criminal trial, and not issues relevant to plaintiff's malicious prosecution claim.

Thus, Matias Colon's testimony would be both prejudicial and confusing to the jury.

8.     Luis Agostini

9.     Shawn Abate (By Deposition)

10.    Richard Martinez

11.    Derrick Parker

12.    Harry Scott

13.    John McGovern

14.    Miriam Nieves

15.    Alex Perez (By trial testimony and Grand Jury testimony)

16.    Rehana Latif, M.D.

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XVI of defendants' motion in limine dated June 5, 2008. Furthermore, should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to presentation of this witness during the liability stage of trial, as plaintiff seeks to elicit testimony concerning his damages from this witness.

17.    Frank D. Tinari, Phd

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XVI of defendants' motion in limine dated June 5, 2008. Furthermore, should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to presentation of this witness during the liability stage of trial, as plaintiff seeks to elicit testimony concerning his damages from this witness.

18.    Murray Richman or employee with knowledge of fees paid by Plaintiff

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Furthermore, should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to presentation of this witness during the liability stage of trial, as plaintiff seeks to elicit testimony concerning his damages from this witness.

19.   Eric Rodriguez

20.   John Ballamy

21.   Custodian of Records Representative of Parkchester Security

22.   Geryl McCarthy

23.   Christine Scaccia

24.   Mary D'Andrea

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point IV of defendants' motion in limine dated June 5, 2008.

25.   Jaime Ortiz

*Defendants reserve their right to call any of the witnesses listed by plaintiff.*

## DEFENDANTS'

1.   Luis Agostini

2.   Shawn Abate

3.   Derek Parker

4.   Alex Perez (by Grand Jury and Trial Testimony, if necessary)

5.   Miriam Nieves

6.   Richard Martinez

7.   John McGovern

8.   Assistant District Attorney Christine Scaccia

9.   Dennis Cowan (or other Parkchester Housing Security Representative)

10.  Nicholas Petraco (defendants' expert)

## DESIGNATION OF DEPOSITION TESTIMONY

**PLAINTIFF'S** *(SEE ATTACHED)

**DEFENDANTS' OBJECTION:** Defendants object to the extent that plaintiff has designated numerous portions of the deposition and criminal trial transcripts for use at trial. Defendants reserve their right to object at trial to each of the designated sections. Furthermore, defendants object to plaintiff's designations to the extent that they are listed as proposed exhibits to be entered into evidence. To

the extent that the Court allows plaintiff to use designated portions of deposition and criminal trial testimony, defendants object on the grounds that the designations compromise testimony that is prejudicial and irrelevant, pursuant to Federal Rules of Evidence 402, 403, and 804.


**DEFENDANTS'**

Defendants do not expect to use the deposition testimony of any witness in their case-in-chief. Defendants respectfully reserve the right to use prior sworn testimony in their case-in-chief if a witness becomes unavailable. Defendants also respectfully reserve the right to use prior sworn testimony for impeachment purposes.

## LIST OF EXHIBITS

**PLAINTIFF'S**

Any objection not set forth herein will be considered waived absent good cause shown.

**DEFENDANTS' OBJECTION:** Defendants reserve the right to raise objections to plaintiff's exhibits up until, and/or, at trial.

**Plaintiff Objects to defendant raising any objection not stated herein**

Ex. 1: DD5 dated 2-12-01, Ex. 1 (dated 12-19-07)

Ex. 2: DD5, Ex. 2 (Dated 12-19-07)

Ex. 3: DD5 dated 2-12-01, Ex. 3 (Dated 12-19-07), also bates stamped 792, 793

Ex. 4: DD5 dated 2-12-01 Ex. 4 (dated 12-19-07)

Ex. 5: DD5 dated 2-12-01 Ex. 5 (dated 12-19-07), also marked Ex. B (dated 6-21-04)

Ex. 6: DD5 dated 2-12-01, Ex. 6, (dated 12-19-07)

Ex. 7: Certificate of Disposition

> **DEFENDANTS' OBJECTION:** Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, defendants object to this exhibit because it is not relevant, is duplicative, and constitutes bolstering.

Ex. 8:  DD5, dated 3-08-01, Ex. 8 (dated 12-19-07)

Ex. 9:  DD5 dated 2-14-01, Ex. 9 , (dated 12-9-07)

Ex. 10: DD5 dated 2-17-01, Ex 10, (dated 12-19-07)

Ex. 11: Sprint Report, Ex. 11 (dated 12-20-07 , also marked Ex. A

(dated 6-28-04)

> **DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point VII of defendants' motion in limine dated June 5, 2008. Defendants further object to this exhibit pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence because it is not relevant, is confusing, lacks a proper foundation, and represents hearsay.

Ex. 12: DD5 dated 2-12-01, Ex. 12, (dated 12-20-07)

Ex. 13: Crime Scene Report, Ex. 13, (dated 12-20-07), also marked Scaccia Ex. 5 dated 5-2-08

> **DEFENDANTS' OBJECTION:** Pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence, defendants object to this exhibit because it is not relevant, is confusing, lacks a proper foundation, and represents hearsay.

Ex. 14: DD5, dated 2-12-01, Ex. 14 (dated 12-20-07)

Ex. 15: (a-h) Pictures of Plaintiff's Car

> **DEFENDANTS' OBJECTION:** Pursuant to Rule 402 of the Federal Rules of Evidence, defendants object to this exhibit because it is not relevant and is prejudicial.

Ex. 16: Note from Locker Ex. 16, dated (12-20-07 )

Ex. 17: DD5 dated 2-12-01, Ex. 17 (dated 12-20-07)

Ex. 18: DD5, dated 2-12-01, Ex. 18 (dated 12-20-07), also bates stamped 807

Ex 19: DD5 dated 2-12-01, Ex. 19 (dated 12-20-07)

Ex. 20: DD5 dated 2-12-01, Ex. 20, (dated 12-20-07)

Ex. 21: DD5 dated 22-27-02, Ex. 21 (dated 12-20-07)

Ex. 22: DD5 dated 2-15-01, Ex. 22, (dated 12-20-07)

Ex. 23: DD5 dated 4-5-01, Ex. 23 (dated 12-20-07), also marked Scaccia 3 (dated 5-2-08)

Ex. 24: Felony Complaint, Ex. 24 (dated 12-20-07)

Ex. 25: DD5, Dated 2-12-01, Ex 25 (dated 12-20-07)

Ex. 26: DD5, dated 2-24-01 Ex. 26, (dated 12-20-07)

Ex. 27: DD5 dated 2-27-01, Ex 27, (dated 12-20-07)

Ex. 28: DD5 dated 2-12-01, Ex. 28, (dated 12-20-07)

Ex. 29: DD5, dated March 1, 2001 Ex. 29 (dated 12-20-04)

Ex. 30: Alston Indictment, Ex. 30 (dated 1-30-08)

> **DEFENDANTS' OBJECTION:** Pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence, defendants object to this exhibit because it is not relevant, lacks a proper foundation, and represents hearsay.

Ex. 31: Notorious Cop, Ex. 31, (dated 1-30-03)

> **DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XII of defendants' motion in limine dated June 5, 2008. Defendants further object to this exhibit pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence because it is not relevant, is confusing, prejudicial, and represents hearsay.

Ex. 32: Sgt Ohle Memo Book

> **DEFENDANTS' OBJECTION:** Pursuant to Rules 403 and 802 of the Federal Rules of Evidence, defendants object to this exhibit because it lacks a proper foundation and represents hearsay.

