UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ANTHONY MANGANIELLO,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

-------------------------------------------------------------------- x

**DEFENDANTS'
MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFF'S MOTION IN
LIMINE**

07 Civ. 3644 (HB)

(oral argument requested)

Defendants Det. Luis Agostini (Ret.), Det. Shawn Abate (Ret.), Det. Derek Parker (Ret.), Det. Richard Martinez (Ret.)(sued herein as "Robert Martinez"), Police Officer Alex Perez (Ret.) and Police Officer Miriam Nieves (Ret.) hereby respectfully submit their Memorandum of Law in opposition to plaintiff's Motion in Limine.

Plaintiff testified at this deposition that he and the victim, Albert Acosta, were friends, socialized together and that he thought Acosta was a "good guy." (Declaration of Mark D. Zuckerman in opposition, Exhibit A)  At the upcoming trial, it is apparent that plaintiff either intends to testify that he had a good relationship with Acosta, or by not testifying as to their relationship, that there is no evidence of a strained relationship between them.

The documentary evidence is to the contrary.  Defedants' Exhibit X8, discussed herein, is a business record of Parkchester containing a statement by Acosta that he refused to work with plaintiff because of plaintiff's temper.  Exhibit C9 is a statement by plaintiff that there was a physical altercation between plaintiff, Acosta and another Parkchester security officer.

These Parkchester business records are consistent with other documents generated in the course of the NYPD's extensive investigation into the Acosta homicide.  Defendants' Exhibit Z7 is a DD5 prepared by Det. Dodd, reflecting that a witness on plaintiff's witness list,

Sal Miro, told NYPD detectives on the day of the homicide that Manganiello had a "beef" with Acosta. (Exhibit B to Zuckerman Decl.) Defendants' Exhibit R8 is a DD5 prepared by Detective Palacios wherein Parkchester Officer Plaza reports that there was a physical altercation between plaintiff and Acosta that had not been reported to Parkchester Security Chiefs. (Exhibit C to Zuckerman Decl.)

Aside from plaintiff's self-serving deposition testimony, plaintiff has annexed a DD5 reflecting an interview with Sgt. Rolf Ohle of Parkchester (Exhibit B to plaintiff's motion in limine) wherein Sgt. Ohle stated that he did not observe problems between plaintiff and Acosta. Sgt. Ohle, while superior to plaintiff in rank, was not the head of security in Parkchester. Chief Dennis Cowan is the head of security of Parkchester and was aware of the nature of the relationship between plaintiff and Acosta.

Plaintiff also annexed as Exhibit C to his motion in limine an answer to a deposition question by Det. Agostini that was objected to by defendants' counsel, wherein Det. Agostini merely testified that on February 12, 2001 he was not aware of a "problem" between plaintiff and Acosta. Simply, the relationship between plaintiff and Acosta is in sharp dispute and is certainly relevant. Defendants must be allowed to explore it.

Defendants' Exhibit A is a business record of Parkchester of April 17, 2004, where plaintiff worked, and contains a complaint by fellow security officer about plaintiff's "very drastic mood swings."

Defendants' Exhibit W8 is a business record of Parkchester concerning a complaint by fellow security officer that plaintiff punched him in face and a disciplinary warning given to him by Parkchester Chief of Security Dennis Cowan, who will testify for defendants, based on "sometimes uncontrolled behavior."

Defendants' Exhibit X8 is a complaint by the victim, Albert Acosta, dated October 11, 1996 that because of plaintiff's temper, he "refuse(d) to work with someone who (is) a danger to myself and the patrol unit." It is a business record of Parkchester and would not even be offered for a hearsay purpose, as what is relevant is that there is no dispute that Acosta filed an official statement with Parkchester that he refused to work with plaintiff. Given that Acosta is dead under the circumstances of this case, F.R.E. 807 is applicable in any event.

Defendants' Exhibit Y8 is a Parkchester business record memo by one of plaintiffs' superiors at Parkchester, Sgt. Pilos of October 14, 1996 describing plaintiff's overreactions in certain job related duties.

Defendants' Exhibit Z8 is a Parkchester business record memorandum of Parkchester Security Chief Dennis Cowan of November 30, 1994 warning plaintiff that carrying a pistol at Parkchester would result in his termination.

Defendants' Exhibit A9 is a complaint by a supervisor at Parkchester, maintained as a Parkchester business record, of the improper temper of plaintiff and insubordination that resulted in discipline of a suspension of one day on January 14, 1999.

Defendants' Exhibit B9 is a Parkchester business record complaint by a supervisor at Parkchester of attempted intimidation and insubordination that resulted in a 5 day suspension of plaintiff and 6 months of probation on December 22, 1992.

Defendants' Exhibits C9, D9 and E9 are statements by plaintiff and Acosta concerning a physical altercation with another officer where plaintiff complains that "Acosta grabbed (him) in a bear hug from behind," as well as discipline by Parkchester of a suspension of two days on March 29, 1999. Plaintiff therein complains that he was hit by an Officer Hicks

several more times as a result thereof.  These records are maintained by Parkchester as business records.

Defendants' Exhibit F9 is a Parkchester official "Corrective Interview" of January 25, 1991, wherein plaintiff was given a final warning for having unauthorized persons in the "area car."

Defendants' Exhibit G9 is an official order of Parkchester Chief of Security Dennis Cowan of December 22, 1992 placing plaintiff on probation for overall performance.

Defendants' Exhibit H9 is a statement by Sgt. Johnson of October 11, 1996, kept as a business record of Parkchester complaining of plaintiff's dangerous "uncontrollable temper and aggressive attitude" maintained as a Parkchester business record.

Aside from what is set forth above, the foregoing exhibits are admissible for several reasons.  First, the foregoing exhibits demonstrate that plaintiff and Acosta did not get along and had physical altercations, at the very least calling into credibility and refuting plaintiff's statements made during his deposition that he is expected to testify to at trial that he and Acosta had a good working relationship, socialized together, were friendly and that he was distraught at the scene of the homicide as a result of Acosta's death and thereafter.

The foregoing physical altercations involving plaintiff and exhibits reflecting plaintiff's temper, as well as Chief Cowan's expected testimony concerning plaintiff's temper while employed at Parkchester, make such evidence admissible under F.R.E. 404(b) for plaintiff's "motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident...."  After all, it was the People's theory in the criminal proceedings that plaintiff and Acosta had bad blood between them, went to the basement Carriage Room at 1700 Metropolitan Ave. where plaintiff expected no one else to be, were prepared to fight and plaintiff

lost his temper again and shot Acosta.  Plaintiff must not be allowed to get away with arguing to the jury that he had a friendly and cordial relationship with Acosta, when just the opposite is true.

The foregoing also affects damages.  Dr. Tinari's economic report reflects alleged economic losses based on continuous employment by Parkchester for the rest of plaintiff's working life.  However, the disciplinary history of plaintiff would call into doubt whether that is true.  It is also relevant, therefore, for that reason.

For the foregoing reasons, plaintiff's motion in limine should be denied in its entirety.

Dated:  New York, New York
        June 9, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
    City of New York
Attorney for Defendants
100 Church Street
New York, N.Y.  10007
Tel:  (212) 442-8248

By: _____
     MARK ZUCKERMAN
     AMY OKEREKE