UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANTHONY MANGANIELLO,

                        Plaintiff,

              - against -

DET. LUIS AGOSTINI, Individually and as a New
York City Police Detective,  SHAWN ABATE,
individually and as a New York City Police Detective,
P.O. ALEX PEREZ, individually and as a New York
City Police Officer, P.O. MIRIAM NIEVES,
individually and as a New York City Police Officer,
RICHARD MARTINEZ, individually and as a New
York City Police Detective,

                      Defendants.

------------------------------------------------------------x

07 Civ. 3644 (HB)

## JURY CHARGE

# TABLE OF CONTENTS

**PART 1:  STANDARD CIVIL CHARGE**.................................................................. 3
1. JUROR CONDUCT ................................................................................................ 4
2. ROLE OF THE COURT ........................................................................................ 5
3. ROLE OF THE JURY ........................................................................................... 6
4. MULTIPLE DEFENDANTS ................................................................................. 8
5. BURDENS OF PROOF.......................................................................................... 9
6. EVIDENCE TO BE CONSIDERED .................................................................. 11
7. WITNESS CREDIBILITY - GENERAL INSTRUCTIONS............................ 12
8. INTEREST IN OUTCOME ................................................................................ 15
9. NUMBER OF WITNESSES ............................................................................... 16
10. EXPERT WITNESSES ...................................................................................... 17
11. LAW ENFORCEMENT WITNESS ................................................................. 19
12. DIRECT AND CIRCUMSTANTIAL EVIDENCE......................................... 20
13. IMPEACHMENT -- INCONSISTENT STATEMENT OR CONDUCT......... 22
14. NO REQUIREMENT TO CALL WITNESSES OR PRODUCE EXHIBITS...... 23
15. PARTY'S FAILURE TO PRODUCE EVIDENCE........................................... 24
**PART 2:  INSTRUCTIONS ON THE LAW**.......................................................... 25
16. ELEMENTS OF A SECTION 1983 CLAIM .................................................. 26
17. COLOR OF STATE LAW ................................................................................ 27
18. DEPRIVATION OF FEDERAL CONSTITUTIONAL RIGHT -- MALICIOUS
    PROSECUTION........................................................................................... 28
19. COMMENCEMENT OR CONTINUANCE OF CRIMINAL PROCEEDING .......... 30
20. PROBABLE CAUSE ......................................................................................... 31
21. PROBABLE CAUSE -- PRESUMPTION CREATED BY GRAND JURY INDICTMENT
    ................................................................................................................... 33
22. MALICE ............................................................................................................ 34
23. PROXIMATE CAUSE....................................................................................... 35
24. COMPENSATORY DAMAGES....................................................................... 36
25. MITIGATION OF DAMAGES ......................................................................... 39
26. NOMINAL DAMAGES..................................................................................... 40
27. PUNITIVE DAMAGES ..................................................................................... 41
**PART 3: INSTRUCTIONS ON DELIBERATIONS** ........................................... 43
28. SPECIAL VERDICTS ...................................................................................... 44
29. DUTY TO DELIBERATE/UNANIMOUS VERDICT .................................... 45
30. SELECTION OF A FOREPERSON ................................................................. 46
31. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH
    COURT....................................................................................................... 47
32. EXCEPTIONS................................................................................................... 48

## PART 1:  STANDARD CIVIL CHARGE

NOW THAT THE EVIDENCE IN THIS CASE HAS BEEN PRESENTED AND THE ATTORNEYS FOR THE PARTIES HAVE CONCLUDED THEIR CLOSING ARGUMENTS, IT IS MY RESPONSIBILITY TO INSTRUCT YOU AS TO THE LAW THAT GOVERNS THIS CASE.  YOU MUST PAY CLOSE ATTENTION AND I WILL BE AS CLEAR AS POSSIBLE.  MY INSTRUCTIONS WILL BE IN THREE PARTS.

FIRST:      I WILL GIVE YOU INSTRUCTIONS REGARDING THE GENERAL RULES THAT DEFINE AND GOVERN THE DUTIES OF A JURY IN A CIVIL CASE;

SECOND:   I WILL INSTRUCT YOU AS TO THE LEGAL ELEMENTS OF THE CAUSES OF ACTION ALLEGED BY THE PLAINTIFF;

THIRD:     I WILL GIVE YOU INSTRUCTIONS REGARDING THE GENERAL RULES GOVERNING YOUR DELIBERATIONS AS JURORS.

IT IS YOUR RESPONSIBILITY AND DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THIS CASE.  <u>YOU ARE THE SOLE JUDGES OF THE FACTS - NOT COUNSEL AND NOT I</u>.  I WANT TO IMPRESS UPON YOU AGAIN THE IMPORTANCE OF THAT ROLE.  IT IS FOR YOU AND YOU ALONE TO PASS UPON THE WEIGHT OF THE EVIDENCE - TO RESOLVE SUCH CONFLICTS AS MAY HAVE APPEARED IN THE EVIDENCE AND TO DRAW SUCH INFERENCES AS YOU DEEM TO BE REASONABLE AND WARRANTED FROM THE EVIDENCE OR LACK OF EVIDENCE.  WITH RESPECT TO ANY QUESTIONS CONCERNING THE FACTS IT IS YOUR RECOLLECTION OF THE EVIDENCE AND YOURS ALONE THAT CONTROLS.

## 1. JUROR CONDUCT

YOU ARE TO CONDUCT YOUR DELIBERATIONS AS JURORS IN AN ATMOSPHERE OF COMPLETE FAIRNESS AND IMPARTIALITY, WITHOUT BIAS FOR OR AGAINST THE PLAINTIFF OR THE DEFENDANTS. THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PARTIES OF EQUAL STANDING IN THE COMMUNITY. NO PARTY IS ENTITLED TO SYMPATHY OR FAVOR.

IT WOULD BE IMPROPER FOR YOU TO CONSIDER ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT ONE OF THE PARTIES' RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE. IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CLAIM INFLUENCE YOU IN ANY WAY.

THE PARTIES IN THIS CASE ARE ENTITLED TO A TRIAL FREE FROM PREJUDICE. YOU MUST REACH YOUR VERDICT THROUGH A FAIR AND IMPARTIAL CONSIDERATION OF THE EVIDENCE.

## 2. ROLE OF THE COURT

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE. KEEP IN MIND THAT WHILE IT IS YOUR DUTY TO ACCEPT THE LAW FROM ME, YOU MUST APPLY THE FACTS AS YOU DETERMINE THEM. YOU ARE THE EXCLUSIVE JUDGES OF THE FACTS.

YOU SHOULD NOT SINGLE OUT ANY INSTRUCTION AS ALONE STATING THE LAW BY WHICH THIS CASE SHOULD BE JUDGED, BUT YOU SHOULD CONSIDER MY INSTRUCTIONS AS A WHOLE WHEN YOU RETIRE TO DELIBERATE.

FINALLY ON THIS ISSUE, YOU SHOULD NOT, ANY OF YOU, BE CONCERNED ABOUT THE WISDOM OF ANY RULE THAT I STATE. REGARDLESS OF ANY OPINION THAT YOU MAY HAVE AS TO WHAT THE LAW MAY BE -- OR OUGHT TO BE -- IT WOULD VIOLATE YOUR SWORN OR AFFIRMED DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT WHICH I GIVE YOU. NEITHER YOU NOR I HAVE THE RIGHT TO FOLLOW OUR PREDILECTIONS ABOUT WHAT THE LAW SHOULD BE: WE MUST BOTH FOLLOW THE LAW AS IT IS AND AS I CHARGE IT TO YOU.

### 3. ROLE OF THE JURY

REMEMBER, YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS. YOU PASS UPON THE WEIGHT OF THE EVIDENCE; YOU DETERMINE THE CREDIBILITY OF THE WITNESSES; YOU RESOLVE CONFLICTS AS THERE MAY BE IN THE TESTIMONY; AND YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE TO DRAW FROM THE FACTS AS YOU HAVE DETERMINED THEM.

