UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY MANGANIELLO,                       CIVIL ACTION No.: 07 CV 3644
                          Plaintiff,

        -vs-

LUIS AGOSTINI
                         Defendant
-----------------------------------------------------------X

## DECLARATION OF COUNSEL IN SUPPORT FOR THE AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. 1988

MICHAEL H. JOSEPH, pursuant to 28 U.S.C. §1746, hereby declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1. I offer this declaration as a petition for a fee pursuant to 42 USC §1988, for the successful representation of the Plaintiff Anthony Manganiello in the above captioned matter.

2. Plaintiff successfully obtained a jury verdict against Luis Agostini for malicious prosecution and deprivation of his constitutional rights in violation of 42 U.S.C. § 1983. The total amount of damages awarded by the jury was $1,501,261.

3. A Plaintiff is a prevailing party for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983).

4. Thus, Plaintiff was the prevailing party and is presumptively entitled to reasonable attorney's fees for the prosecution of this action. Kassim v. City of Schenectady, 415 F.3d 246, 253 (2d Cir. 2005). The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Hensley v. Eckerhart, 461 U.S.

424, 103 S.Ct. 1933 (1983); <u>citing</u> H.R.Rep. No. 94-1558, p. 1 (1976). Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. S.Rep. No. 94-1011, p. 4 (1976).

5. The relevant indicators of a successful prosecution and the amount of attorney's fees to be are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Hensley</u>, 461 U.S. at 429; 103 S.Ct. at 1938; <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182 (2d Cir. 2008).

6. The following is a description of my credentials. I graduated from Tulane Law School in May, 1999. While at Tulane Law School, I participated in a criminal clinic in which I was temporarily admitted to the limited practice of law in the State of Louisiana in August of 1998, and from August, 1997 through May 1999, I regularly represented defendants charged with felonies including but not limited to murder, kidnaping, narcotics, felony assault and gang conspiracy in the Orleans Parish criminal courts. While in law school, I was also employed as a law clerk by various firms, including McGlinchey, Stafford and Smith Martin, both New Orleans firms with concentrations in Maritime tort, Tort Law, Gaming law, Commercial litigation, Casualty, and General Litigation.

7. In January, 2000, I became admitted to practice law in the State of New York. I am also admitted to practice law in the State of New Jersey, the Federal District Court of New Jersey, as well as the Southern and Eastern Districts of New York. Since being admitted in New York, I have also been admitted to the United States Court of Appeals for the Second Circuit. Between August 1999 and June, 2000, I was affiliated with the Legal Aid Society of Suffolk County, where I exclusively handled the defense of State Criminal matters. During those months, I constantly briefed, argued and tried civil rights issues which arose in defending the accused.

8. From the June 2000 to May, 2004, I was associated with the firm of Cappiello, Hofmann & Katz, a litigation firm in Manhattan, with an emphasis in maritime tort law, construction tort law, police misconduct and general torts. While associated with this firm, I was lead counsel on approximately 400 cases. I handled a diverse case load including cases involving maritime injuries arising under the Longshore Harbor Workers Compensation Act, The Jones Act, The Death on the High Seas Act, Vessel Arrests, Construction Accidents involving New York Labor Laws, Negligent Highway Design, Negligent Engineering and Design of Material Handling Equipment, Premises Liability, Professional Liability and Automobile Tort cases. While at Cappiello, Hofmann & Katz, I was trial counsel on a number of trials, both in state and federal court. The firm of Cappiello Hofmann & Katz, P.C. and its predecessors, has a well-respected, national reputation in the field of maritime labor law and personal injury law.

9. In May, 2004, I joined the firm of Osorio & Associates as a partner and from that time until the present, I have been the lead partner with respect to civil litigation matters and State level criminal matters. During my time as a partner, I have handled state level

criminal matters involving both felonies and misdemeanors. I have also handled numerous civil matters including construction litigation involving the New York Labor Laws, Mechanic Lien Litigation, Commercial Property Damage matters, Medical Malpractice, Civil Rights Matters, Personal Injury matters involving Auto Accidents, Truck Accidents and Premises Liability, Products Liability matters, Professional Liability, Commercial Litigation including Fraud, Contract, Intellectual Property, Fiduciary Duty Litigation, Unjust Enrichment, Copyright Infringement, Patent Licensing Disputes, Intentional Interference With Economic Opportunity Litigation, R.I.C.O., Partnership Dissolutions, Fraudulent Conveyance Actions, Creditor's Rights in Adversarial Proceedings in Bankruptcy Court, Divorce matters and Administrative Immigration matters and Trademark matters.