Ex. 33: DD5 dated 2-12-01, Subject Interviewed Anthony Manganiello

Ex. 34: Memo Book of P.O. Rodriguez, Ex. 1 (dated 5-15-08)

> **DEFENDANTS' OBJECTION:** To the extent that plaintiff intends to introduce this exhibit without Officer Erik Rodriguez's in-court testimony, defendants object to this exhibit pursuant to Rules 403 and 802 of the Federal Rules of Evidence because it lacks a proper foundation and represents hearsay.

Ex. 35: DD5 dated 2-15-01 Subject Phone call received from Terrance Alston

Ex. 36: DD5 dated 2-16-01, Subject Interview of David Brewer

Ex. 37: DD5 dated 2-12-01, (Abate Ex. 8)

Ex. 38: Grand Jury Transcripts

Ex. 39: DD5 dated March 1, 2001, bates Stamped 862, also marked PLF 5 (dated 3-13-08)

Ex. 40: DD5 dated 2-12-01 Re: Interview of Patrol Supervisor/Sgt. Peter Rose

Ex, 41: DD5 dated March 1, 2001, Scaccia Ex. 4 (Dated 5-2-01 also bates stamped 849 2 statements of Michael Booth, one of which is bates stamped 850

Ex. 42: DD5, Abate Ex. 10, also bates stamped 798

Ex. 43: DD5 dated 2-12-01, bates stamped 796

Ex. 44: DD5, Re: Pistol License Check

Ex. 45: Decision and Order of the Honorable Patricia Anne Williams, dated July 23, 2001

> **DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point VIII of defendants' motion in limine dated June 5, 2008. Defendants further object to this exhibit pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence, because it is not relevant, is prejudicial, lacks a proper foundation, and represents hearsay.

Ex. 46: Affirmation of A.D.A. Mary D'Andrea, marked Scaccia 2, dated 5-2-08

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Section IX of defendants' motion in limine dated June 5, 2008. Defendants further object to this exhibit pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence, because it is not relevant, prejudicial, and represents hearsay.

Ex. 47: 911 tapes, marked as Scaccia 6 (Dated 5-2-08)

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point VII of defendants' motion in limine dated June 5, 2008. Defendants further object to this exhibit pursuant to Rules 403 and 802 of the Federal Rules of Evidence because it is inaudible, confusing, lacks a proper foundation, and represents hearsay.

Ex. 48: Plaintiff's Notice to Admit

**DEFENDANTS' OBJECTION:** Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, defendants object to this exhibit because it is not relevant and prejudicial. Defendants furthermore object to this exhibit on the grounds that it was not properly served during discovery, pursuant to the Federal Rules of Civil Procedure.

Ex. 49: Plaintiff's tax returns.

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 50: Letter dated 3-22-01 from John Bellamy to Plaintiff

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 51: Letter from Police Department, License Division dated 10-23-93, bates stamped 0206

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 52: Letter from Andre Butler, dated 9-28-01, bates stamped 0002

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 53: Letter from P.O. J. Murch to Parkchester, bates stamped 0001

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 54: Letter from Deputy Inspector Benjamin Petrofsky to Plaintiff dated 10-9-01

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 55: Collective Bargaining Agreement(s)

**DEFENDANTS' OBJECTION:** Defendants object on relevancy and hearsay grounds. Moreover, defendants respectfully refer the Court to

Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 56: Medical Records of Dr. Latif

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XVI of defendants' motion in limine dated June 5, 2008. Furthermore, should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 57 (A-C) Economic projections of Dr. Tinari

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XVI of defendants' motion in limine dated June 5, 2008. Furthermore, should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 58 Letter, dated 12-21-06 from Law Office of Murray Richman, concerning fees paid

**DEFENDANTS' OBJECTION:** Defendants respectfully refer the Court to Point XV of defendants' motion in limine dated June 5, 2008. Should the Court grant defendants' motion to bifurcate the damages portion of plaintiff's case, defendants object to the introduction of this exhibit during the liability stage of trial, as it concerns plaintiff's damages.

Ex. 59: Parkchester Security Record, Re: Acosta being thrown through a window.

**DEFENDANTS' OBJECTION:** Pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence, defendants object to this exhibit because it is not relevant, and represents hearsay.

Ex.60: Nieves Memo book

Ex. 61 Defendants' Exhibit Y.


*Defendants reserve their right to introduce any of the exhibits listed by plaintiff.*

**DEFENDANTS'**

A.  Parkchester Record Dated 4/17/94 RE: Harassment for SP Manganiello
    (Defendants Exhibit A, Dated 12/21/07)

    **Plaintiff's Objection**, hearsay, irrelevant, prejudicial and the documents
    seek to  offer propensity evidence. Plaintiff's arguments are more fully
    stated in Plaintiff's in limine motion.

B.  12 Photographs of 1700 Metropolitan Avenue; Bronx, New York

C.  Grand Jury Testimony

D.  Memo Book Entry of Miriam Nieves

E.  Memo Book Entry of Alex Perez

    **Plaintiff's Objection**, Alex Perez failed to appear for a deposition.

F.  Parkchester Logbook Entries

    **Plaintiff's Objection**, hearsay and the log book entries are incomplete and
    based in part on inaudbile recordings.

G.  Parkchester Statement Signed by Rolfe Ohle

    **Plaintiff's Objection**, Foundation, irrelevant and hearsay.

H.  DD5 by Richard Martinez on 2/13/01 Re: Interview Maint. Worker

I.  DD5 by Richard Martinez on 02/12/01 Re: Sketch of Scene

J.  DD5 by Richard Martinez on 02/12/01 Re: Interview 43 Officers responding
    to Dispute at 1700 Metropolitan Ave. 5E

K.  DD5 by Richard Martinez on  02/12/01  Re: Interview Richard Huello

L.  DD5 by Richard Martinez on 02/12/01  Re:  Interview John Grimes

M.  DD5 by Richard Martinez on 02/12/01 Re: Interview 43 officers responding
    to dispute at 1700 Metropolitan Ave. 5E

N.  DD5 by Richard Martinez  on 02/16/01 Re:  Attempts to locate Jonathan
    Baker

O. DD5 by Richard Martinez on 03/06/01 Re:  Confer w/ Bx Me Office

P. DD5 by Richard Martinez on 03/08/01  Re:  Request for Microscopic Analysis on recovered .22 Handgun

Q. DD5 by Richard Martinez on 02/12/01 Re: Interview P.o. Perez Sh# 13912 43rd Pct DD5 by  R. E. Martinez on 02/12/01 Re:  Interview Walter Cobb

R. DD5 by Luis R. Agostini 2/12/01 Re: Interviewed Parkchester Supervisor

S. DD5 by Luis R. Agostini 02/12/01 Re:  Interviewed Resident 1700 Metropolitan Ave Apt# 5E

T. DD5 by Luis R. Agostini 02/12/01 Re: Interviewed Anthony Manganiello

U. DD5 by Luis R. Agostini 2/12/01 Re:  Conferred with ADA Dondes

V. DD5 by Luis R. Agostini 02/12/01 Re: Observed Inventory

W. DD5 by Luis R. Agostini 02/12/01 Re:  Responded to Jacobi Hospital

X. DD5 by Luis R. Agostini 02/12/01 Re:  Conferred with ADA Dondes

Y. DD5 by Luis R. Agostini 02/12/01 Re:  Reclassified to Murder(homicide)

Z. DD5 by Luis R. Agostini 02/12/01 Re:  Interviewed Officers who transported Deft

AA.    DD5 by Luis R. Agostini 02/12/01 Re:  Conferred with EMS

BB.    DD5 by Luis R. Agostini 02/12/01 Re: Responded to Jacobi Hospital

CC.    DD5 by Luis R. Agostini 02/13/01 Re:  Canvass 1700 Metropolitan Ave.

DD.    DD5 by Luis R. Agostini 02/15/01 Re:  Conferral With Park Police

EE. DD5 by Luis R. Agostini 02/15/01 Re: HIDTA Check

FF. DD5 by Luis R. Agostini 02/15/01 Re: Interviewed Terrance Alston

GG.    DD5 by Luis R. Agostini 02/15/01 Re: Conferral with ATF

HH.    DD5 by Luis R. Agostini 02/15/01 Re: Conferral with ADA Panzavecchia

II. DD5 by Luis R. Agostini 02/16/01 Re: Interviewed Sgt  Santiago (Parkchester)

**Plaintiff's Objection**: Irrelevant.

JJ. DD5 by Luis R. Agostini 02/16/01 Re: Interviewed Sgt McKnight (Parkchester)