I SHALL LATER DISCUSS WITH YOU HOW TO THINK ABOUT THE CREDIBILITY -- OR BELIEVABILITY -- OF THE WITNESSES.

IN DETERMINING THE FACTS, YOU MUST RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE. ANYTHING THAT COUNSEL MAY HAVE SAID WHILE QUESTIONING WITNESSES OR DURING ARGUMENT IS NOT TO BE SUBSTITUTED FOR YOUR OWN RECOLLECTION OR EVALUATION OF THE EVIDENCE. WITH RESPECT TO A FACT MATTER, NOTHING I MAY HAVE SAID DURING THE TRIAL, OR MAY SAY DURING THESE INSTRUCTIONS, SHOULD BE TAKEN IN SUBSTITUTION FOR YOUR OWN INDEPENDENT RECOLLECTION.

BECAUSE YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS, I DO NOT MEAN TO INDICATE ANY OPINION AS TO THE FACTS OR WHAT YOUR VERDICT SHOULD BE. INDEED I HAVE NO POWER TO TELL YOU WHAT YOUR VERDICT SHOULD BE. IF I ALLUDE TO A FACT AND SHOULD YOUR RECOLLECTION DIFFER FROM MINE, IT IS YOUR RECOLLECTION THAT GOVERNS.

DURING THE TRIAL, I HAVE BEEN CALLED UPON TO MAKE RULINGS ON VARIOUS QUESTIONS. THOSE RULINGS ARE NOT EVIDENCE AND NEED NOT BE CONSIDERED BY YOU. PROCEDURAL MATTERS ARE MATTERS OF LAW AND,

ALTHOUGH YOU MAY HAVE BEEN CURIOUS ABOUT THEM, YOU SHOULD NOT CONSIDER THEM.

THE RULINGS I HAVE MADE DURING THE TRIAL ARE NOT ANY INDICATION OF MY VIEWS OF WHAT YOUR DECISION SHOULD BE.

I ALSO ASK YOU TO DRAW NO INFERENCE FROM THE FACT THAT UPON OCCASION I MAY HAVE ASKED QUESTIONS OF CERTAIN WITNESSES. SUCH QUESTIONS WERE ONLY INTENDED FOR CLARIFICATIONS OR TO EXPEDITE MATTERS AND CERTAINLY WERE NOT INTENDED TO SUGGEST ANY OPINIONS ON MY PART AS TO THE VERDICT YOU SHOULD RENDER OR WHETHER ANY OF THE WITNESSES MAY HAVE BEEN MORE CREDIBLE THAN ANY OTHER WITNESS.

YOUR JOB IS TO CONSIDER ONLY THE EVIDENCE, AND FIND FACTS FROM WHAT YOU CONSIDER TO BE THE BELIEVABLE EVIDENCE, AND APPLY THE LAW AS I WILL LATER GIVE TO YOU. YOUR VERDICT WILL BE DETERMINED BY THE CONCLUSION YOU REACH, NO MATTER WHOM THE VERDICT HELPS OR HURTS. SYMPATHY AND SPECULATION SHOULD PLAY NO PART IN YOUR DECISION.

## 4. MULTIPLE DEFENDANTS

ALTHOUGH THERE ARE FIVE DEFENDANTS IN THIS CASE, IT DOES NOT FOLLOW FROM THAT FACT ALONE THAT IF ONE DEFENDANT IS LIABLE, ANY OF THE OTHER DEFENDANTS IS LIABLE. EACH DEFENDANT IS ENTITLED TO A FAIR CONSIDERATION OF THE EVIDENCE RELATING TO THAT DEFENDANT AND OF THAT DEFENDANT'S OWN DEFENSE, AND IS NOT TO BE PREJUDICED BY ANY FINDING YOU *MAY* MAKE FOR OR AGAINST *ANY OTHER DEFENDANT*. UNLESS OTHERWISE STATED, ALL INSTRUCTIONS I GIVE TO YOU GOVERN THE CASE AS TO EACH DEFENDANT SEPARATELY.

## 5. BURDENS OF PROOF

THE BURDEN OF PROOF IN THIS CASE IS ON THE PLAINTIFF TO PROVE EACH ESSENTIAL ELEMENT OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE. YOU ARE MOST LIKELY FAMILIAR WITH THE STANDARD OF BEYOND A REASONABLE DOUBT, WHICH IS THE BURDEN OF PROOF IN A <u>CRIMINAL CASE</u>. THAT STANDARD DOES NOT APPLY TO A <u>CIVIL CASE</u> SUCH AS THIS, AND YOU SHOULD THEREFORE PUT IT FAR FROM YOUR MIND.

TO "ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO. A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE. IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS. IF YOU FIND THAT THE CREDIBLE EVIDENCE ON AN ISSUE IS EVENLY DIVIDED BETWEEN THE PARTIES -- THAT IS, EQUALLY PROBABLE THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT -- THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS BURDEN OF PROOF. THAT IS BECAUSE THE PARTY WHO HAS TO SHOULDER THE BURDEN OF PROOF MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE -- THE PARTY MUST PROVE ITS CLAIM BY A PREPONDERANCE OF THE EVIDENCE. ON THE OTHER HAND, THE PARTY THAT HAS TO SHOULDER THE BURDEN OF PROOF NEED PROVE NO MORE THAN A PREPONDERANCE. SO LONG AS YOU FIND THAT THE SCALES TIP, HOWEVER, SLIGHTLY, IN FAVOR OF THE PLAINTIFF -- THAT WHAT THE PLAINTIFF CLAIMS IS MORE LIKELY TRUE THAN NOT TRUE -- THEN THAT PARTY'S CLAIM WILL HAVE BEEN PROVED BY A PREPONDERANCE OF EVIDENCE.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY CONSIDER THE

TESTIMONY OF ALL THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE INTRODUCED THEM.

## 6. EVIDENCE TO BE CONSIDERED

THE EVIDENCE UPON WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE IN THIS CASE COMES EITHER FROM:

1. <u>SWORN TESTIMONY OF WITNESSES, INCLUDING DEPOSITION TESTIMONY</u> -- BOTH ON DIRECT AND CROSS AND REGARDLESS OF WHO CALLED THE WITNESS; OR FROM

2. <u>EXHIBITS</u> THAT THE COURT RECEIVED IN EVIDENCE.

3. <u>STIPULATIONS</u>: A STIPULATION OF FACT, IF THERE IS ANY, IS AN AGREEMENT AMONG THE PARTIES THAT A CERTAIN FACT IS TRUE. YOU MUST REGARD SUCH AGREED FACTS AS TRUE.

<u>WHAT IS NOT EVIDENCE</u>

CERTAIN THINGS ARE NOT EVIDENCE AND ARE TO BE DISREGARDED IN DECIDING WHAT THE FACTS ARE:

1. ARGUMENTS OR STATEMENTS BY LAWYERS, INCLUDING OPENINGS AND SUMMATIONS;

2. OBJECTIONS TO QUESTIONS;

3. TESTIMONY THAT HAS BEEN EXCLUDED, STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD;

4. ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE

## 7. WITNESS CREDIBILITY - GENERAL INSTRUCTIONS

YOU HAVE HAD AN OPPORTUNITY TO OBSERVE ALL OF THE WITNESSES. IT IS NOW YOUR JOB TO DECIDE HOW BELIEVABLE EACH WITNESS WAS IN HIS OR HER TESTIMONY. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF EACH WITNESS AND OF THE IMPORTANCE OF HIS OR HER TESTIMONY.