10. In my career, I have tried and arbitrated approximately thirty five cases including trials in the Eastern District of New York, Southern District of New York, District of New Jersey, the Supreme Courts of Queens, Brooklyn, New York, Bronx, Westchester and Nassau and before the U.S. Department of Labor, Office of Workers' Compensation Programs. Also I have briefed and argued Appeals before the Second Circuit, Court of Appeals and the New York Second Department and First Department Appellate Divisions. In my career, I have prepared approximately ten Appellate Briefs and argued eight Appellate Matters. I have also handled over a thousand matters, which have been resolved at various staged of litigation.

11. The undersigned has an excellent reputation and this case is one of many that have been reported on in newspapers including the Daily News, the Journal News, Newsday, the Jury Verdict reporter and Equa Times (a Spanish language newspaper). (Ex. 1).

12. As a direct result of the efforts of the undersigned a Plaintiff's verdict establishing liability against Luis Agostini for the malicious prosecution of the Plaintiff was obtained. Further the total amount awarded by the jury was $1,501,261, thus the representation in this matter was successful. The extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fee. Hensley, 461 U.S at 440;103 S.Ct. at 1943. Where recovery of private damages is the purpose of the litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded. Kassim, 415 F.3d at 254.

13. It is undeniable that Plaintiff achieved an extremely successful result in this matter. Such is evidenced by the fact that the Daily News, a prominent New York Newspaper, reported the successful verdict. Further, defendants moved to have the award decreased and it was their contention that the result was too successful, i.e., a greater result was reached than in other cases involving the same cause of action.

14. The instant matter was an unusually complex matter and required a great deal of time. The defense took an extremely adversarial position and numerous discovery issues had to be litigated, over ten depositions had to be taken, experts had to be retained and extensive review of transcripts from prior matters including a criminal trial transcript and hearing transcripts of about a thousand pages had to be reviewed. The undersigned had to bring an order to show cause before the Bronx Supreme Court to obtain the grand jury minutes to successfully prosecute this matter. Additionally, the undersigned had to expend a significant amount of time opposing motions for summary judgment and litigating in limine matters. Finally, the undersigned exclusively tried this matter for over a week.

15. The extent of the proceedings is evidenced by the fact that undersigned paid deposition

and transcription costs in the amount of $8,139.67.

16. Attached hereto as exhibit 2, is a listing of the hours of work, and the labors performed in this claim for which I seek compensation. The description comes directly from the firm's computer-maintained time sheet for the Manganiello file. The time was recorded contemporaneously with the events recorded therein and the reference "MHJ" are my initials. The time reeorded was necessary for the prosecution of the instant matter.

17. As shown in exhibit 2, the undersigned spent 587.25 hours working on this case.

18. The focus of the distriet courts is no longer on calculating a reasonable fcc, but rather on setting a reasonable hourly rate, taking account of all case-specific variables. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir 2008).

19. This matter was taken on contingency and a great deal of risk was undertaken to pursue this matter in both time and outlays. As discusscd below, the undersigned expended $9500 in expert fees and over $8,000 in deposition costs. The total outlays to advance the prosecution were in excess of $20,000. In assessing the reasonable fee, the Court may consider that the case was taken on contingency and compensate the Plaintiff's attorneys for risking a large expenditure of hours without guarantee of payment and advancing substantial costs in prosecution of the case. Baughman v. Wilson Freight Forwarding Co., 583 F.2d 1208 (3d Cir 1978).

20. In Arbor Hill Concernec Citizens Neighorhood Ass'n, the Court adopted the forum rule, which requires an award of the hourly rate in the community, in calculating the presumptively reasonable fee. Id. at 190. Where the case was brought in the Southern District of New York, the relevant community to which the Court should look is that of

Manhattan civil rights attorneys. <u>Marisol A. v. Giuliani,</u> 111 F.Supp.2d 381, 386 (S.D.N.Y.2000).

21. To determine the reasonable hourly rate for an attorney, courts must look to current market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. <u>Gierlinger v. Gleason</u> 160 F.3d 858, 882 (2d Cir.1998).