**Plaintiff's Objection**: Irrelevant.

KK.    DD5 by Luis R. Agostini 02/16/01 Re: Re-Interview Sgt Ohle
(Parkchester)

LL. DD5 by Luis R. Agostini 02/17/01 Re: Contacted Champagne Seignious

MM.    DD5 by Luis R. Agostini 02/15/01  Re: Conferral with State Police
**Plaintiff's Objection**: Irrelevant.

NN.    DD5 by Luis R. Agostini 02/15/01  Re: Conferral with ATF

OO.    DD5 by Luis R. Agostini 02/15/01  Re: Conferral with ADA Panzavecchia

PP. DD5 by Luis R. Agostini 02/17/01  Re: Interview SPO Anthony S. Langhorn
(Parkchester)
**Plaintiff's Objection**: Hearsay, propensity, prejudicial and irrelevant.

QQ.    DD5 by Luis R. Agostini 02/17/01 Re: Visited 100 Dekruif Place Apt#
20M
**Plaintiff's Objection**: Irrelevant.

RR.    DD5 by Luis R. Agostini 02/17/01 Re: Interviewed Barbara Howar

SS. DD5 by Luis R. Agostini 02/17/01 Re: Interviewed Johnny Baker

TT. DD5 by Luis R. Agostini 02/17/01 Re: Conferral with NY State Park Police
**Plaintiff's Objection**: Irrelevant.

UU.    DD5 by Luis R. Agostini 02/17/01 Re: Attended Wake
**Plaintiff's Objection**: Irrelevant.

VV.    DD5 by Luis R. Agostini 02/17/01 Re: Copies of wake Attendance
**Plaintiff's Objection**: Irrelevant.

WW.    DD5 by Luis R. Agostini 02/20/01 Re: Crime Stoppers
**Plaintiff's Objection**: Irrelevant.

XX.    DD5 by Luis R. Agostini 02/22/01 Re: Interviewed Nicole Torres (Nikki)
**Plaintiff's Objection**: Irrelevant.

YY.    DD5 by Luis R. Agostini 02/23/01 Re: Conferral with Jonathan Ciener

ZZ. DD5 by Luis R. Agostini 02/23/01 Re: Conferral with HIDTA

AAA.    DD5 by Luis R. Agostini 02/23/01 Re: Conferral with Jonathan Ciener

BBB.    DD5 by Luis R. Agostini 02/24/01 Re: Past out Posters

CCC.    DD5 by Luis R. Agostini 02/24/01 Re: Interviewed Occupant in 14
Metropolitan Oval

DDD.  DD5 by Luis R. Agostini 02/24/01 Re: Interviewed Mohammed Riaz

EEE.  DD5 by Luis R. Agostini 02/24/01 Re: Visited KISS cab Service

FFF.  DD5 by Luis R. Agostini 02/24/01 Re: Past out posters

**Plaintiff's Objection**: Irrelevant.

GGG.  DD5 by Luis R. Agostini 02/24/01 Re: Interviewed occupant in 14 Metropolitan Oval

HHH.  DD5 by Luis R. Agostini 02/24/01 Re: Interviewed occupant in 14 Metropolitan Oval

III.  DD5 by Luis R. Agostini 02/27/01 Re: Re-interviewed Sal Miro

JJJ. DD5 by Luis R. Agostini 02/27/01 Re: Interviewed Alfred Vazquez

KKK.  DD5 by Luis R. Agostini 02/27/01 Re: Interviewed Alfred Vazquez

LLL.  DD5 by Luis R. Agostini 02/27/01 Re: Interviewed Chris Tartarone

MMM. DD5 by Luis R. Agostini 03/01/01 Re: Interviewed PO Nieves 43rd Pct

NNN.  DD5 by Luis R. Agostini 03/01/01 Re: Michael Booth viewed photo book

OOO.  DD5 by Luis R. Agostini 03/01/01 Re: Interviewed Michael Booth

PPP.  DD5 by Luis R. Agostini 03/02/01 Re: Re-searched 1700 Metropolitan Ave

QQQ.  DD5 by Luis R. Agostini 03/05/01 Re: Interview Bernice Leon

RRR.  DD5 by Luis R. Agostini 03/05/01 Re: Interview Nichole Manchand

SSS.  DD5 by Luis R. Agostini 03/07/01 Re: Interviewed Harry Plaza

**Plaintiff's Objection**: Irrelevant and Speculative.

TTT.  DD5 by Luis R. Agostini 03/07/01 Re: Conferral with Yonkers PD

UUU.  DD5 by Shawn Abate 02/13/01 Re: Notification to Gang Intell

VVV.  DD5 by Shawn Abate 02/13/01 Notification to video Unit

WWW.  DD5 by Shawn Abate 02/13/01 Re:  BCI/III Inquiry

XXX.  DD5 by Shawn Abate 02/13/01 Re: Application for Search Warrant

YYY.  DD5 by Shawn Abate 02/13/01 Re: Response from Crime Scene

ZZZ.  DD5 by Shawn Abate 02/13/01 Re: Response by ESU k-9 Unit

**Plaintiff's Objection**: Irrelevant and Speculative, FRE 701, 702 unreliable.

AAAA.  DD5 by Shawn Abate 02/13/01 Re: Copy of Memo Book

BBBB. DD5 by Shawn Abate 02/13/01 Interview 1st Officer

CCCC. DD5 by Shawn Abate 02/13/01 Application for Search Warrant

DDDD.       DD5 by Shawn Abate 02/13/01 Search of Vehicle

EEEE. DD5 by Shawn Abate 02/13/01 Notification to Gang Intell

FFFF. DD5 by Shawn Abate 02/13/01 BCI/III Inquiry

GGGG.       DD5 by Shawn Abate 02/13/01 Notification to Crime Scene

HHHH.       DD5 by Shawn. Abate 02/13/01 Notification to video unit

IIII.    DD5 by Shawn Abate 03/01/01 Phone Call from Security Guard
         Langhorn
         **Plaintiff's Objection**: Irrelevant.

JJJJ.    DD5 by Shawn Abate 03/02/01 Vouchering Property

KKKK.       DD5 by Shawn Abate 03/02/01 Search of 1700    Metropolitan Ave.
         by ESU

LLLL. DD5 by Shawn Abate 04/06/01 Re:  Search Warrant Return

MMMM.       DD5 by Shawn. Abate 04/20/01 Re: Apprehension of Anthony
         Manganiello

NNNN.       DD5 by Shawn Abate 04/20/01 Re: Arrest

OOOO.       DD5 by  R. Pereira 02/13/01 Re: Interview with Anthony
         Langhorn (former Parkchester Security Employee)
         **Plaintiff's Objection**, hearsay, propensity and irrelevant.