IT MUST BE CLEAR TO YOU BY NOW THAT YOU ARE BEING CALLED UPON TO RESOLVE VARIOUS FACTUAL ISSUES, IN THE FACE OF THE DIFFERENT PICTURES PAINTED BY THE PLAINTIFF AND THE DEFENSE WHICH CANNOT BE RECONCILED WITHOUT YOUR HELP. YOU WILL NOW HAVE TO DECIDE WHERE THE TRUTH LIES, AND A VITAL PART OF YOUR DECISION WILL INVOLVE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES YOU HAVE LISTENED TO AND OBSERVED. IN MAKING THOSE JUDGMENTS, YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY OF EACH WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED, AND ANY OTHER MATTER IN EVIDENCE WHICH MAY HELP YOU TO DECIDE WHICH WITNESSES WERE TELLING THE TRUTH AND WHICH WITNESSES WERE NOT, AND THE IMPORTANCE OF EACH WITNESS'S TESTIMONY.

IT IS YOUR DETERMINATION AS TO A WITNESS'S CREDIBILITY THAT COUNTS. NONETHELESS, THE LAW HAS PROVIDED SOME GUIDELINES. FOR INSTANCE, YOU SHOULD CONSIDER THE WITNESS'S DEMEANOR. WAS THE WITNESS CANDID, FRANK AND FORTHRIGHT? OR, DID THE WITNESS SEEM AS IF HE OR SHE WAS HIDING SOMETHING, BEING EVASIVE OR SUSPECT IN SOME WAY? HOW DID THE WAY THE WITNESS TESTIFIED ON DIRECT EXAMINATION COMPARE WITH HOW THE WITNESS TESTIFIED ON CROSS-EXAMINATION? WAS

THE WITNESS CONSISTENT IN HIS OR HER TESTIMONY OR DID HE OR SHE CONTRADICT HIMSELF?  DID THE WITNESS APPEAR TO KNOW WHAT HE OR SHE WAS TALKING ABOUT AND DID THE WITNESS STRIKE YOU AS SOMEONE WHO WAS TRYING TO REPORT HIS OR HER KNOWLEDGE ACCURATELY?

YOUR DECISION WHETHER OR NOT TO BELIEVE A WITNESS MAY ALSO DEPEND ON WHETHER, OR THE EXTENT TO WHICH, THE WITNESS'S TESTIMONY IS CORROBORATED OR SUPPORTED BY OTHER EVIDENCE IN THE CASE.

EVEN IF THE WITNESS WAS IMPARTIAL, YOU SHOULD CONSIDER WHETHER THE WITNESS HAD AN OPPORTUNITY TO OBSERVE THE FACTS HE OR SHE TESTIFIED ABOUT.    ASK YOURSELVES WHETHER THE WITNESS'S RECOLLECTION OF THE FACTS STANDS UP IN LIGHT OF ALL OTHER EVIDENCE.

IN OTHER WORDS, WHAT YOU MUST TRY TO DO IN DECIDING CREDIBILITY IS TO SIZE A PERSON UP IN LIGHT OF HIS DEMEANOR, THE EXPLANATIONS GIVEN, AND IN LIGHT OF ALL THE OTHER EVIDENCE IN THE CASE, OR THE LACK OF EVIDENCE IN THE CASE, JUST AS YOU WOULD IN ANY IMPORTANT MATTER WHERE YOU ARE TRYING TO DECIDE IF A PERSON IS TRUTHFUL, STRAIGHTFORWARD AND ACCURATE.  IN DECIDING THE QUESTION OF CREDIBILITY, REMEMBER THAT YOU SHOULD USE YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR EXPERIENCE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

IF A PERSON IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT OR MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST THE TESTIMONY OF SUCH AN INDIVIDUAL CONCERNING OTHER MATTERS. YOU MAY REJECT ALL OF THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH WEIGHT OR CREDIBILITY AS YOU MAY THINK IT DESERVES.

A WITNESS MAY BE INACCURATE, CONTRADICTORY OR EVEN UNTRUTHFUL IN SOME RESPECTS AND YET MAY BE ENTIRELY CREDIBLE IN THE ESSENCE OF HIS OR HER TESTIMONY. IT IS FOR YOU TO SAY WHETHER HIS OR HER TESTIMONY IN THIS TRIAL IS TRUTHFUL IN WHOLE OR IN PART, AND TO GIVE IT SUCH WEIGHT AS YOU BELIEVE IT DESERVES.

## 8. INTEREST IN OUTCOME

IN EVALUATING THE CREDIBILITY OF THE WITNESSES, YOU MAY TAKE INTO ACCOUNT ANY EVIDENCE THAT THE WITNESS WHO TESTIFIED MAY BENEFIT IN SOME WAY FROM THE OUTCOME OF THIS CASE. SUCH AN INTEREST IN THE OUTCOME MAY SWAY THE WITNESS TO TESTIFY IN A WAY THAT ADVANCES HIS OR HER OWN INTERESTS. THEREFORE, IF YOU FIND THAT ANY WITNESS WHOSE TESTIMONY YOU ARE CONSIDERING MAY HAVE AN INTEREST IN THE OUTCOME OF THIS TRIAL, THEN YOU SHOULD BEAR THAT FACTOR IN MIND WHEN EVALUATING THE CREDIBILITY OF HIS OR HER TESTIMONY.

THIS IS NOT TO SUGGEST THAT EVERY WITNESS WHO HAS AN INTEREST IN THE OUTCOME OF A CASE WILL TESTIFY FALSELY, OR CONVERSE-LY, THAT WITNESSES WITH NO APPARENT INTEREST IN THE CASE WILL ALWAYS TELL YOU THE TRUTH. IT IS FOR YOU TO DECIDE TO WHAT EXTENT, IF AT ALL, THE WITNESS'S INTEREST HAS AFFECTED OR COLORED HIS OR HER TESTIMONY.

## 10. EXPERT WITNESSES

YOU HAVE ALSO HEARD TESTIMONY FROM *AN EXPERT WITNESS,* *DR. FRANK TINARI.* AN EXPERT WITNESS IS A WITNESS WHO HAS SPECIAL TRAINING OR EXPERIENCE IN A GIVEN FIELD AND IS PERMITTED TO EXPRESS OPINIONS BASED ON OBSERVED OR ASSUMED FACTS TO AID YOU IN DECIDING THE ISSUES IN THE CASE.

THE OPINIONS STATED BY THE EXPERT WERE BASED ON PARTICULAR FACTS, AS THE EXPERT OBTAINED KNOWLEDGE OF THEM AND TESTIFIED TO THEM BEFORE YOU, OR AS THE ATTORNEYS WHO QUESTIONED THE EXPERT ASKED THE EXPERT TO ASSUME CERTAIN FACTS. KEEP IN MIND, LIKE ANY OTHER WITNESS, YOU MAY REJECT THE EXPERT'S OPINION IF YOU FIND THE FACTS TO BE DIFFERENT FROM THOSE WHICH FORM THE BASIS OF HIS OPINION. *HIS OPINION IS NOT GOSPEL.* YOU MAY ALSO REJECT AN OPINION IF, AFTER CAREFUL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, EXPERT AND OTHER, YOU DISAGREE WITH THAT OPINION. IN OTHER WORDS, YOU ARE NOT REQUIRED TO ACCEPT AN EXPERT'S OPINION TO THE EXCLUSION OF THE FACTS AND CIRCUMSTANCES DISCLOSED BY OTHER TESTIMONY. SUCH AN OPINION IS SUBJECT TO THE SAME RULES CONCERNING RELIABILITY AS THE TESTIMONY OF ANY OTHER WITNESS. IT IS GIVEN TO ASSIST YOU IN REACHING A PROPER CONCLUSION; IT IS ENTITLED TO SUCH WEIGHT AS YOU FIND THE EXPERT'S QUALIFICATION IN THE FIELD WARRANT AND MUST BE CONSIDERED BY YOU, BUT IS NOT CONTROLLING UPON YOUR JUDGMENT.