22. The following is a brief survey of attorneys fees that have been approved in the Southern District of New York. An award of $375 per hour was approved in <u>Supreme Oil Co., Inc. v. Abondolo,</u> 2008 WL 2925300 (S.D.N.Y.2008). In <u>Gamble v. East Bronx N.A.A.C.P. Day Care Center, Inc.,</u> 2008 WL 2115237 (S.D.N.Y. 2008), the Court awarded the partners compensation at a $350 hourly rate, and a $250. hourly rate for senior associates and a $200 per hour rate for junior associates. In <u>Heng Chan v. Sung Yue Tung Corp.,</u> 2007 WL 1373118 (S.D.N.Y. 2007), the Court approved an hourly fee of $350 per hour for an attorney with fifteen years of experience and $300 per hour for a sixth-year associate. <u>Garcia v. Yonkers School Dist.,</u> 499 F.Supp.2d 421, 426 (S.D.N.Y.2007) (rate of $350 per hour for experienced civil rights litigator); <u>Sheehan v. Metro. Life Ins. Co.,</u> 450 F.Supp.2d 321, 328 (S.D.N.Y.2006) (rates of $425 for senior partner, $350 for junior partner, and $300 for associates of small firm in ERISA case); <u>Access 4 All, Inc. v. Park Lake Hotel, Inc.,</u> No. 04 Civ. 7174(SAS)(JCF), 2005 WL 3338555 (S.D.N.Y. Dec. 7, 2005) (rate of $350 per hour appropriate for experienced attorneys in a case under the ADA); <u>Martinez v. Port Auth. Of New York & New Jersey,</u> No. 01 Civ. 721(PKC), 2005 WL 2143333 at *26 (S.D.N.Y. Sept.2, 2005) (rates of $400 per hour for partner and $325

per hour for co-counsel in civil rights case); Kuper v. Empire Blue Cross & Blue Shield, No. 99 Civ. 1190(JSG)(MHD), 2003 WL 23350111, at *9-10 (S.D.N.Y. Dec. 18, 2003) (rate of $425 per hour for lead attorney of small firm in civil rights case); New York State Nat'l Org. For Women v. Pataki, No. 93 Civ. 7146(RLC), 2003 WL 20006608, at *2 (S.D.N.Y.Apr. 20, 2003) ($430 per hour and $400 per hour to experienced civil rights litigators from small firm); Davis v. New York City Housing Auth., No. 90 Civ. 628(RWS), 2002 WL 31748586, at *2-3 (S.D.N.Y. Dec.6, 2002) ($375 per hour to attorney with fifteen years of experience); Green v. Torres, No. 98 Civ. 8700(JSR), 2002 WL 922174, at *1 (S.D.N.Y. May 7, 2002) ($400 per hour for successful civil rights litigator) (vacated on other grounds by Green v. Torres, No. 98 Civ. 8700, 2003 WL 1025241 (2d Cir. May 7, 2003); Baird v. Boies, Schiller & Flexner, 219 F.Supp.2d 510, 523 (S.D.N.Y.2002) ($375 per hour to partner at small firm); Gonzalez v. Bratton, 147 F.Supp.2d 180, 211-12 (S.D.N.Y.2001) (rates of $390 per hour for senior attorneys from small firm engaged in civil rights case); Skold v. Am. Int'l Group, Inc., No. 96 Civ. 7137(HB), 1999 WL 405539, at *7 (S.D.N.Y. June 18, 1999) (rate of $400 for lead attorney at civil rights firm held reasonable).

23. It is respectfully submitted that the undersigned's experience is comparable to that of the attorneys who have had fee awards in the range of between $300 and $400 per hour. The undersigned is the lead litigation partner of a small firm with approximately ten years of experience (including clinical experience). The undersigned predominantly works on contingency tort matters and often obtains fees that are in line with or exceed the aforementioned. For example, a standard one third contingency fee in this matter would amount to a fee $500,000. When the hours expended are calculated, this results in a fee of

over 800 per hour. The last time I did a fee application was approximately five years ago, as a mid level associate and a fee in the amount of $175 per hour was approved by the U.S. Department of Labor in Chavez v. W.M.S. Construction, et. al., Case No.: 02-128424. Since that time, I have an additional five years of experience, I am now a partner and my fees have greatly increased. As shown in the annexed declaration of Kevin Pollock, Esq., I was retained three years ago at a rate of $275 per hour. (Ex. 3).