PPPP. DD5 by R. Pereira 02/16/01 Re: Respond to Coop City Security
         **Plaintiff's Objection**: Irrelevant.

QQQQ.       DD5 by R. Pereira 02/24/01 Re: Respond to Parkchester Rental
         Office

RRRR. DD5 by R. Pereira 02/24/01 Re: Respond to Parkchester Rental Office

SSSS. DD5 by Victor Cabassa 02/12/01 Re: Canvass of Yonkers Pistol Range

TTTT. DD5 by Victor Cabassa 02/12/01 Re: Canvass of 1545 White Plains Road

UUUU.       DD5 by Brandon Mallon 02/12/01 Re: A.T.F  Cannine

VVVV.       DD5 by Brandon Mallon 02/12/01 Re: Canvass

WWWW.       DD5 by Victor Cabassa 02/12/01 Re: Response to Mount Vernon
         shooting Range

XXXX.        DD5 by Joseph DiLeo 02/12/01 Re: Interview of Parkchester

Officer Brewer #1442

**Plaintiff's Objection:** The document contains propensity evidence in

violation of FRE 404.

YYYY.        DD5 by Joseph DiLeo 2/12/01 Re: Response to Jacobi Hospital

ZZZZ. DD5 by Joseph DiLeo 02/12/01 Re: Conferral with Dr. Delman(Jacobi

Hospital)

AAAAA.        DD5 by Brian Cody    02/12/01 Re: Interview with Parkchester

Security Officer Nieves #4474

BBBBB.        DD5 by Nicholas Ciuffi 02/12/01 Re: Canvass of 1585 Odell

Avenue

**Plaintiff's Objection**: Irrelevant.


CCCCC.        DD5 by Nicholas Ciuffi 02/12/01 Re: Canvass of 1595 Odell

Avenue

**Plaintiff's Objection**: Irrelevant.

DDDDD.        DD5 by Nicholas Ciuffi 02/12/01 Re: Canvass of 1680

Metropolitan Avenue

**Plaintiff's Objection**: Irrelevant.


EEEEE.        DD5 by Nicholas Ciuffi 02/12/01 Re: Canvass of 1686

Metropolitan Avenue

**Plaintiff's Objection**: Irrelevant.


FFFFF.        DD5 by Linda Palacios 02/12/01 Re: Notifications to victim family

GGGGG.        DD5 by Linda Palacios 02/12/01 Re: Notifications to victim family

HHHHH.        DD5 by Linda Palacios 02/12/01 Re: Interview of Dennis Cowan

Plaintiff's Objection: Hearsay

IIIII.    DD5 by Robert Nugent 02/12/01 Re: Interview of Patrol Supervisor/Sgt.

Peter Rose

JJJJJ.   DD5 by Gary Whitaker 02/12/01 Re: Pistol License check

KKKKK.      DD5 by Edward Smith 02/12/01 Re: Attempt to Locate and
      Interview 911 callers

LLLLL.       DD5 by Brian Cody 02/12/01 Re: Interview with Parkchester
      security officer Nieves #4474

MMMMM.      DD5 by Victor Cabassa 02/12/01 Re: Canvass of Yonkers Pistol
      Range

NNNNN.      DD5 by Loser Lane 02/12/01 Re: Response to Mount Vernon
      shooting Range

OOOOO.      DD5 by Edward Smith 02/12/01 Re: Attempt to Locate and
      Interview 911 callers

PPPPP.       DD5 by Gary Whitaker 02/12/01 Re: Pistol License Check

QQQQQ.      DD5 by Gary Whitaker 2/12/01 Re: Pistol License check

RRRRR.       DD5 by Daniel Vasquez 02/12/01 Re: interview of Eric Grant

    **Plaintiff's Objection**: Irrelevant and Speculative.


SSSSS.       DD5 by Leonard Golino 02/12/01 Re: building  Canvas of 1594
      Metropolitan Ave.

    **Plaintiff's Objection**: Irrelevant


TTTTT.      DD5 by Leonard Golino 02/12/01 Re: Building Canvas of 1686
      Metropolitan Ave.

    **Plaintiff's Objection**: Irrelevant


UUUUU.      DD5 by Leonard Golino 02/12/01 Re: Building Canvas of 1680
      Metropolitan Ave.

VVVVV.      DD5 by Leonard Golino 02/12/01 Re: Building canvas of 1585
      Odell street

WWWWW.   DD5 by Leonard Golino 02/12/01 Re: Building canvas of 1595
      Odell Street

    **Plaintiff's Objection**: Irrelevant and Speculative.

XXXXX.     DD5 by Robert Ramos 2/14/01 Re: Interview of Terrence Alston

YYYYY.     DD5 by Robert Ramos 2/15/01 Re: Phone call received from
Terrence Alston

ZZZZZ.     DD5 by Edwin Rodriguez 2/12/01 Re: Canvass of 1641
Metropolitan Ave. Parkchester Development

AAAAAA.     DD5 by Edwin Rodriguez 02/12/01 Re: Canvass of 1641
Metropolitan Avenue Parkchester Development

BBBBBB.     DD5 by Dowd 02/12/01 Re: Canvas of 1640 Metropolitan Ave.


CCCCCC.     DD5 by Edward Smith 02/12/01 Re: Canvass of 1575 Odell Street
**Plaintiff's Objection**: Irrelevant and Speculative

DDDDDD.     DD5 by Edward Smith 02/12/01 Re: Canvass of 1575 Odell St.
continued

EEEEE.     DD5 by Wilfredo Gonzalez   02/12/01 Re: Canvass of
1670/1675/1690/1700 Metropolitan
**Plaintiff's Objection**: Irrelevant.


FFFFFF.     DD5 by Nicholas Ciuffi 02/12/01 Re: Canvass of 1594
Metropolitan Avenue
**Plaintiff's Objection**: Irrelevant and Speculative.


GGGGGG.     DD5 by William Coakley 02/12/01 Re: Canvass 1555 Odell Ave
**Plaintiff's Objection**: Irrelevant.


HHHHHH.     DD5 by William Coakley 02/12/01 Re: Canvass of 1565 Odell ave
**Plaintiff's Objection**: Irrelevant

IIIIII.   DD5 by William Coakley 02/12/01 Re: Canvass of 1575 Odell ave.
**Plaintiff's Objection**: Irrelevant.


JJJJJJ. DD5 by Edward Smith 02/12/01 Re:  Canvass of 1565 Odell street

KKKKKK.    DD5 by Edward Smith 02/12/01 Re: Canvass of 1565 Odell street
    continued
    **Plaintiff's Objection**: Irrelevant.

LLLLLL.    DD5 by Edward Smith 02/12/01 Re: Canvass of 1555 Odell street
    **Plaintiff's Objection**: Irrelevant.

MMMMMM.  DD5 by Bernard Ryan 02/12/01 Re: Canvass of 1670 Metropolitan
    Avenue
    **Plaintiff's Objection**: Irrelevant.

NNNNNN.    DD5 by Bernard Ryan 02/12/01 Re: Canvass at 1675 Metropolitan
    Avenue
    **Plaintiff's Objection**: Irrelevant.

OOOOOO.    DD5 by Iris Pabon 02/12/01 Re: Canvass of Building
    Plaintiff's Objection: Irrelevant

PPPPPP.    DD5 by Bernard Ryan 02/12/01 Re: Canvass at 1700 Purdy Street
    **Plaintiff's Objection**: Irrelevant.

QQQQQQ.    DD5 by Israel Larracuente 02/12/01 Re: Canvass
    **Plaintiff's Objection**: Irrelevant.