*KEEP IN MIND THAT THE TESTIMONY BY THE EXPERT, DR. TINARI, IS RELEVANT ONLY TO DAMAGES, AND YOU SHOULD CONSIDER IT ONLY IF YOU*

FIND ONE OR MORE OF THE DEFENDANTS TO BE LIABLE FOR MALICIOUS PROSECUTION.

## 11. LAW ENFORCEMENT WITNESS

YOU HAVE HEARD THE TESTIMONY OF CURRENT AND FORMER POLICE OFFICERS AND DETECTIVES.   THE FACT THAT A WITNESS MAY BE EMPLOYED OR FORMERLY EMPLOYED AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT THE WITNESS'S TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

IT IS YOUR DECISION, AFTER REIVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF ANY LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

## 12. DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN MAKING YOUR DETERMINATIONS, YOU MAY CONSIDER EVIDENCE WHICH IS EITHER DIRECT OR CIRCUMSTANTIAL.

DIRECT EVIDENCE IS THAT WHICH A WITNESS TESTIFIES THAT THE WITNESS HAS PERCEIVED. DIRECT EVIDENCE MAY ALSO BE IN THE FORM OF AN EXHIBIT ADMITTED INTO EVIDENCE.

CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES FROM WHICH OTHER INFERENCES MAY BE DRAWN. YOU ARE ALLOWED TO MAKE REASONABLE INFERENCES FROM PARTICULAR FACTS THAT ARE ESTABLISHED BY DIRECT EVIDENCE. THIS IS CIRCUMSTANTIAL EVIDENCE.

THE LAW DOES NOT DISTINGUISH BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE. YOU MAY GIVE EQUAL WEIGHT TO BOTH. THE QUESTION IN THE CASE IS WHETHER, BASED UPON ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL, THE PARTY WITH THE BURDEN HAS PROVED ITS CASE BY A PREPONDERANCE OF THE EVIDENCE.

LET US TAKE ONE SIMPLE EXAMPLE TO ILLUSTRATE WHAT IS MEANT BY CIRCUMSTANTIAL EVIDENCE. [SUBWAY STORY.]

AS YOU CAN SEE, THE MATTER OF DRAWING INFERENCES FROM FACTS IN EVIDENCE IS NOT A MATTER OF GUESSWORK OR SPECULATION. AN INFERENCE IS A LOGICAL, FACTUAL CONCLUSION WHICH YOU MIGHT REASONABLY DRAW FROM OTHER FACTS THAT HAVE BEEN PROVED. YOU ARE PERMITTED TO DRAW INFERENCES -- BUT ARE NOT REQUIRED TO DO SO --FROM EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. IN DRAWING INFERENCES YOU SHOULD EXERCISE YOUR COMMON SENSE.

MANY MATERIAL FACTS -- SUCH AS STATE OF MIND -- ARE RARELY SUSCEPTIBLE OF PROOF BY DIRECT EVIDENCE. USUALLY SUCH FACTS ARE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE FOR IN EITHER CASE YOU MUST BE CONVINCED THAT THE PARTY WITH THE BURDEN OF PROOF PROVED ITS CASE BY A PREPONDERANCE OF THE EVIDENCE.

THERE ARE TIMES WHEN DIFFERENT INFERENCES MAY BE DRAWN FROM FACTS, WHETHER THEY ARE PROVED BY DIRECT OR CIRCUMSTANTIAL EVIDENCE. THE PLAINTIFF MAY ASK YOU TO DRAW ONE SET OF INFERENCES. THE DEFENDANTS MAY ASK YOU TO DRAW ANOTHER. IT IS FOR YOU, AND FOR YOU ALONE, TO DECIDE WHAT INFERENCES YOU WILL DRAW.

## 13. IMPEACHMENT -- INCONSISTENT STATEMENT OR CONDUCT

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE FROM OTHER WITNESSES; OR BY EVIDENCE THAT AT A PRIOR TIME THE WITNESS HAD SAID OR DONE SOMETHING, OR FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS'S PRESENT TESTIMONY.

YOU ARE NOT TO CONSIDER EVIDENCE OF A PRIOR INCONSISTENT STATEMENT AS AFFIRMATIVE EVIDENCE IN DETERMING THE ACTS COMPLAINED OF. EVIDENCE OF A PRIOR INCONSISTENT STATEMENT WAS PLACED BEFORE YOU FOR THE MORE LIMITED PURPOSE OF HELPING YOU DECIDE WHETHER TO BELIEVE THE TRIAL TESTIMONY OF THE WITNESS WHO CONTRADICTED A PRIOR STATEMENT. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, IF ANY, AS YOU MAY THINK IT DESERVES.

### 14. *NO REQUIREMENT TO CALL WITNESSES OR PRODUCE EXHIBITS*

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS IN ISSUE AT THIS TRIAL. NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED IN THIS CASE. KEEP IN MIND, TOO, THAT WITH RESPECT TO WITNESSES THEY ARE EQUALLY AVAILABLE TO BOTH SIDES. PUT ANOTHER WAY, EITHER SIDE WAS ABLE TO SUBPOENA AND CALL ANY WITNESS IT CHOSE TO CALL.

## 15. PARTY'S FAILURE TO PRODUCE EVIDENCE

IF YOU FIND THAT A PARTY COULD HAVE PRODUCED DOCUMENTS OR OTHER EVIDENCE *IN THIS LAWSUIT*, AND THAT SUCH EVIDENCE WAS *AT ONE TIME* WITHIN THAT PARTY'S CONTROL OR IN HIS OR HER CUSTODY, AND THAT THIS EVIDENCE WOULD HAVE BEEN RELEVANT IN DECIDING FACTS IN DISPUTE *IN THIS LAWSUIT*, YOU ARE PERMITTED, BUT NOT REQUIRED, TO INFER THAT THE EVIDENCE, IF PRODUCED, WOULD HAVE BEEN UNFAVORABLE TO THAT PARTY.

IN DECIDING WHETHER TO DRAW THIS INFERENCE, YOU SHOULD CONSIDER WHETHER THE EVIDENCE THAT WAS NOT PRODUCED WOULD MERELY HAVE DUPLICATED OTHER EVIDENCE ALREADY INTRODUCED. YOU MAY ALSO CONSIDER WHETHER THE PARTY HAS OFFERED A REASON FOR NOT PRODUCING THIS EVIDENCE, AND WHETHER THAT REASON WAS EXPLAINED TO YOUR SATISFACTION.

[Attribution: Martin A. Schwartz & George C. Pratt, Section 1983 Litigation Jury Instructions (2008 Supplement).]

## PART 2: INSTRUCTIONS ON THE LAW

I WILL NOW INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE. THE PLAINTIFF IN THIS CASE IS ANTHONY MANGANIELLO. THE PLAINTIFF CONTENDS THAT THE DEFENDANTS (IN ALPHABETICAL ORDER), SHAWN ABATE, LUIS AGOSTINI, RICHARD MARTINEZ, MIRIAM NIEVES AND ALEX PEREZ, ARE LIABLE FOR MALICIOUS PROSECUTION AGAINST THE PLAINTIFF IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

## 16. ELEMENTS OF A SECTION 1983 CLAIM

THE PLAINTIFF IS SEEKING DAMAGES UNDER SECTION 1983 OF TITLE 42 OF THE UNITED STATES CODE. THE RELEVANT PART OF THE STATUTE READS AS FOLLOWS:

EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, CUSTOM OR USAGE, OF STATE . . . SUBJECTS ANY CITIZEN OF THE UNITED STATES . . . TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW.

TO ESTABLISH A CLAIM UNDER SECTION 1983, THE PLAINTIFF MUST PROVE, BY A PREPONDERANCE OF THE CREDIBLE EVIDENCE, EACH AND EVERY ONE OF THE FOLLOWING THREE ELEMENTS:

FIRST: THAT THE CONDUCT COMPLAINED OF WAS COMMITTED BY A PERSON ACTING UNDER COLOR OF STATE LAW;

SECOND: THAT THE PERSON'S CONDUCT DEPRIVED THE PLAINTIFF OF RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES; AND

THIRD: THAT THE DEFENDANT'S CONDUCT WAS THE PROXIMATE OR LEGAL CAUSE OF INJURY AND THE RESULTING DAMAGES SUSTAINED BY THE PLAINTIFF.