24. Therefore, I request an hourly fee in the amount of $350 per hour, which is in line with the foregoing survey of attorneys with similar experience and ability. At a rate of $350 per hour, the undersigned would be entitled to a fee of $205,537.50, plus experts fees.

25. Additionally, I request that the Court award Plaintiff the expert's fees actually expended in the prosecution of this action. In awarding an attorney's fee under § 1988(b), the court, in its discretion, may include expert fees as part of the attorney's fee.

26. In order to obtain the above results, the undersigned needed to retain experts to assist the jury in evaluating the evidence and to pay an expert fee to Plaintiff's treating physician to secure her testimony for trial. The fees paid to the experts are as follows:

| | |
|---|---|
| - Rehana Latif, M.D. | 3,000 |
| - Frank Tinari | 6,000 |
| - Steve Collangelo | 500 |

27. Although Mr. Collangelo was precluded on Plaintiff's case in chief, he appeared in Court as a rebuttal witness to rebut the testimony of Matias Colon. Specifically, it was anticipated that Mr. Colon would have testified that he saw Plaintiff with a small caliber revolver while on Parkchester property. Mr. Collangelo, would have rebutted Mr. Colon's testimony by opining that Mr. Acosta was killed with a semi-automatic, not a revolver because discharged shell casings were found at the scene and revolvers retain the casings

in the chamber after a discharge, whereas semi-automatic hand guns discharge the shells after being fired. The defendants opted not to call Mr. Colon at the last minute, but Mr. Collangello appeared in Court and was ready to testify, as such he had to be paid.

27. Therefore, the undersigned requests a total fee of $215,037.50.

28. The fee should not be reduced because the jury found that some of the defendants were not liable for malicious prosecution or that the Court granted qualified immunity to Shawn Abate. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee encompassing all hours reasonably expended and the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Kassim v. City of Schenectady, 415 F.3d 246, 253 (2d Cir. 2005). Where the plaintiff's claims for relief involves a common core of facts and counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis the lawsuit cannot be viewed as a series of discrete claims, instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Hensley v. Eckerhart, 461 U.S. at 435; 103 S.Ct. at 1941.

29. Here, Plaintiff's claim was that he was maliciously prosecuted and the jury in its verdict agreed and awarded both compensatory and punitive damages. That Plaintiff did not establish liability against every defendant is immaterial because there was a common core of issues and there was ultimate success on the litigation. Further, the facts developed during the depositions of the other defendants aided in the prosecution of the case against Agostini, because they exposed inconsistencies, established evidence that Agostini fabricated evidence and established policies and procedures which aided the missing

evidence issue. Thus, even if the claims were not pursued against the other defendants, the discovery would still have been necessary to establish the case against Agostini. This is supported by the fact that Plaintiff called three of the dismissed defendants (Parker, McGovern and Scott) as witnesses in his case in chief.

WHEREFORE, based upon the foregoing, the undersigned respectfully requests that a fee in the amount of $215,037.50, be awarded pursuant to 42 U.S.C. § 1988.

Dated: White Plains, New York
August 11, 2008

Respectfully submitted,
OSORIO & ASSOCIATES, LLC

BY: _____
Michael H. Joseph, Esq.
184 Martine Avenue
White Plains, New York 10601
(914) 761-3168

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY MANGANIELLO,

                   Plaintiff,      CIVIL ACTION No.: 07 CV 3644

   - Against-

LUIS AGOSTINI

                   Defendant,
----------------------------------------------------------X

## DECLARATION OF SERVICE

Pursuant to 28 USC §1746, I hereby declare, under penalty of perjury under the laws of the United States of that the following is true and correct.

Deponent is not a party to the action, is over 18 years of age and resides at 184 Martine Ave., White Plains, N.Y. 10601. That on the 11th day of August, 2008 deponent served the within: Notice of Motion, Declaration of Counsel with Exhibits upon:

         Corporation Counsel
         100 Church Street
         New York, NY 10007

at the last known address designated by them for that purpose by depositing a true copy of same enclosed by federal express overnight service in a postpaid properly addressed wrapper.

                                     Michael H. Joseph, Esq.