RRRRRR.    DD5 by Daniel Vasquez 02/12/01 Re: Canvass of 16 Metropolitan
    Ave.
    **Plaintiff's Objection**: Irrelevant.

SSSSSS.    DD5 by Michael Elliott 02/12/01 Re: Canvass of 16 Metropolitan
    Ave.
    **Plaintiff's Objection**: Irrelevant.

TTTTTT.    DD5 by Michael Elliott 02/12/01 Re: Canvass of 20 Metropolitan
Ave
**Plaintiff's Objection**: Irrelevant.

.

UUUUUU.    DD5 by Michael Elliott 02/12/01 Re: 18 metropolitan Circle
**Plaintiff's Objection**: Irrelevant.


VVVVVV.    DD5 by Jose M. Vasquez 02/12/01 Re: Canvass 2125 St. Raymond
Ave.


**Plaintiff's Objection**: Irrelevant.

WWWWWW. DD5 by Jose M. Vasquez 02/12/01 Re: Canvass 2121 St.
Raymonds
**Plaintiff's Objection**: Irrelevant

XXXXXX.    DD5 by Jose M. Vasquez 02/12/01 Re: Canvass 2075 St
Raymonds

YYYYYY.    **Plaintiff's Objection**: Irrelevant


ZZZZZZ.    DD5 by Jose M. Vasquez 02/12/01 Re: 2061 St. Raymonds


**Plaintiff's Objection**: Irrelevant


AAAAAAA.  DD5 by Frank Iovine 02/12/01 Re: 2059 St. Raymond ave
**Plaintiff's Objection**: Irrelevant

BBBBBBB.   DD5 by Frank Iovine 02/12/01 Re: 2051 St. Raymonds Ave.
**Plaintiff's Objection**: Irrelevant

CCCCCCC.  DD5 by Frank Iovine 02/12/01 Re: Canvass of 2055 St Raymond
ave.
**Plaintiff's Objection**: Irrelevant.

DDDDDDD.   DD5 by Frank Iovine 02/12/01 Re: Canvass of 2055 St. Raymond
ave

**Plaintiff's Objection**: Irrelevant.


EEEEEEE.    DD5 by Frank Iovine  02/12/01 Re: Canvass of 1650 Metropolitan
Ave.

**Plaintiff's Objection**: Irrelevant

FFFFFFF.    DD5 by Michael Donovan 02/12/01 Re: Canvas of Business
(Metropolitan ave.)

**Plaintiff's Objection**: Irrelevant

GGGGGGG.   DD5 by Michael Donovan 02/12/01 Re: 1650 Metropolitan Ave.

**Plaintiff's Objection**: Irrelevant

HHHHHHH.   DD5 by Michael Donovan 02/12/01 Re: Canvas 2051 St.
Raymonds ave

**Plaintiff's Objection**: Irrelevant

IIIIIII.  DD5 by Michael Donovan 02/12/01 Re: Canvas 2059 St. Raymonds Ave.

**Plaintiff's Objection**: Irrelevant

JJJJJJJ.DD5 by Michael Donovan 02/12/01 Re: Canvas 2055 St. Raymond ave

**Plaintiff's Objection**: Irrelevant

KKKKKKK.   DD5 by John Dodd 02/12/01 Re: Canvass of 1605 Metropolitan
ave

**Plaintiff's Objection**: Irrelevant.

LLLLLLL.    DD5 by John Dodd 02/12/01 Re: Canvass of 1651 Metropolitan
ave.

**Plaintiff's Objection**: Irrelevant.

MMMMMMM.       DD5 by John Dodd 02/12/01 Re: Canvass of 1641
Metropolitan Ave

**Plaintiff's Objection**: Irrelevant.

NNNNNNN.   DD5 by Thomas Ganett 02/12/01 Re: Canvass

**Plaintiff's Objection**: Irrelevant.

OOOOOOO.  DD5 by Loser Lane 02/12/01 Re: Canvass of 1527 Metropolitan Avenue

**Plaintiff's Objection**: Irrelevant.

PPPPPPP.    DD5 by Loser Lane 02/12/01 Re: Canvass of Seven Metropolitan Oval

**Plaintiff's Objection**: Irrelevant.

QQQQQQQ.  DD5 by William Peters 02/12/01 Re: Canvass of the vicinity of 1540 White Plains Road

**Plaintiff's Objection**: Irrelevant.

RRRRRRR.  DD5 by Brian Cody  02/12/01 Re: Canvass of the B/Line and C/Line at 1705 metropolitan Oval

**Plaintiff's Objection**: Irrelevant.

SSSSSSS.    DD5 by James Klobus 02/12/01 Re: Canvass of 1610 Metropolitan Avenue

**Plaintiff's Objection**: Irrelevant.

TTTTTTT.    DD5 by James Klobus  02/12/01 Re: Canvass of 1600 Metropolitan Avenue

**Plaintiff's Objection**: Irrelevant.

UUUUUUU.  DD5 by John Greaney 02/12/01 Re: Canvass of 1569 Metropolitan ave

**Plaintiff's Objection**: Irrelevant.

VVVVVVV.  DD5 by John Greaney 02/12/01 Re: Canvass/1591 metropolitan ave.

**Plaintiff's Objection**: Irrelevant.

WWWWWWW.        DD5 by Bernard Ryan 02/12/01 Re: Canvass at 1690 metropolitan ave.

**Plaintiff's Objection**: Irrelevant.

XXXXXXX.  DD5 by Daniel Vasquez 02/12/01 Re: Interview of Eric Grant

YYYYYYY.  DD5 by Brian Cody  02/12/01 Re: Interview a/ M. Colon, SPA/dispatcher at Parkchester security

ZZZZZZZZ.    DD5 by Robert Dowd 02/12/01 Re: Interview of Mr. Sal Miro

AAAAAAAA.        DD5 by Michael Cullen 02/12/01 Re: Interview Sgt Ohle
    Parkchester security

BBBBBBBB.  DD5 by Michael Cullen 02/12/01 Re: Content of Tape provided by
    Parkchester Security

    **Plaintiff's Objection**: Foundation, Hearsay, Best Evidence and as the trial
    testimony establishes portions of the tape are inaudible.

CCCCCCCC.  DD5 by Brian Cody 02/12/01 Re: Interview with Parkchester
    security officer Nieves #4474

DDDDDDDD.        DD5 by Ruben Gonzalez 02/12/01 Re: Contact and
    Notification

EEEEEEEE.   DD5 by Ruben Gonzalez 02/13/01 Re: Canvass of 1700
    Metropolitan Avenue

FFFFFFFF.    DD5 by Robert Ramos 02/14/01 Re: Interview of Terrence Alston,
    DOB 3-18-68

GGGGGGGG.        DD5 by Joseph DiLeo 02/13/01 Re: Re-Canvass of 1700
    Metropolitan ave

    **Plaintiff's Objection**: Irrelevant.

HHHHHHHH.        DD5 by Robert Ramos 02/14/01 Re: Interview of Terrence
    Alston

IIIIIIII. DD5  by Michael Tozzi 02/15/01 Re: Response to gun clubs

JJJJJJJJ.        DD5 by Ramirez Gilbert 02/15/01 Re: Conferral with P.A.F.T.S

    **Plaintiff's Objection**, Speculative, hearsay.

KKKKKKKK.        DD5 by Robert Ramos 02/15/01 Re: Phone Call received
    from Terrence Alston