I WILL NOW EXPLAIN EACH OF THESE ELEMENTS TO YOU.

**[Substance is same as Plaintiff's No. 6 & Defendants' pp. 1-2.]**

## 17. COLOR OF STATE LAW

THE FIRST ELEMENT OF THE PLAINTIFF'S CLAIM IS THAT THE DEFENDANTS ACTED UNDER COLOR OF STATE LAW. IN THIS CASE, IT IS NOT DISPUTED THAT ALL FIVE DEFENDANTS WERE EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT AT ALL RELEVANT TIMES AND AS A CONSEQUENCE OF THIS EMPLOYMENT WERE ACTING UNDER COLOR OF STATE LAW. IN OTHER WORDS, THE FIRST ELEMENT IS SATISFIED AND YOU NEED NOT DELIBERATE UPON IT.

## 18. DEPRIVATION OF FEDERAL CONSTITUTIONAL RIGHT – MALICIOUS PROSECUTION

THE SECOND ELEMENT OF THE PLAINTIFF'S SECTION 1983 CLAIM IS THAT HE WAS DEPRIVED OF A FEDERAL CONSTITUTIONAL RIGHT BY THE DEFENDANT *WHOM YOU ARE CONSIDERING*. *YOU ARE REQUIRED TO DETERMINE WHETHER OR NOT THERE WAS A DEPRIVATION OF A CITIZEN'S RIGHTS* UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHICH GUARDS AGAINST UNREASONABLE SEARCHES AND SEIZURES. *IF YOU FIND THAT THE DEFENDANT WHOM YOU ARE CONSIDERING IS LIABLE FOR MALICIOUS PROSECUTION, THIS IS A DEPRIVATION OF THE PLAINTIFF'S RIGHTS UNDER THE FOURTH AMENDMENT AND SATISFIES THE SECOND ELEMENT OF SECTION 1983.* [Substance is same as Plaintiff's No. 7.]

IN ORDER TO SUCCEED ON HIS CLAIM THE PLAINTIFF IS REQUIRED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE FIVE ELEMENTS:

FIRST, THE COMMENCEMENT OR THE CONTINUANCE OF A CRIMINAL PROCEEDING BY THE DEFENDANT WHOM YOU ARE CONSIDERING AGAINST THE PLAINTIFF;

SECOND, THE TERMINATION OF THE CRIMINAL PROCEEDING IN FAVOR OF THE PLAINTIFF;

THIRD, THE ABSENCE OF PROBABLE CAUSE FOR THE PROCEEDING;

FOURTH, MALICE ON THE PART OF THE DEFENDANT WHOM YOU ARE CONSIDERING; AND

FIFTH, THAT THE PLAINTIFF WAS DEPRIVED OF HIS LIBERTY AT SOME TIME AFTER HIS ARRAIGNMENT AND BEFORE THE CRIMINAL PROCEEDING WAS TERMINATED IN HIS FAVOR.

**[Substance is same as Plaintiff's No. 9.]**

I INSTRUCT YOU THAT THE SECOND ELEMENT HAS BEEN MET BECAUSE THE PARTIES HAVE AGREED THAT THE CRIMINAL PROCEEDING TERMINATED IN THE PLAINTIFF'S FAVOR. THAT IS, THE PLAINTIFF WAS FOUND NOT GUILTY OF THE CRIMES FOR WHICH HE WAS CHARGED.

I ALSO INSTRUCT YOU THAT THE FIFTH ELEMENT HAS BEEN MET BECAUSE IT IS CLEAR ON THIS RECORD THAT THE PLAINTIFF WAS DEPRIVED OF HIS LIBERTY AFTER HIS ARRAIGNMENT. THAT IS, HE WAS INCARCERATED FOR SOME PERIOD OF TIME BEFORE HE WAS RELEASED ON BAIL.

IT IS FOR YOU, THE JURY, TO DETERMINE WHETHER THE PLAINTIFF HAS SATISFIED, BY A PREPONDERANCE OF THE CREDIBLE EVIDENCE, THE FIRST, THIRD AND FOURTH ELEMENTS OF HIS MALICIOUS PROSECUTION CLAIM – WHETHER THE DEFENDANT WHOM YOU ARE CONSIDERING COMMENCED OR CONTINUED A CRIMINAL PROCEEDING AGAINST THE PLAINTIFF, WHETHER THERE WAS PROBABLE CAUSE TO COMMENCE OR CONTINUE THE PROCEEDING, AND WHETHER THERE WAS MALICE ON THE PART OF THE DEFENDANT WHOM YOU ARE CONSIDERING.

I WILL NOW EXPLAIN EACH OF THESE THREE REMAINING ELEMENTS IN TURN.

## 19. COMMENCEMENT OR CONTINUANCE OF CRIMINAL PROCEEDING

WITH RESPECT TO WHETHER THE DEFENDANT COMMENCED OR CONTINUED A CRIMINAL PROCEEDING AGAINST THE PLAINTIFF, THE PLAINTIFF MUST PROVE THAT THE DEFENDANT YOU ARE CONSIDERING PLAYED AN ACTIVE ROLE IN THE PROSECUTION. THIS WOULD INCLUDE GIVING ADVICE, ENCOURAGING THE AUTHORITIES TO ACT, *FILING CRIMINAL CHARGES AGAINST THE PLAINTIFF*, BEING INSTRUMENTAL IN BRINGING ABOUT THE CRIMINAL CHARGES, OR PROVIDING FALSE INFORMATION TO THE PROSECUTORS.

[Attribution: Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997).]

## 20. PROBABLE CAUSE

THE NEXT ELEMENT OF A MALICIOUS PROSECUTION CLAIM IS WHETHER THERE WAS PROBABLE CAUSE TO COMMENCE, FOR INSTANCE BY AN INDICTMENT, OR CONTINUE, FOR INSTANCE BY A TRIAL, CRIMINAL PROCEEDINGS. PROBABLE CAUSE DEPENDS UPON WHETHER A REASONABLY PRUDENT PERSON, BASED UPON ALL OF THE FACTS AND CIRCUMSTANCES KNOWN TO HIM WHEN THE PROSECUTION WAS COMMENCED OR CONTINUED, WOULD HAVE BELIEVED THAT THE PLAINTIFF WAS GUILTY OF THE CRIME WITH WHICH HE WAS CHARGED. IN THE PLAINTIFF'S CRIMINAL CASE, HE WAS CHARGED WITH MURDER IN THE SECOND DEGREE, MANSLAUGHTER IN THE FIRST DEGREE AND CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE. **[Substance is same as Plaintiff's No. 11 & Defendants' p. 7.]**

THE NEW YORK PENAL LAW STATES IN PERTINENT PART THAT A PERSON IS GUILTY OF MURDER IN THE SECOND DEGREE WHEN WITH INTENT TO CAUSE THE DEATH OF ANOTHER PERSON, HE CAUSES THE DEATH OF SUCH PERSON. **[Substance is same as Plaintiff's No. 11.]**

THE NEW YORK PENAL LAW STATES IN PERTINENT PART THAT A PERSON IS GUILTY OF MANSLAUGHTER IN THE FIRST DEGREE WHEN WITH INTENT TO CAUSE SERIOUS BODILY HARM TO ANOTHER PERSON, HE CAUSES THE DEATH OF SUCH PERSON, OR WITH INTENT TO CAUSE THE DEATH OF ANOTHER PERSON, HE CAUSES THE DEATH OF SUCH PERSON WHILE UNDER THE INFLUENCE OF EXTREME EMOTIONAL DISTURBANCE. **[Substance is same as Plaintiff's No. 11.]**

THE NEW YORK PENAL LAW STATES IN PERTINENT PART THAT A PERSON IS GUILTY OF CRIMINAL POSSESSION OF A WEAPON IN THE SECOND

31

DEGREE WHEN WITH INTENT TO USE THE WEAPON UNLAWFULLY AGAINST ANOTHER, SUCH PERSON POSSESSES A LOADED FIREARM.  **[Substance is same as Plaintiff's No. 11.]**

THE FACT THAT THE PLAINTIFF WAS ULTIMATELY ACQUITTED OF THESE CHARGES AGAINST HIM IS NOT EVIDENCE THAT THE DEFENDANTS LACKED PROBABLE CAUSE WHEN THE PROSECUTION WAS COMMENCED OR CONTINUED.