LLLLLLLL.   DD5 by Ramirez Gilbert 02/15/01 Re: Conferral with P.A.F.T.S.

MMMMMMMM.    DD5 by Ramirez Gilbert 02/16/01 Re: Posters

NNNNNNNN.        DD5 by Linda Palacios 02/16/01 Re: Interview of David
Brewer

OOOOOOOO.        DD5 by Linda Palacios 02/16/01 Re: Interview of Walter
Campbell

PPPPPPPP.    DD5 by Linda Palacios 02/16/01 Re: Interview of Eric Hicks

**Plaintiff's Objection**: Irrelevant, Prejudicial, propensity

QQQQQQQQ.        DD5 by Linda Palacios 02/16/01 Re: Interview of Claude
Burley

**Plaintiff's Objection**: Irrelevant, Prejudicial, propensity

RRRRRRRR. DD5 by Linda Palacios 02/16/01 Re: Interview of Parkchester
Security personnel

**Plaintiff's Objection**: Propensity, prejudicial and irrelevant.

SSSSSSSS.    DD5 by Linda Palacios 02/16/01 e: Request for assistance from
Crime stoppers unit

TTTTTTTT.    DD5 by Ramirez Gilbert 02/16/01 Re: Posters

UUUUUUUU.        DD5 by Steven Alejandro 02/20/01 Re: Transport of
Nissan Maxina NYS plate number # K185YR

**Plaintiff's Objection**:  Hearsay, unreliable, and likely to mislead a
jury.

VVVVVVVV.        DD5 by Steven Alejandro 02/20/01 Re: Transport of
Nissan Maxima, NYS  plate number K185YR, to US Customs Service in
Newark, NJ

WWWWWWWW.    Parkchester Civilian Complaint Form Dated 10/12/96 RE:
SP Manganiello (Defendants Exhibit B, Dated 12/21/07)

**Plaintiff's Objection:** hearsay, irrelevant, prejudicial and the documents seek to
offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine
motion.

XXXXXXXX.        Parkchester Record Dated 10/11/96 RE: Manganiello
Actions (Defendants Exhibit C, Dated 12/21/07)

**Plaintiff's Objection**: hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

YYYYYYYY.    Parkchester Memo Dated 10/14/96 RE: SP Manganiello (Defendants Exhibit D, Dated 12/21/07)

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

ZZZZZZZZ.   Parkchester Memo Dated 11/30/94 RE: Pistol Permit (Defendants Exhibit E, Dated 12/21/07)

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

AAAAAAAAA.    Parkchester Disciplinary Action Report Dated 11/19/98 (Defendants Exhibit F, Dated 12/21/07)

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

BBBBBBBBB.    Parkchester Disciplinary Action Report Dated 12/9/92 (Defendants Exhibit G, Dated 12/21/07)

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

CCCCCCCCC.    Parkchester Record Dated 3/24/99 RE: Assaulted by S.P. Eric Hicks (Defendants Exhibit H, Dated 12/21/07)

**Plaintiff's Objection**: hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

DDDDDDDDD.     Parkchester Record Dated 3/22/99 RE: Fight between Officer Hicks and Manganiello (Defendants Exhibit I, Dated 12/21/07)

**Plaintiff's Objection**: hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

EEEEEEEEE. Parkchester Disciplinary Action Report Dated 3/22/99 (Defendants Exhibit J, Dated 12/21/07)

**Plaintiff's Objection**: hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

FFFFFFFFF.   Parkchester Corrective Interview Memo Dated 1/25/01

(Defendants Exhibit K, Dated 12/21/07)

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to  offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

GGGGGGGGG.        Parkchester Record Dated 12/22/92 RE: Conditional Probation

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to  offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

HHHHHHHHH.        Parkchester Record Dated 10/11/96 RE: Conduct Unbecoming

**Plaintiff's Objection**:  hearsay, irrelevant, prejudicial and the documents seek to offer propensity evidence. Plaintiff's arguments are more fully stated in Plaintiff's in limine motion.

Dated:        New York, New York
              June 5, 2008

MICHAEL JOSEPH, ESQ.                    MICHAEL A. CARDOZO
OSORIO AND ASSOCIATES                   Corporation Counsel of the City of New York
*Attorney for Plaintiff*                *Attorney for Defendants*
184 Marine Avenue                       100 Church Street, Room 3-211/137
White Plains, New York 10601            New York, New York  10007
████████ (914) 761-3168                 (212) 442-8248
                                        (212) 788-9790

By:  _____            By:  _____
     Michael H. Joseph, Esq.                 Mark D. Zuckerman, Esq.
                                             Amy N. Okereke, Esq.

**SO ORDERED:**

_____

Honorable Harold Baer, Jr.
United States District Judge

**\*PLAINTIFF'S DESIGNATION OF DEPOSITION TESTIMONY**

DEPOSITION TESTIMONY OF LUIS AGOSINTI

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 5 | 12 | 12 | 15 |
| 6 | 16 | 7 | 9 |
| 13 | 23 | 16 | 12 |
| 17 | 23 | 19 | 23 |
| 23 | 20 | 29 | 22 |
| 30 | 15 | 33 | 16 |
| 34 | 4 | 37 | 12 |
| 37 | 23 | 49 | 17 |
| 49 | 23 | 60 | 13 |
| 69 | 17 | 62 | 19 |
| 63 | 5 | 70 | 8 |
| 70 | 15 | 73 | 25 |
| 77 | 10 | 82 | 24 |
| 84 | 10 | 85 | 7 |
| 85 | 16 | 87 | 4 |
| 88 | 4 | 90 | 20 |
| 92 | 12 | 98 | 9 |
| 99 | 14 | 99 | 19 |
| 101 | 2 | 109 | 10 |
| 110 | 8 | 119 | 16 |
| 121 | 4 | 125 | 6 |
| 125 | 20 | 128 | 11 |
| 129 | 9 | 129 | 22 |
| 130 | 6 | 132 | 2 |
| 132 | 7 | 133 | 18 |
| 135 | 7 | 139 | 21 |
| 140 | 6 | 141 | 25 |
| 142 | 2 | 144 | 7 |
| 145 | 2 | 148 | 16 |
| 149 | 2 | 155 | 7 |
| 156 | 3 | 176 | 22 |
| 177 | 3 | 183 | 16 |
| 183 | 24 | 188 | 22 |
| 189 | 3 | 189 | 11 |
| 190 | 11 | 191 | 9 |
| 191 | 23 | 193 | 24 |
| 194 | 10 | 195 | 8 |
| 195 | 23 | 197 | 15 |

| | | | |
|---|---|---|---|
| 197 | 21 | 199 | 7 |
| 199 | 24 | 201 | 8 |
| 201 | 21 | 204 | 22 |
| 205 | 11 | 206 | 10 |
| 207 | 23 | 219 | 14 |
| 221 | 2 | 229 | 10 |
| 230 | 7 | 230 | 23 |
| 231 | 17 | 232 | 15 |
| 233 | 15 | 234 | 24 |
| 235 | 25 | 241 | 19 |
| 242 | 14 | 245 | 16 |
| 245 | 25 | 250 | 14 |
| 251 | 15 | 253 | 6 |
| 253 | 21 | 255 | 4 |
| 255 | 20 | 260 | 7 |
| 260 | 20 | 261 | 3 |
| 261 | 18 | 263 | 8 |