*YOU MUST DETERMINE WHETHER OR NOT THERE WAS PROBABLE CAUSE TO COMMENCE, FOR INSTANCE BY AN INDICTMENT, OR CONTINUE, FOR INSTANCE BY A TRIAL, CRIMINAL PROCEEDINGS.*

## 21. PROBABLE CAUSE – PRESUMPTION CREATED BY GRAND JURY INDICTMENT

THE GRAND JURY'S INDICTMENT OF MR. MANGANIELLO CREATES A REBUTTABLE PRESUMPTION OF PROBABLE CAUSE. THE PLAINTIFF MAY OVERCOME THIS PRESUMPTION BY SHOWING *BY A PREPONDERANCE OF THE EVIDENCE* THAT THE DEFENDANT WHOM YOU ARE CONSIDERING DID NOT MAKE A COMPLETE AND FULL STATEMENT OF FACTS EITHER TO THE GRAND JURY OR TO THE DISTRICT ATTORNEY, THAT HE OR SHE MISREPRESENTED OR FALSIFIED EVIDENCE, OR THAT HE OR SHE WITHHELD EVIDENCE OR OTHERWISE ACTED IN BAD FAITH, *AND THAT THIS ACTION OR OMISSION BY THE DEFENDANT HAD AN IMPACT ON THE GRAND JURY'S DECISION TO INDICT MR. MANGANIELLO.* PUT ANOTHER WAY, TO REBUT THE PRESUMPTION OF PROBABLE CAUSE CREATED BY THE GRAND JURY INDICTMENT, THE PLAINTIFF MUST ESTABLISH *BY A PREPONDERANCE OF THE EVIDENCE* THAT THE *GRAND JURY'S* INDICTMENT WAS THE RESULT OF FRAUD, PERJURY, THE SUPPRESSION OF EVIDENCE OR OTHER POLICE CONDUCT UNDERTAKEN IN BAD FAITH. *SUCH CONDUCT COULD INCLUDE FAILING TO PROVIDE DOCUMENTS OR OTHER TESTIMONY, OR PROVIDING FALSE DOCUMENTS, SUCH AS A FALSE DD5, OR OTHER FALSE TESTIMONY, TO EITHER THE GRAND JURY OR THE DISTRICT ATTORNEY, SO LONG AS SUCH CONDUCT BY THE DEFENDANT HAD AN IMPACT ON THE GRAND JURY'S DECISION TO INDICT MR. MANGANIELLO.*

[Attribution: Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004).]

33

## 22. MALICE

WITH RESPECT TO THE FOURTH ELEMENT, TO SHOW MALICE HERE, THE PLAINTIFF MUST SHOW THAT THE CRIMINAL PROSECUTION WAS COMMENCED OR CONTINUED FOR A PURPOSE OTHER THAN TO SECURE A CONVICTION OF A GUILTY PERSON, OR THAT IT WAS COMMENCED OR CONTINUED OUT OF ILL WILL OR RECKLESS DISREGARD FOR THE RIGHTS OF THE ACCUSED. A PROSECUTION IS COMMENCED OR CONTINUED WITH RECKLESS DISREGARD FOR THE RIGHTS OF THE ACCUSED WHEN IT IS COMMENCED WITHOUT ANY REASONABLE BELIEF THAT THE ACCUSED HAS ACTUALLY COMMITTED THE OFFENSE FOR WHICH HE IS CHARGED. IF YOU FIND THAT THE DEFENDANT WHOM YOU ARE CONSIDERING DID NOT HAVE PROBABLE CAUSE TO BELIEVE THAT THE PLAINTIFF COMMITTED THE CRIME FOR WHICH HE WAS CHARGED, YOU MAY, BUT ARE NOT REQUIRED, TO INFER THAT THE DEFENDANT ACTED MALICIOUSLY.

[Attribution: Adapted from instructions upheld in Murphy v. Lynn, 118 F.3d 938 (2d Cir. 1997), cert. denied, 522 U.S. 1115 (1998).]

**[Substance is same as Plaintiff's No. 13 & Defendants' pp. 7-8 (except where inference of malice may be made from probable cause).]**

## 23. PROXIMATE CAUSE

THE PLAINTIFF MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE CONDUCT OF THE DEFENDANT WHOM YOU ARE CONSIDERING WAS A PROXIMATE CAUSE OF HIS INJURIES.

PROXIMATE CAUSE MEANS THAT THERE MUST BE A SUFFICIENT CAUSAL CONNECTION BETWEEN A DEFENDANT'S ACTS (OR OMISSIONS) AND AN INJURY OR DAMAGE SUSTAINED BY THE PLAINTIFF. AN ACT IS A PROXIMATE CAUSE IF IT WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE PLAINTIFF'S INJURIES. THE PLAINTIFF'S INJURY OR DAMAGE MUST BE EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE DEFENDANT'S CONDUCT.

PUT ANOTHER WAY, THE ISSUE IS WHETHER A REASONABLE PERSON WOULD VIEW THE DEFENDANT'S CONDUCT AS THE CAUSE OF THE PLAINTIFF'S INJURIES.

THERE MAY BE MORE THAN ONE PROXIMATE CAUSE OF AN INJURY OR DAMAGE. MANY FACTORS OR THE CONDUCT OF TWO OR MORE PEOPLE MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE AN INJURY.

THE DEFENDANTS ARE NOT LIABLE IF THE PLAINTIFF'S INJURIES WERE THE RESULT OF AN INDEPENDENT CAUSE THAT INTERVENED BETWEEN THE DEFENDANTS' CONDUCT AND THE PLAINTIFF'S INJURY, AND THAT PRODUCED INJURIES THAT WERE NOT REASONABLY FORESEEABLE BY THE DEFENDANT WHOM YOU ARE CONSIDERING.

[Substance is same as Defendants' p. 3.]

## 24. COMPENSATORY DAMAGES

IF YOU FIND THAT PLAINTIFF HAS PROVEN ALL OF THE ELEMENTS OF HIS CLAIM FOR RELIEF, YOU WILL THEN CONSIDER DAMAGES. YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT DAMAGES NOW AS AN INDICATION THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, BE AWARDED DAMAGES. IT IS YOUR TASK AND YOURS ALONE TO DECIDE WHETHER THE DEFENDANT WHOM YOU ARE CONSIDERING IS LIABLE. ONLY *IF YOU FIND THAT ANY DEFENDANT IS LIABLE* MAY YOU REACH THE ISSUE OF DAMAGES.

THE LAW PERMITS ME TO CHARGE YOU ON DAMAGES NOW SO THAT IN THE EVENT YOU DECIDE THAT ONE OR MORE OF THE DEFENDANTS IS LIABLE AND THUS YOU REACH THE ISSUE OF DAMAGES, YOU WILL NOT HAVE TO FILE BACK IN TO LISTEN TO MY CHARGE ON DAMAGES.

WHEN A PARTY HAS CAUSED DAMAGE BY ITS CONDUCT, THE INJURED PLAINTIFF NEED NOT PROVE THE EXISTENCE AND AMOUNT OF DAMAGES WITH MATHEMATICAL CERTAINTY AND EXACTITUDE. INSTEAD, THE PLAINTIFF NEED ONLY PROVIDE A REASONABLE BASIS FOR DETERMINING THE AMOUNT OF DAMAGES.