## DEPOSITION TESTIMONY OF SHAWN ABATE

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 4 | 15 | 4 | 19 |
| 7 | 3 | 7 | 4 |
| 8 | 21 | 10 | 6 |
| 10 | 17 | 32 | 10 |
| 34 | 10 | 34 | 14 |
| 35 | 10 | 37 | 10 |
| 39 | 16 | 41 | 20 |
| 42 | 6 | 47 | 24 |
| 48 | 1 | 49 | 23 |
| 50 | 1 | 51 | 5 |
| 51 | 18 | 52 | 17 |
| 52 | 18 | 53 | 7 |
| 53 | 25 | 59 | 11 |
| 59 | 13 | 60 | 14 |
| 61 | 18 | 64 | 16 |
| 66 | 21 | 67 | 9 |
| 68 | 11 | 69 | 23 |
| 70 | 10 | 70 | 24 |
| 72 | 9 | 76 | 17 |
| 77 | 20 | 78 | 21 |
| 79 | 10 | 81 | 18 |
| 82 | 7 | 82 | 13 |
| 83 | 20 | 85 | 24 |
| 86 | 11 | 86 | 14 |

| 88 | 11 | 89 | 5 |

### DEPOSITION TESTIMONY OF RICHARD MARTINEZ

| Page Begin | Line Begin | Page End | Line End |
| --- | --- | --- | --- |
| 9 | 16 | 13 | 15 |
| 15 | 16 | 17 | 19 |
| 19 | 14 | 21 | 23 |
| 25 | 6 | 29 | 1 |
| 29 | 15 | 34 | 21 |
| 36 | 5 | 38 | 10 |
| 39 | 12 | 46 | 7 |
| 46 | 22 | 55 | 22 |
| 57 | 12 | 60 | 19 |
| 62 | 10 | 65 | 16 |
| 68 | 18 | 68 | 24 |
| 74 | 21 | 76 | 11 |
| 80 | 14 | 88 | 4 |
| 90 | 23 | 98 | 19 |
| 99 | 19 | 100 | 9 |
| 103 | 23 | 110 | 6 |

### DEPOSITION TESTIMONY OF DERRICK PARKER

| Page Begin | Line Begin | Page End | Line End |
| --- | --- | --- | --- |
| 5 | 9 | 5 | 15 |
| 7 | 6 | 8 | 12 |
| 9 | 19 | 10 | 20 |
| 11 | 25 | 13 | 5 |
| 16 | 23 | 17 | 6 |
| 17 | 20 | 18 | 24 |
| 19 | 4 | 23 | 22 |
| 26 | 10 | 28 | 8 |
| 28 | 20 | 30 | 8 |
| 31 | 13 | 33 | 10 |
| 34 | 10 | 40 | 16 |
| 41 | 21 | 43 | 21 |
| 44 | 16 | 45 | 4 |
| 45 | 14 | 45 | 21 |
| 46 | 5 | 47 | 12 |
| 47 | 18 | 49 | 18 |
| 50 | 14 | 51 | 6 |
| 52 | 16 | 58 | 2 |

| | | | |
|---|---|---|---|
| 59 | 16 | 60 | 12 |
| 61 | 15 | 61 | 20 |
| 63 | 9 | 65 | 11 |
| 65 | 17 | 66 | 21 |
| 68 | 19 | 69 | 13 |
| 70 | 11 | 70 | 22 |
| 71 | 23 | 73 | 16 |
| 76 | 2 | 78 | 17 |
| 78 | 24 | 79 | 21 |
| 81 | 15 | 85 | 13 |
| 86 | 20 | 88 | 14 |
| 89 | 12 | 89 | 16 |
| 90 | 18 | 90 | 23 |
| 99 | 16 | 103 | 14 |
| 106 | 20 | 107 | 18 |
| 108 | 13 | 110 | 6 |
| 111 | 20 | 112 | 3 |
| 114 | 7 | 117 | 15 |
| 119 | 13 | 119 | 21 |
| 123 | 20 | 123 | 25 |

## DEPOSITION TESTIMONY OF MIRIAM NIEVES

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 4 | 9 | 4 | 16 |
| 10 | 7 | 10 | 16 |
| 10 | 17 | 10 | 20 |
| 11 | 13 | 11 | 24 |
| 12 | 10 | 19 | 2 |
| 20 | 8 | 21 | 13 |
| 21 | 17 | 22 | 2 |
| 23 | 21 | 25 | 17 |
| 26 | 19 | 29 | 3 |
| 29 | 10 | 20 | 24 |
| 30 | 15 | 32 | 3 |
| 34 | 13 | 37 | 11 |
| 38 | 12 | 41 | 23 |
| 42 | 2 | 42 | 13 |
| 44 | 24 | 44 | 5 |

## DEPOSITION TESTIMONY OF CHRISTINE SCACCIA

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 4 | 11 | 6 | 13 |
| 8 | 15 | 12 | 12 |

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 12 | 20 | 13 | 13 |
| 15 | 8 | 17 | 3 |
| 17 | 13 | 18 | 10 |
| 19 | 13 | 19 | 17 |
| 20 | 12 | 21 | 6 |
| 23 | 10 | 25 | 13 |
| 25 | 19 | 26 | 15 |
| 26 | 16 | 27 | 18 |
| 28 | 15 | 28 | 23 |
| 30 | 9 | 30 | 13 |
| 31 | 18 | 32 | 3 |
| 33 | 5 | 35 | 19 |
| 39 | 2 | 41 | 20 |
| 42 | 10 | 42 | 13 |
| 44 | 2 | 44 | 7 |
| 44 | 17 | 45 | 7 |
| 45 | 18 | 46 | 6 |
| 48 | 2 | 49 | 21 |
| 50 | 3 | 52 | 6 |
| 53 | 4 | 54 | 24 |
| 55 | 1 | 58 | 15 |
| 59 | 5 | 59 | 10 |
| 59 | 24 | 62 | 12 |
| 65 | 12 | 66 | 1 |
| 66 | 24 | 67 | 6 |
| 67 | 24 | 69 | 3 |
| 69 | 10 | 70 | 15 |
| 71 | 1 | 72 | 8 |
| 73 | 10 | 78 | 8 |
| 79 | 13 | 82 | 2 |
| 83 | 12 | 84 | 8 |
| 85 | 23 | 86 | 18 |
| 86 | 19 | 88 | 8 |
| 89 | 14 | 89 | 24 |
| 91 | 7 | 92 | 20 |
| 94 | 15 | 97 | 15 |
| 99 | 13 | 99 | 16 |
| 100 | 4 | 100 | 7 |
| 100 | 17 | 102 | 17 |
| 102 | 24 | 104 | 3 |
| 104 | 9 | 106 | 13 |

DEPOSITION TESTIMONY OF GERYL McCARTHY

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 5 | 9 | 5 | 14 |
| 6 | 2 | 6 | 24 |
| 9 | 3 | 9 | 23 |
| 10 | 13 | 11 | 5 |
| 11 | 14 | 11 | 22 |
| 12 | 3 | 17 | 13 |
| 18 | 14 | 20 | 12 |
| 22 | 21 | 25 | 4 |
| 25 | 17 | 25 | 23 |
| 28 | 21 | 31 | 11 |
| 31 | 21 | 33 | 9 |
| 33 | 23 | 34 | 11 |
| 36 | 2 | 40 | 9 |
| 40 | 21 | 41 | 23 |
| 43 | 6 | 45 | 22 |
| 45 | 23 | 46 | 3 |
| 46 | 11 | 49 | 25 |
| 50 | 2 | 52 | 24 |
| 53 | 9 | 53 | 24 |
| 54 | 16 | 57 | 23 |
| 57 | 24 | 58 | 17 |
| 59 | 7 | 60 | 3 |
| 62 | 13 | 62 | 25 |
| 65 | 4 | 65 | 8 |