YOU MAY AWARD "COMPENSATORY DAMAGES," ALSO KNOWN AS "ACTUAL DAMAGES," ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE CAUSED BY THE ALLEGEDLY WRONGFUL CONDUCT *OF THE DEFENDANT WHOM YOU ARE CONSIDERING*. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION, NO MORE AND NO LESS. YOU MAY NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT A PLAINTIFF HAS ACTUALLY SUFFERED OR WHICH HE IS

REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU FIND IN FAVOR OF THE PLAINTIFF, THEN YOU MUST AWARD THE PLAINTIFF SUCH SUM OF MONEY AS YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE HIM FOR ANY INJURY YOU BELIEVE HE ACTUALLY SUSTAINED AS A CONSEQUENCE OF THE CONDUCT OF THE DEFENDANT WHOM YOU ARE CONSIDERING.

YOU SHALL AWARD ACTUAL DAMAGES ONLY FOR THOSE INJURIES WHICH YOU FIND THAT A PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE. MOREOVER, YOU MAY NOT SIMPLY AWARD ACTUAL DAMAGES FOR ANY INJURY SUFFERED BY THE PLAINTIFF — YOU MUST AWARD ACTUAL DAMAGES FOR THOSE INJURIES THAT ARE A DIRECT RESULT OF ACTIONS BY A DEFENDANT WHOM YOU HAVE FOUND IS LIABLE TO THE PLAINTIFF. THUS, EVEN IF YOU FIND THAT A DEFENDANT DEPRIVED THE PLAINTIFF OF HIS RIGHTS, YOU MUST ASK WHETHER THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEPRIVATION ACTUALLY AND PROXIMATELY CAUSED EACH OF THE DAMAGES THAT HE CLAIMS TO HAVE SUFFERED.

IF YOU RETURN A VERDICT FOR PLAINTIFF, THEN YOU MUST AWARD HIM SUCH SUM OF MONEY AS YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE HIM FOR ANY INJURY YOU BELIEVE HE ACTUALLY SUSTAINED, INCLUDING ANY PAIN HE SUFFERED, AS A DIRECT CONSEQUENCE OF THE CONDUCT OF THE DEFENDANTS.

*THE PLAINTIFF IS ENTITLED TO ONLY ONE RECOVERY, IF AT ALL, SUFFICIENT TO REASONABLY COMPENSATE HIM FOR HIS INJURIES. I THEREFORE INSTRUCT YOU THAT IF YOU FIND THAT ONE OR MORE*

*DEFENDANTS ARE LIABLE TO THE PLAINTIFF, YOU MAY NOT AWARD ADDITIONAL COMPENSATORY DAMAGES FOR THE SAME INJURY, EVEN IF SUCH INJURIES RESULTED FROM MORE THAN ONE WRONGFUL ACT FROM THE ACTIONS OF MORE THAN ONE DEFENDANT. IF YOU CAN IDENTIFY SEPARATE INJURIES RESULTING FROM SEPARATE VIOLATIONS, YOU MAY AWARD AN AMOUNT OF COMPENSATORY DAMAGES EQUAL TO THE TOTAL OF THE DAMAGES YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE THE PLAINTIFF FOR THE SEPARATE INJURIES HE HAS SUFFERED. BUT YOU MAY NOT COMPENSATE THE PLAINTIFF FOR THE SAME INJURY MORE THAN ONCE BECAUSE YOU FIND ONE OR MORE DEFENDANTS TO BE LIABLE FOR THE SAME INJURY.*

IN DETERMINING THE AMOUNT OF ANY DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE. YOU MAY NOT AWARD DAMAGES BASED ON SYMPATHY OR SPECULATION. YOUR AWARD MUST BE FAIR AND JUST. IT SHOULD NEITHER BE EXCESSIVE NOR INADEQUATE, BUT SHOULD BE REASONABLE.

## *25. MITIGATION OF DAMAGES*

YOU ARE INSTRUCTED THAT ANY PERSON WHO CLAIMS DAMAGES AS A RESULT OF AN ALLEGED WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE UNDER THE CIRCUMSTANCES TO "MITIGATE," OR MINIMIZE THOSE DAMAGES. THE PLAINTIFF MAY NOT RECOVER IN FULL FOR DAMAGES THAT COULD HAVE BEEN REDUCED WITH REASONABLE EFFORT.

[Substance is same as Defendants' pp. 11-12.]

## 26. NOMINAL DAMAGES

IF YOU RETURN A VERDICT FOR THE PLAINTIFF, BUT FIND THAT THE PLAINTIFF HAS FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HE SUFFERED ANY ACTUAL DAMAGES, THEN YOU MUST AWARD THE PLAINTIFF "NOMINAL DAMAGES" NOT TO EXCEED THE SUM OF ONE DOLLAR. NOMINAL DAMAGES ARE THE LAW'S WAY OF RECOGNIZING THAT CONSTITUTIONAL AND OTHER RIGHTS MUST BE SCRUPULOUSLY OBSERVED, EVEN WHEN THESE VIOLATIONS HAVE NOT BEEN SHOWN TO HAVE CAUSED ACTUAL INJURY. YOU SHOULD NOT AWARD NOMINAL DAMAGES OUT OF SYMPATHY FOR THE PLAINTIFF IF YOU BELIEVE THAT THE PLAINTIFF HAS FAILED TO PROVE HIS CASE.

### *27. PUNITIVE DAMAGES*

IF YOU HAVE AWARDED THE PLAINTIFF EITHER COMPENSATORY OR NOMINAL DAMAGES, THE LAW PERMITS THE JURY, UNDER CERTAIN CIRCUMSTANCES, TO AWARD THE PLAINTIFF PUNITIVE DAMAGES IN ORDER TO PUNISH THE WRONGDOER FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS, OR SOME EXTRAORDINARY MISCONDUCT, AND TO SERVE AS AN EXAMPLE OR WARNING TO OTHERS NOT TO ENGAGE IN SUCH CONDUCT.

IF YOU, THE JURY, SHOULD FIND, FROM A PREPONDERANCE OF THE EVIDENCE, THAT THE CONDUCT OF A DEFENDANT THAT PROXIMATELY CAUSED INJURY OR DAMAGE TO THE PLAINTIFF WAS MALICIOUSLY, OR WANTONLY, OR OPPRESSIVELY DONE, THEN YOU MAY, IF IN THE EXERCISE OF DISCRETION YOU UNANIMOUSLY CHOOSE TO DO SO, AWARD SUCH AMOUNT AS YOU SHALL UNANIMOUSLY AGREE TO BE PROPER AS PUNITIVE DAMAGES.

AN ACT OR A FAILURE TO ACT IS MALICIOUSLY DONE IF PROMPTED OR ACCOMPANIED BY ILL WILL, OR SPITE, OR GRUDGE, EITHER TOWARD THE INJURED PERSON INDIVIDUALLY OR TOWARD ALL PERSONS IN ANY GROUP OR CATEGORY OF WHICH THE INJURED PERSON IS A MEMBER.

AN ACT OR A FAILURE TO ACT IS WANTONLY DONE IF DONE IN RECKLESS DISREGARD OF, OR CALLOUS DISREGARD OF, OR INDIFFERENCE TO THE RIGHTS OF ANOTHER PERSON.

AN ACT OR A FAILURE TO ACT IS OPPRESSIVELY DONE IF DONE IN A WAY OR MANNER THAT INJURES, OR DAMAGES, OR OTHERWISE VIOLATES THE RIGHTS OF ANOTHER PERSON WITH UNNECESSARY HARSHNESS OR SEVERITY, AS BY MISUSE OR ABUSE OF AUTHORITY OR POWER, OR BY TAKING

41

ADVANTAGE OF SOME WEAKNESS, OR DISABILITY, OR MISFORTUNE OF ANOTHER PERSON.