## DEPOSITION OF JOHN McGOVERN

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 5 | 9 | 5 | 14 |
| 10 | 19 | 11 | 8 |
| 11 | 15 | 11 | 10 |
| 12 | 20 | 12 | 25 |
| 18 | 8 | 18 | 19 |
| 24 | 10 | 24 | 20 |
| 27 | 2 | 27 | 14 |
| 29 | 7 | 31 | 9 |
| 32 | 6 | 33 | 5 |
| 43 | 10 | 43 | 18 |
| 57 | 12 | 58 | 24 |
| 66 | 4 | 73 | 5 |
| 76 | 5 | 76 | 12 |

DEPOSITION OF HARRY SCOTT

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 11 | 19 | 12 | 24 |
| 14 | 2 | 15 | 11 |
| 15 | 14 | 16 | 19 |
| 18 | 6 | 19 | 4 |
| 26 | 12 | 31 | 17 |
| 32 | 5 | 50 | 9 |
| 51 | 7 | 54 | 12 |
| 54 | 24 | 62 | 8 |
| 63 | 2 | 63 | 15 |
| 66 | 21 | 67 | 1 |
| 68 | 8 | 68 | 22 |
| 78 | 7 | 79 | 1 |
| 81 | 16 | 82 | 22 |
| 83 | 7 | 83 | 17 |
| 84 | 12 | 85 | 7 |
| 87 | 4 | 88 | 13 |
| 94 | 1 | 95 | 23 |
| 100 | 2 | 102 | 18 |
| 105 | 4 | 106 | 18 |
| 107 | 6 | 116 | 13 |
| 122 | 2 | 122 | 8 |
| 124 | 123 | 125 | 5 |
| 126 | 9 | 126 | 17 |
| 138 | 12 | 142 | 4 |

DEPOSITION OF ERICK RODRIGUEZ

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 9 | 17 | 9 | 4 |
| 12 | 2 | 13 | 2 |

DEPOSITION TESTIMONY OF JAIME ORTIZ

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 5 | 1 | 6 | 14 |
| 9 | 5 | 9 | 11 |
| 17 | 9 | 20 | 7 |

PAGES OF TRIAL TESTIMONY

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 28 | 8 | 28 | 15 |
| 41 | 9 | 42 | 2 |
| 47 | 24 | 48 | 5 |
| 49 | 3 | 51 | 19 |
| 53 | 4 | 52 | 21 |
| 66 | 4 | 67 | 6 |
| 75 | 15 | 75 | 25 |
| 79 | 8 | 79 | 14 |
| 82 | 1 | 82 | 25 |
| 92 | 4 | 92 | 16 |
| 93 | 1 | 93 | 13 |
| 97 | 10 | 98 | 17 |
| 103 | 14 | 103 | 18 |
| 108 | 9 | 108 | 23 |
| 123 | 2 | 123 | 21 |
| 124 | 1 | 124 | 7 |
| 124 | 17 | 125 | 21 |
| 127 | 22 | 128 | 19 |
| 131 | 19 | 131 | 25 |
| 134 | 23 | 136 | 17 |
| 148 | 20 | 149 | 5 |
| 149 | 16 | 157 | 21 |
| 159 | 4 | 159 | 23 |
| 161 | 12 | 161 | 19 |
| 164 | 24 | 165 | 13 |
| 165 | 25 | 167 | 8 |
| 168 | 8 | 174 | 25 |
| 175 | 9 | 175 | 12 |
| 178 | 4 | 181 | 18 |
| 182 | 8 | 183 | 17 |
| 184 | 7 | 184 | 19 |
| 198 | 3 | 198 | 9 |
| 198 | 20 | 200 | 5 |
| 200 | 23 | 201 | 10 |
| 208 | 13 | 208 | 17 |
| 210 | 3 | 210 | 20 |
| 215 | 65 | 215 | 12 |
| 235 | 2 | 235 | 7 |
| 239 | 6 | 245 | 20 |
| 259 | 6 | 260 | 21 |
| 267 | 17 | 269 | 2 |
| 269 | 23 | 270 | 2 |
| 272 | 20 | 274 | 18 |
| 274 | 24 | 280 | 8 |

| | | | |
|---|---|---|---|
| 280 | 17 | 282 | 8 |
| 286 | 25 | 289 | 19 |
| 290 | 16 | 291 | 9 |
| 291 | 10 | 301 | 10 |
| 302 | 4 | 311 | 8 |
| 318 | 13 | 319 | 2 |
| 326 | 14 | 326 | 23 |
| 413 | 7 | 414 | 18 |
| 415 | 19 | 418 | 9 |
| 441 | 1 | 444 | 20 |
| 446 | 16 | 446 | 24 |
| 447 | 13 | 448 | 19 |
| 450 | 15 | 451 | 17 |
| 452 | 11 | 453 | 9 |
| 459 | 14 | 461 | 16 |
| 467 | 5 | 467 | 8 |
| 475 | 7 | 477 | 6 |
| 486 | 2 | 487 | 14 |
| 493 | 12 | 494 | 10 |
| 497 | 9 | 497 | 13 |
| 508 | 17 | 508 | 23 |
| 528 | 3 | 534 | 11 |
| 535 | 16 | 538 | 7 |
| 609 | 6 | 619 | 14 |
| 621 | 17 | 621 | 19 |
| 627 | 17 | 627 | 24 |
| 664 | 19 | 676 | 5 |
| 690 | 1 | 690 | 23 |
| 691 | 1 | 692 | 2 |
| 739 | 15 | 741 | 13 |

PAGES OF TRIAL TESTIMONY

| Page Begin | Line Begin | Page End | Line End |
|---|---|---|---|
| 7 | 8 | 7 | 10 |
| 11 | 23 | 12 | 2 |
| 12 | 15 | 15 | 16 |
| 16 | 19 | 25 | 23 |
| 27 | 3 | 27 | 16 |
| 33 | 3 | 46 | 23 |
| 47 | 6 | 50 | 4 |
| 52 | 14 | 52 | 25 |
| 55 | 7 | 55 | 15 |
| 56 | 4 | 56 | 7 |
| 63 | 23 | 64 | 19 |

| | | | |
|---|---|---|---|
| 76 | 4 | 76 | 11 |
| 76 | 18 | 76 | 23 |
| 103 | 11 | 107 | 20 |
| 108 | 10 | 109 | 8 |
| 114 | 14 | 114 | 22 |
| 120 | 6 | 123 | 24 |
| 133 | 9 | 133 | 16 |
| 138 | 2 | 141 | 14 |
| 149 | 11 | 149 | 20 |
| 163 | 23 | 165 | 5 |
| 168 | 3 | 168 | 24 |
| 176 | 2 | 177 | 19 |
| 206 | 8 | 207 | 13 |
| 209 | 8 | 209 | 13 |
| 245 | 11 | 247 | 5 |
| 249 | 6 | 249 | 15 |
| 250 | 23 | 251 | 17 |
| 323 | 19 | 326 | 11 |
| 327 | 12 | 333 | 10 |
| 335 | 17 | 335 | 22 |
| 338 | 1 | 339 | 14 |
| 350 | 5 | 350 | 25 |
| 352 | 2 | 352 | 9 |
| 357 | 8 | 358 | 13 |
| 359 | 7 | 359 | 19 |
| 364 | 4 | 365 | 2 |
| 371 | 17 | 372 | 2 |
| 372 | 17 | 373 | 17 |
| 374 | 13 | 374 | 19 |
| 377 | 15 | 375 | 19 |
| 380 | 20 | 381 | 13 |
| 390 | 19 | 391 | 25 |
| 407 | 12 | 407 | 21 |