WHETHER OR NOT TO MAKE AN AWARD OF PUNITIVE DAMAGES IS A MATTER EXCLUSIVELY WITHIN THE DISCRETION OF THE JURY. WHEN AWARDED, THE AMOUNT OF SUCH EXTRAORDINARY DAMAGES MUST BE FIXED WITH CALM DISCRETION AND SOUND REASON, AND MUST NEVER BE AWARDED OR FIXED IN AMOUNT BECAUSE OF ANY SYMPATHY, OR BIAS, OR PREJUDICE WITH RESPECT TO ANY PARTY TO THE CASE. IN FIXING THE AMOUNT OF PUNITIVE DAMAGES, YOU MUST CONSIDER THE DEGREE OF RESPONSIBILITY OF THE CONDUCT OF THE DEFENDANT WHOM YOU ARE CONSIDERING AND THE RELATIONSHIP BETWEEN THE AMOUNT OF PUNITIVE DAMAGES TO ANY ACTUAL HARM INFLICTED UPON THE PLAINTIFF.

AT THIS STAGE OF THE TRIAL, YOU ARE DIRECTED TO DETERMINE ONLY IF AN AWARD OF PUNITIVE DAMAGES IS IN ORDER. IF YOU FIND THAT PUNITIVE DAMAGES ARE IN ORDER, I WILL THEN INSTRUCT YOU ON HOW TO DETERMINE THE AMOUNT OF PUNITIVE DAMAGES.

[Attribution: Smith v. Wade, 461 U.S. 30 (1983); State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003); BMW of North America v. Gore, 517 U.S. 559 (1996); Martin A. Schwartz & George C. Pratt, Section 1983 Litigation Jury Instructions (2008 Supplement).]

**[Substance is same as Plaintiff's No. 17.]**

## PART 3: INSTRUCTIONS ON DELIBERATIONS

THAT BRINGS US TO THE THIRD AND FINAL PART OF THESE INSTRUCTIONS.

## 28. SPECIAL VERDICTS

THIS CASE WILL BE DECIDED ON THE BASIS OF THE ANSWERS THAT YOU GIVE TO CERTAIN QUESTIONS WHICH WILL BE ON YOUR VERDICT SHEET. AS YOU WILL NOTE FROM READING THE QUESTIONS, YOU MAY NOT NEED TO CONSIDER CERTAIN QUESTIONS AT ALL DEPENDING ON YOUR ANSWER TO ONE OR MORE PRECEDING QUESTIONS.

IN THIS COURT, WHILE A JURY OF SIX CAN DELIBERATE AND REACH A VERDICT, IF THERE ARE MORE THAN SIX, WHICH THERE ARE HERE, THEY ARE NOT CONSIDERED ALTERNATES BUT ARE FULL-FLEDGED JURORS. IN THIS CASE, ALL EIGHT JURORS WILL DELIBERATE. IT IS ALSO THE RULE IN THIS COURT THAT THE JURY MUST BE UNANIMOUS. WHEN ALL EIGHT OF YOU HAVE AGREED ON ANY ANSWER, THE FOREPERSON OF THE JURY WILL WRITE THE ANSWER IN THE SPACE PROVIDED. WHEN YOU HAVE ANSWERED THE REQUISITE QUESTIONS, THE FOREPERSON WILL SIGN THE VERDICT SHEET AND SIGNAL THE MARSHAL THAT YOU ARE READY TO REPORT YOUR VERDICT TO THE COURT. THE FOREPERSON WILL THEN BE TAKEN THROUGH THE VERDICT SHEET BY MY COURTROOM DEPUTY.

DO NOT ASSUME FROM THE QUESTIONS OR FROM THE WORDING OF THE QUESTIONS OR FROM MY INSTRUCTIONS ON THEM WHAT THE ANSWERS SHOULD BE OR ANY VIEW I MIGHT HAVE ABOUT WHAT THE ANSWERS SHOULD BE -- AGAIN I HAVE NO POWER TO TELL YOU WHAT THE ANSWERS SHOULD BE.

## 29. DUTY TO DELIBERATE/UNANIMOUS VERDICT

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF OR HERSELF, BUT YOU SHOULD DO SO ONLY AFTER A CONSIDERATION OF THE CASE WITH YOUR FELLOW JURORS, AND YOU SHOULD NOT HESITATE TO CHANGE AN OPINION WHEN CONVINCED THAT IT IS ERRONEOUS. YOU ARE NOT BOUND TO SURRENDER YOUR HONEST CONVICTIONS CONCERNING THE EFFECT OR WEIGHT OF THE EVIDENCE FOR THE MERE PURPOSE OF RETURNING A VERDICT BASED ON THE OPINION OF OTHER JURORS. DISCUSS AND WEIGH YOUR RESPECTIVE OPINIONS DISPASSIONATELY WITHOUT REGARD TO PREJUDICE OR FAVOR FOR EITHER PARTY, AND ADOPT THAT CONCLUSION WHICH IN YOUR GOOD CONSCIENCE APPEARS TO BE IN ACCORDANCE WITH THE TRUTH.

## **30. SELECTION OF A FOREPERSON**

ONCE YOU GET INTO THE JURY ROOM, THE FOREPERSON, JUROR NUMBER 1, UNLESS YOU AGREE ON ANOTHER, WILL BE RESPONSIBLE FOR SIGNING ALL COMMUNICATIONS TO THE COURT AND FOR HANDING THEM TO THE MARSHAL DURING YOUR DELIBERATIONS.

## 31. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

IF DURING YOUR DELIBERATIONS YOU WANT TO SEE ANY OF THE EXHIBITS, YOU MAY REQUEST THAT THEY BE BROUGHT INTO THE JURY ROOM. IF YOU WANT ANY OF THE TESTIMONY READ, YOU MAY ALSO REQUEST THAT. PLEASE REMEMBER THAT IT IS NOT ALWAYS EASY TO LOCATE WHAT YOU MIGHT WANT, SO BE AS SPECIFIC AS YOU POSSIBLY CAN. IN REQUESTING PORTIONS OF THE TESTIMONY, LET ME KNOW WITNESS, SUBJECT MATTER AND, IF POSSIBLE AND APPROPRIATE, DIRECT OR CROSS.

IN ADDITION, YOU MAY REQUEST TO SEE ANY PORTION OR ALL OF MY INSTRUCTIONS ON THE LAW.

YOUR REQUESTS FOR EXHIBITS OR TESTIMONY -- IN FACT ANY COMMUNICATIONS WITH THE COURT -- SHOULD BE MADE TO ME IN WRITING, SIGNED BY YOUR FOREPERSON, AND GIVEN TO ONE OF THE MARSHALS. IN ANY EVENT, DO NOT TELL ME OR ANYONE ELSE HOW THE JURY STANDS ON ANY ISSUE UNTIL A UNANIMOUS VERDICT HAS BEEN REACHED.

## 32. EXCEPTIONS

MEMBERS OF THE JURY, I WILL ASK YOU TO REMAIN SEATED WHERE YOU ARE BRIEFLY WHILE I CONFER WITH COUNSEL TO SEE IF THERE ARE ANY ADDITIONAL INSTRUCTIONS WHICH THEY WOULD LIKE TO HAVE ME MENTION TO YOU OR ANYTHING I MAY NOT HAVE COVERED IN MY PREVIOUS STATEMENT.

IN THIS REGARD, I ASK YOU NOT TO DISCUSS THE CASE WHILE SEATED IN THE BOX BECAUSE THERE IS THE POSSIBILITY THAT I MIGHT FIND IT PROPER TO GIVE YOU ADDITIONAL INSTRUCTIONS WHICH YOU MAY NOT PRESENTLY HAVE RECEIVED.  PLEASE REMAIN WHERE YOU ARE FOR A FEW MINUTES.