EXHIBIT **1**

NEWSDAY, SATURDAY, JULY 12, 2003

# 'La Cucaracha in My Ear?'

## Jury says landlord to blame

By Shirley E. Perlman

After roaches invaded her Hempstead apartment in the spring of 1998, Marta Velasquez put a bug in her landlord's ear about the problem.

But a few months later, as she lay sleeping on a chilly December night, the bug was in her ear.

"I wake up when I feel in my ear," Velasquez said. "I went crazy. I was screaming. I was jumping. I was crying."

Last week, a Mineola jury awarded Velasquez $105,000 for health problems that began when a cockroach crawled into her ear that December night.

As Velasquez tells it, the incident occurred in the basement apartment she and her husband, Luis, have been renting for the past five years. She said the problem began soon after the landlord rented the up-

stairs of the home on Acre Street to a family of 10 to 12 people.

Velasquez, who had been paying $850 a month in rent, said she complained to the landlords, Jose and Natalia Chavez, but nothing was done and the place became infested with roaches.

On Dec. 18, 1998, she said, she went to sleep and was suddenly awakened by a tingling sensation: It was the roach. There were also cockroaches on the bed, she said during a break in the trial last week.

Velasquez, 46, a native of Honduras, and her husband drove her to Long Island Medical Center in Hempstead, where Velasquez was removed by a doctor. Within weeks she began experiencing medical problems including

head pain, dizziness and loss of hearing, she said.

In July 2000, she underwent surgery to repair part of her left eardrum. Velasquez's lawyer, Michael Joseph of Manhattan, who filed the lawsuit against the landlords in 2001 on behalf of Velasquez, said it was unclear whether her ear damage was caused by the cockroach or the doctor who removed it.

"Either way, they're responsible," Joseph said of the landlords. "They created the original hazard which necessitated the treatment."

The jury apparently agreed. Last week, after a brief trial before State Supreme Court Justice Peter Skelos, jurors ruled in her favor.

Joseph said he suggested a

$300,000 award in consideration of future suffering and medical expenses, but said that essentially he asked for "whatever they thought was fair." Joseph said that Velasquez said she was satisfied with the jury's decision. She and her husband still sleep in the apartment, which she said is now roach-free.

Chavez's attorney, William Shanahan of Garden City, was not available for comment.

The Chavezes did not appear at the trial. But in a deposition read to the jury, Chavez said he tried to get a fumigator after he moved out in March 1998, but was unsuccessful. He said he had lived in the house with his family for about 20 years before converting it into a two-family residence and that there were no insect problems during that time. He acknowledged in the deposition that he did not have a permit to operate a two-family house.

IN BRIEF

PHILIPSBURG MANOR
TO HOLD 'AFRICAN-AMERICAN
FOODWAYS FESTIVAL' **1D**

RESTAURANT AND
FARMERS MARKET
DATABASES
AT **LOHUD.COM**

MAY RELEASE TES
SUMMER BASKET
GAINING IN POPULA

FIRM'S CLIENTS:

LoHud.com



Wednesday
July 23, 2008

# The Journal News

BREAKING NEWS 24/7 AT LOHUD.COM    SERVING THE LOWER HUDSON V

## Police, Yonkers named in suit

### Papers say cops broke into home without warrant

**Ernie Garcia**
The Journal News

YONKERS — A federal civil rights lawsuit has been filed against the city and police, alleging that a warrantless search was made of a Nodine Hill apartment.

The lawsuit, filed on behalf of Lucreshia Amory, her two children and a friend, alleges that Yonkers police mistakenly burst into her apartment at 2 Van Cortlandt Ave. on Oct. 17, with weapons drawn in search of drugs. It accuses the police of trespass, assault, false arrest, intimidation, extortion and intentional infliction of emotional distress.



The lawsuit, filed in U.S. District Court in White Plains and originally scheduled for a conference yesterday, seeks unspecified punitive damages for violating Amory's constitutional rights.

The complaint alleges that Yonkers police Detective Frank Campana of the Yonkers Narcotics Unit and other unknown officers forced their way into Amory's apartment about 6 a.m. At the time, Amory was in the apartment with her two minor children and Jason Williams, an adult who was a guest.

The lawsuit claims police did not knock or ask permission to enter the apartment and did not have a search warrant for that residence. Their search warrant was for a different apartment in the building, the lawsuit alleges.

"I don't think (the police) conceded that it was mistaken," said

Please see **LAWSUIT, 8A**

## Yonkers, cops face suit

**LAWSUIT,** from 1A

Michael H. Joseph of Osorio & Associates in White Plains. "They're taking the view that they didn't find drugs and that my clients were lucky. Our position is that that's nonsensical."

Joseph added that his clients were not charged with any crime and that police verbally abused Amory by threatening to call the county's Department of Child Protective Services if she did not provide information about the location of drugs.

Yonkers police spokeswoman Lt. Diane Hessler said yesterday that there was no arrest record for Amory or Williams on the date of the alleged search.

Frank Rubino, the city's corporation counsel, confirmed yesterday that police did not have a search warrant for that apartment, but he said the residence was part of a narcotics investigation.

Rubino added that police detained Williams on an outstanding warrant, but he declined to say if that was a reason the police entered Amory's apartment.

Rubino said that in the past Yonkers police have burst into the wrong apartment during a "no-knock" warrant execution because of typographical errors or other mistakes.

"Those turned out to be properly damage cases," he said.

Amory's lawsuit accuses Yonkers and its Police Department of overlooking civil rights abuses by officers and failing to properly train them in the proper execution of warrants. The Yonkers Police Department is currently under investigation by the U.S. Department of Justice for civil rights violations.

Although Amory's lawsuit claims police did not have probable cause to enter her apartment, in the past two years police have accused residents in her building of criminal conduct.

In May, Tremane Kerson, 24, of 2 Van Cortlandt Park Ave. was indicted after a yearlong drug probe. In August, Derrick Williams, 33, of the same address, was charged with misdemeanor drug possession after he was seen involved in an apparent crack transaction on Linden Street.

The case conference set for yesterday was to be with Judge Charles Brieant, but the judge's death on Sunday caused it to be postponed. It has not yet been rescheduled.

Reach Ernie Garcia at elgarcia@lohud.com or 914-696-8290.

AS PUBLISHED BY

# VERDICT SEARCH

Motor Vehicle

**Rear-ender by van resulted in knee and back injuries**
Verdict: $293,600.00
Case Type: Rear-ender, Motor Vehicle - Red Light, Motor Vehicle - Intersection
Case: John McGuigan v. Michael Rhatigan and Alpine Mechanical Systems, No. 13365/02
Venue: Nassau Supreme, NY
Judge: Roy S. Mahon
Date: 04-20-2004
PLAINTIFF(S)
Attorney: Michael H. Joseph; Cappiello, Hofmann & Katz P.C.; New York, NY, for John McGuigan
Expert: David Rabinovicci M.D.; Neurology; Middle Village, NY called by: Michael Joseph
Jorge Cerrulli M.D.; Orthopedic Surgery; Mineola, NY called by: Michael Joseph
DEFENDANT(S)
Attorney: Michael Caliguiri; Robert P. Macchia & Associates; Mineola, NY, for Michael Rhatigan, Alpine Mechanical
Systems Inc.
Expert: None
INSURER:
Allstate Insurance Co. for both defendants
FACTS:
This motor vehicle accident occurred on June 6, 2002, on Commack Road in Deer Park. The plaintiff, John McGuigan, 58, a
retired police officer and then a process server, was stopped at a light on Commack Road when his vehicle was struck in
the rear by a van owned by Alpine Mechanical Systems Inc. and being driven by Michael Rhatigan.

McGuigan sued Alpine Mechanical Systems and Rhatigan.

Liability was conceded and the trial was on the issue of damages.
INJURY:
McGuigan sustained a tear of the posterior horn of the medial meniscus in his right knee and grade 4 chrondomalacia of the
patella for which he underwent arthroscopic surgery. He also suffered a herniated lumbar disc at L5-S1 with radiculopathy,
for which he underwent 8 months of physical therapy and acupuncture. He continues to complain of pain in his back and
weakness, range of motion limitations, and crepitus in the knee. He was out of work for three months after the accident,
returned to work, and then was out of work for two weeks following the surgery. He asked the jury for $100,000 for past pain
and suffering and $200,000 for future pain and suffering.

The defendants contended that he was exaggerating the back injury and that the knee injury was pre-existing, he had
undergone prior knee surgery.
VERDICT INFORMATION:
The jury awarded McGuigan $293,600.
John McGuigan

$8,000 Personal Injury: Past Lost Earnings Capability

$50,000 Personal Injury: Past Pain And Suffering

$225,000 Personal Injury: Future Pain And Suffering

$3,600 Personal Injury: insurance premiums

$7,000 Personal Injury: property damage



UNIENDO A LA COMUNIDAD

# EcuaTimes ®

Mayo 1 - 15, 2008

PERIODISMO DINAMICO Y VERAZ

Distribución en: EE.UU. - ECUADOR - ESPAÑA

6 No. 124

US$490.000,00 para Ecuatoriano accidentado

Pág. 4

EcuaTimes

Mayo 1 - 15, 2008

# Locales

## 490.000,00  PARA  ECUATORIANO
## ACCIDENTADO  EN  CONSTRUCCIÓN

Por: Aldo Bravo





La mañana del 27 de Julio del 2006 era una día más de trabajo para Obdulio Tamay, que fue recogido en una parada de obreros al destajo en construcción, como ocurre con muchos otros inmigrantes ecuatorianos.

Cuando el Sr. Tamay comenzó su día de trabajo nunca se imaginó que su vida cambiaría a causa de la irresponsabilidad de su patrón, que no tomó las medidas necesarias para proteger su seguridad y la de otros trabajadores.

En la tarde de ese día el Sr. Tamay se encontraba subido en una tabla sostenida por dos escaleras. De pronto, las escaleras y la tabla se derrumbaron y Tamay cayó de 20 pies de altura. El patrón lo colocó en la parte trasera de su camioneta y lo llevó al hospital dejándolo solo y abandonado sin ningún tipo de ayuda. Nadie reportó el accidente a las entidades pertinentes como a la policía, OSHA o al dueño de la propiedad donde ocurrió el accidente.

El Sr. Tamay contrató los servicios del Abogado Michael H. Joseph, Esq., de Osorio & Associates, en White Plains, NY. Este abogado ha litigado muchos casos de accidentes similares al del Sr. Tamay para un sinnúmero de inmigrantes.

Al cabo de casi 2 años de pelea en corte por los derechos de Tamay, el Abogado Joseph forzó a la compañía de seguros del dueño de la propiedad, "Travelers", a pagarle ($490,000) como indemnización del accidente.

Dice el Abogado "estas personas violaron las leyes de labor, cuando no suministraron el equipo apropia-

do para proteger la seguridad del Sr. Tamay y nosotros nos encargamos de que ellos se responsabilicen por el daño que le causaron."

Después del accidente el Sr. Tamay estaba muy asustado por su situación legal y temía ser deportado si comenzaba alguna querella en contra de su patrón. El Abogado Joseph le explicó que las cortes de Nueva York permiten que inmigrantes indocumentados presenten demandas por violación a

las leyes laborales y que es violación de estas leyes, no dar el equipo de seguridad necesario a los trabajadores o dejarlos trabajar en situaciones peligrosas.

"Es la responsabilidad del patrón obtener información del estatus legal de un trabajador antes de que comiencen a laborar con él. El empleador no puede contratar a un indocumentado y después negar sus responsabilidades solo porque éste no es legal" afirma Joseph.

El Sr. Tamay quiere que en su comunidad sepan que no deben temer al momento de hacer valer sus derechos si tienen algún accidente de trabajo. El Abogado Joseph aclara que "es una extorsión para un empleador amenazar a un empleado con deportarlo si él/ella comienza una demanda legal en contra del empleador."

Tamay estuvo hospitalizado por dos meses después del accidente y se mantuvo en rehabilitación por 4 más. Aunque ahora se encuentra mejor, todavía tiene dolor en su cadera y pierna y solo puede trabajar en labores leves. No se sabía si iba a poder laborar como antes, pero ya, con su recuperación y recompensación, el Sr. Tamay se encuentra optimista de su futuro. Él ha trabajado en este país por 20 años y ahora espera poder volver a su tierra en Girón, Azuay - Ecuador para reunirse con su familia.

El Sr. Tamay tiene primos y hermanos en los Estados Unidos trabajando en obras peligrosas, como muchos otros inmigrantes que están en la misma situación.

Si usted tiene alguna pregunta legal sobre algún accidente que haya tenido, puede llamar al abogado Michael H. Joseph, Esq. al (877) 580-6636.

## ¡PREPÁRESE PARA LAS REDADAS!

POR:  Cándida  Portugués/
EDLP

Las redadas están aquí y por el momento no parece que vayan a remitir, así es que a quien se encuentra en

portarlos "en ausencia" dijo López.

Tanto si existe como si no un procedimiento en la corte o una orden

semanas en cárceles de inmigración. Las autoridades estadounidenses no pueden deportarlo hasta que obtienen

EXHIBIT **2**

**TIME SHEET FOR ANTHONY MANGANIELLO**

| | | | |
|---|---|---|---|
| February 15, 2007 | Mhj | Review Trial Trans | 3.5 |
| February 16, 2007 | MHJ | Review Trial Trans | 4.25 |
| February 19, 2007 | MHJ | Meet w/ client | 2.5 |
| February 22, 2007 | MHJ | Review Hearing Trans. | 3.5 |
| February 23, 2007 | MHJ | Draft Letter | .25 |
| March 6, 2007 | MHJ | Research | 2.25 |
| March 12, 2007 | MHJ | Review of trans | 1.75 |
| March 13, 2007 | MHJ | Review of trans | 1.5 |
| March 16, 2007 | Mhj | Teleconf w/ Client's brother | .5 |
| March 19, 2007 | MHJ | Summarize Evidence & teleconf w/ witness | 1.5 |
| March 20, 2007 | MHJ | Summarize Evidence | 2.5 |
| March 24, 2007 | MHJ | Summarize Transcripts | 4.5 |
| March 26, 2007 | MHJ | Summarize Transcripts & Meet W/ Mario | 3.75 |
| March 29, 2007 | MHJ | Summarizing Transcripts | 4.00 |
| March 30, 2007 | MHJ | Review Transcripts | 2.2 |
| March 30, 2007 | MHJ | Meet w/ Mario M. And Review depo | 1.75 |
| April 3, 2007 | MHJ | Review Def Atty File | 4.5 |
| April 17, 2007 | MHJ | File Review & Speak w/ Client | 1.5 |

| | | | |
|---|---|---|---|
| April 17, 2007 | MHJ | Legal Research and draft complaint | 2.5 |
| April 18, 2007 | MHJ | Draft complaint, Teleconf w/ Investigator | 1.75 |
| April 19, 2007 | MHJ | Transp. Bx Court, Copy crim file Teleconf w/ client and add. Draft Complaint | 3.25 |
| April 20, 2007 | MHJ | Meeting w/ client | 2.5 |
| April 23, 2007 | MHJ | Additional draft of complain | 2.25 |
| April 26, 2007 | MHJ | Review testimony and additional Draft of complaint | 3.75 |
| April 30, 2007 | MHJ | Review materials from M. Mang v City, review, revise, redraft Complaint | 3.5 |
| May 7, 2007 | MHJ | Teleconf w/ client | .25 |
| May 8, 2007 | MHJ | Tranp to Ct, File complaint | 1.5 |
| May 8, 2007 | MHJ | Meet w/ Proeess server | .25 |
| May 29, 2007 | MHJ | Teleconf w/ corp counsel & Draft of memo to file | .3 |
| June 7, 2007 | MHJ | Receipt and review of letter Teleconf w/ police legal, Draft of memo to file | .5 |
| June 14, 2007 | MHJ | Teleconf w/ defense counsel & Draft memo | .2 |
| June 19, 2007 | MHJ | Teleconf w/ client | .3 |
| June 19, 2007 | MHJ | Teleconf w/ Corp. Counsel & Draft memo | .2 |
| June19, 2007 | MHJ | Teleconf w/ client | .4 |
| June 20, 2007 | MHJ | Review Corr, Prepare SDT | .3 |

| June 22, 2007 | MHJ | Meet w/ Process Server & Prepare SDT Notice | .5 |
| June 27, 2007 | MHJ | Teleconf w/ client | .6 |
| June 27, 2007 | MHJ | Review file, draft letter to Def counsel, teleconf w/ Investigator, draft letter to Inv. Online searches | .5 |
| June 28, 2007 | MHJ | Teleconf w/ Def atty | .1 |
| June 28, 2007 | MHJ | Rec't & Review of letter | .1 |
| June 28, 2007 | MHJ | Rec't & Review of letter & Draft corr. | .5 |
| June 29, 2007 | MHJ | Meet w/ client | .6 |
| July 2, 2007 | MHJ | Prepare confidentiality Agreement, fax to adv. | 1.2 |
| July 6, 2007 | MHJ | Ree't review fax | .3 |
| July 9, 2007 | MHJ | Rec't review fax | .1 |
| July 11, 2007 | MHJ | Review of file and Prepare Rule 26 disc | 1.5 |
| July 12, 2007 | MHJ | Teleconf w/ elient | .2 |
| July 12, 2007 | MHJ | Draft letter | .2 |
| July 16, 2007 | MHJ | Recpt review Ct letter, Draft & Fax letter to adv. | .3 |
| July 16, 2007 | MHJ | Teleconf w/ def counsel | .1 |
| July 19, 2007 | MHJ | Transp & Attend Prelim Conf | 3.8 |
| July 19, 2007 | MHJ | Teleconf w/ client | .3 |
| July 23, 2007 | Mhj | Reveiw and receipt of order | .2 |

| | | | |
|---|---|---|---|
| July 23, 2007 | MHJ | Review of Depo Trans. | 1.00 |
| August 3, 2007 | MHJ | Draft Letter and fax | .2 |
| August 6, 2007 | MHJ | Receipt review letter, Telephone conf w/ def. Compile discovery | 2.1 |
| August 8, 2007 | MHJ | Inventory discovery and Draft letter | 2.5 |
| August 13, 2007 | MHJ | Draft Discovery DMDS | .5 |
| August 21, 2007 | MHJ | Meet w/ Process Server, Review file and draft letter | .3 |
| September 3, 2007 | MHJ | Rect and review of answer | .4 |
| September 12, 2007 | MHJ | Meet w/ investigator | .5 |
| September 26, 2007 | MHJ | Review of Rogs, prepare answers  Teleconf | 1.00 |
| September 27, 2007 | Mhj | Draft Resp., to Def. Dmds | .9 |
| September 27, 2007 | MHJ | Teleconf w/ client | .6 |
| October 8, 2007 | MHJ | Draft Interrogatories | .75 |
| October 12, 2007 | MHJ | Research add draft rogs | 1.8 |
| October 15, 2007 | MHJ | Review of file and draft Depo Notice | .75 |
| October 16, 2007 | MHJ | Teleconf w/ client, serve Depo dmds | .6 |
| November 1, 2007 | MHJ | Review, revise Rog Responses, Review file and tel. Conf. W/ Colangelo | 1.3 |
| November 2, 2007 | MHJ | Teleconf w/ Colangelo, prepare documents for signature, Review Of defendants' responses, draft | |

| | | | |
|---|---|---|---|
| | | Letter | 1.4 |
| November 12, 2007 | MHJ | Draft letter | .5 |
| November 13, 2007 | MHJ | Review & Revise Letter, Teleconf w/ chambers And Fedex | 1.3 |
| November 13, 2007 | MHJ | Exp. Disc. | .2 |
| November 14, 2007 | MHJ | Teleconf w/ client and dr off. | .3 |
| November 16, 2007 | MHJ | Teleconf w/ def counsel & Review of letter | .3 |
| November 19, 2007 | MHJ | Teleconf w/ Court & Draft Memo to file | .4 |
| November 20, 2007 | MHJ | Teleconf w/ Frommer | .1 |
| November 21, 2007 | MHJ | Review stip and send fax | .5 |
| November 21, 2007 | MHJ | Teleconf w/ client | .1 |
| November 23, 2007 | MHJ | Meet w/ client | .75 |
| November 26, 2007 | MHJ | Review of letter and draft Letter | .2 |
| November 27, 2007 | MHJ | Teleconf w/ client & Draft Letters | .4 |
| November 30, 2007 | MHJ | Draft letter | .2 |
| December 4, 2007 | MHJ | Teleconf. | .1 |
| December 4, 2007 | MHJ | Preparation of SDT | .3 |
| December 5, 2007 | MHJ | Draft letter | .1 |
| December 6, 2007 | MHJ | Teleconf w/ defense couns. | .2 |
| December 16, 2007 | Mhj | Review of docs supplied by D | 3.6 |
| December 17, 2007 | MHJ | Preparation for depos | 3.5 |
| December 18, 2007 | MHJ | Teleconf w/ def. Atty & Dalco | .2 |

| | | | |
|---|---|---|---|
| December 18, 2007 | mhj | Teleconf w/ client | .1 |
| December 18, 2007 | MHJ | Prep for Deposition | 2.00 |
| December 19, 2007 | MHJ | TRANS. ATTEND AND PREP DEPO | 11.5 |
| December 20, 2007 | MHJ | Attend Depos & Transp | 6.0 |
| December 20, 2007 | MHJ | Make copies, draft letter | .2 |
| January 7, 2008 | MHJ | Recpt, Review of letter & Teleconf w/ adversary | .3 |
| January 7, 2008 | MHJ | Teleconf w/ client | .1 |
| January 11, 2008 | MHJ | Rect & Review of letter | .1 |
| January 17, 2008 | Mhj | Rect & Review report | .4 |
| January 17, 2008 | MHJ | Draft letter | .1 |
| January 24, 2008 | MHJ | Meet w/ client | .5 |
| January 25, 2008 | MHJ | Draft letter | .4 |
| January 30, 2008 | MHJ | Transp, meet w/ Damon and Prepare for depo | 10 |
| January 29, 2008 | MHJ | Prepare for depos | 4.00 |
| January 30, 2008 | MHJ | Transp & Attend Depos | 3.00 |
| January 30, 2008 | MHJ | Draft/serve Supp Rule 26 | .3 |
| February 5, 2008 | MHJ | Recpt of letter | .2 |
| February 7, 2008 | MHJ | Transp & Attend Depo | 3.5 |
| February 11, 2008 | MHJ | Teleconf | .1 |
| February 11, 2008 | MHJ | Rec't & Review letter | .1 |
| February 11, 2008 | MHJ | Draft Subpoena & letter, Meet w/ Process Server | .3 |
| February 12, 2008 | MHJ | Legal Research | 1.5 |

| | | | |
|---|---|---|---|
| February 18, 2008 | MHJ | Review of records | .9 |
| February 18, 2008 | Mhj | Review of D Req. Prepare Responses & Send | .7 |
| February 21, 2008 | MHJ | Teleeonf w/ witness and client | .5 |
| February 22, 2008 | MHJ | Draft Letters | .3 |
| February 22, 2008 | MHJ | Copy of Tape, draft letter and prepare package To Def. | .6 |
| February 25, 2008 | MHJ | Review of Parker Depo | .5 |
| February 26, 2008 | MHJ | Receive Review Def. Letter Prepare letter to Judge and review file, eopy exs. | 1.3 |
| February 29, 2008 | MHJ | Teleconf w/ chambers | .1 |
| February 29, 2008 | MHJ | Review of D Letter | .3 |
| February 29, 2008 | MHJ | Draft letter, research | .8 |
| March 1, 2008 | MHJ | Additional Draft of letters | 1.2 |
| March 3, 2008 | MHJ | Draft and send Supp R. 26 | .2 |
| March 7, 2008 | MHJ | Teleeonf w/ expert, adversary & Draft letter to court | .5 |
| March 7, 2008 | MHJ | Reeeipt & Review of endorsed Letter and draft of letter | .3 |
| March 10, 2008 | MHJ | Review file, draft notiee to admit, travel and attend deposition of Dr. Latif, receipt & review of email from Court, draft Letter | 6.1 |
| March 12, 2008 | MHJ | Review of adversary's letter, Research, review file and draft response. | 2.4 |
| March 12, 2008 | MHJ | Teleconf. W/ client & Parkeheter Re; Subpoena & prepare package For Tinari | .7 |
| March 12, 2008 | MHJ | Review of file and prepare for Depos | 1.2 |

| | | | |
|---|---|---|---|
| March 13, 2008 | MHJ | Transp & attend depos | 2.5 |
| March 13, 2008 | MHJ | Draft letter | .2 |
| March 20, 2008 | MHJ | Receipt & Review of letter and Draft response | .3 |
| March 25, 2008 | MHJ | Review Revise OSC | 1.7 |
| March 26, 2008 | MHJ | Teleconf w/ witness & Draft memo | .2 |
| March 27, 2008 | mhj | Final Review/ Revise OSC | . 5 |
| March 28, 2008 | MHJ | Teleeonf w/ Motions Clerk Bx sup | .2 |
| March 28, 2008 | MHJ | Meeting w/ Investigator | .3 |
| April 3, 2008 | MHJ | Review of letter, legal Research Draft Response | .8 |
| April 4, 2008 | MHJ | Teleconf w/ Econ. | .1 |
| April 7, 2008 | MHJ | Rect & Review of Tinari report, Prepare Supp R 26, Review Endorsed letter, rect depos trans prepare several  Letters | 1.3 |
| April 8, 2008 | MHJ | Assemble exhibits, partial Draft of motion | 1.5 |
| April 9, 2008 | MHJ | Additional Draft of Motion, serve and file same | 3.2 |
| April 10, 2008 | MHJ | Attempt to refile, Teleconf w/ ECF Help desk, Draft letter | .6 |
| April 11, 2008 | MHJ | Travel to and attend Bx. Sup | 2.1 |
| April 11, 2008 | MHJ | Teleeonf w/ Judge's law sec. | .1 |
| April 11, 2008 | MHJ | Receive email and respond | .1 |
| April 11, 2008 | MHJ | Teleconf w/ Court | .7 |
| April 16, 2008 | MHJ | Document Review`- PREP | 1.9 |
| April 18, 2008 | MHJ | Abate Depo | 1.7 |
| April 19, 2008 | MHJ | Research Draft opp to SJ Mot | 4.4 |
| April 21, 2008 | MHJ | Teleconf. W/ adversary & Draft | |

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| | | Letter | .4 |
| April 21, 2008 | MHJ | draft sj opp | 8.7 |
| April 22, 2008 | MHJ | draft sj opp | 7.8 |
| April 23, 2008 | MHJ | Teleconf w/ J. Marcus chambers Rect & review of order, teleconf W/ client, reet & review of letter Additional draft SJ | 2.6 |
| April 23, 2008 | MHJ | Research | 1.6 |
| May 1, 2008 | MHJ | Review Gj, Fax letter and Prep for Depo. | 2.9 |
| May 2, 2008 | MHJ | Transp to and attend Seaccia dep And travel baek | 4.8 |
| May 6, 2008 | MHJ | Add. Draft of SJ Opp | 8.2 |
| May 7, 2008 | MHJ | Add. Draft of SJ Opp & Teleconfs. | 7.5 |
| May 10, 2008 | MHJ | Resareh, Revicw, Revise Opp | 4.6 |
| May 12, 2008 | MHJ | Draft Rule 56 statement, Assemble Exs | 7.2 |
| May 13, 2008 | MHJ | Review  and revise Opp | 6.7 |
| May 14, 2008 | MHJ | Final Revicw of does and Electronically file same | 1.2 |
| May 16, 2008 | MHJ | Rect & revicw of expert report | .5 |
| May 19, 2008 | MHJ | Teleconf. W/ court | .1 |
| May 22, 2008 | MHJ | Telccconf w/ adv. | .1 |
| May 23, 2008 | MHJ | Preparation of PTO & Conf w/ witnesscs | 6.3 |
| May 24, 2008 | Mhj | Review, asscmble Exhibits Add. Draft Pto | 5.6 |
| May 26, 2008 | MHJ | Add Draft PTO, Review Revise Draft letter | 7.8 |

| | | | |
|---|---|---|---|
| May 27, 2008 | mhj | Draft letter, Respond to court Emails ,Add Draft PTO, Review Revise | 6.3 |
| May 27, 2008 | MHJ | Review Factual submissions in prep For oral argument | 4.8 |
| May 28, 2008 | MHJ | Add. Prep For oral argument | 2.3 |
| May 28, 2008 | MHJ | Transp., Attend oral argument & teleconf W/ client | 4.3 |
| May 28, 2008 | MHJ | Add. PTO Testimony | 2.3 |
| May 29, 2008 | MHJ | Call w/witness | .2 |
| May 29, 2008 | mhj | Add PTO Testimony | 2.8 |
| May 30, 2008 | MHJ | Prepare Mot. In Limine, Teleconf w/ adv. | 3.8 |
| May 31, 2008 | MHJ | ADD PTO Testimony, Fax & Email same | 6.7 |
| June 2, 2008 | MHJ | Prepare jury charges, email Docs to D, prepare voir dire And verdict sheet, teleconf W/ witness | 4.2 |
| June 3, 2008 | MHJ | Trial Prep. | 4.6 |
| June 4, 2008 | MHJ | Trial Prep, Prep Pre-trial filings | 9.2 |
| June 5, 2008 | MHJ | Travel to city, Deliever cxs, & Pre-trial filings, trial prep | 8.7 |
| June 6, 2008 | MHJ | Trial Prep | 10.2 |
| June 8, 2008 | MHJ | Response to in limine motion | 7.6 |
| June 9, 2008 | MHJ | Finalize, in limine mot, prep for Depo, trial prep | 11.4 |
| June 10, 2008 | MHJ | Transp. Attend Perez dcpo, trial Prep | 10.2 |
| June 11, 2008 | MHJ | Trial Prep | 7.5 |
| June 12, 2008 | MHJ | Trial Prep | 6.1 |

| June 13, 2008 | MHJ | Trial Prep | 7.8 |
| June 14, 2008 | MHJ | Trial Prep | 8.2 |
| June 16, 2008 | MHJ | Trial Prep | 9.1 |
| June 17, 2008 | MHJ | Trial | 14 |
| June 18, 2008 | MHJ | Trial | 15 |
| June 19, 2008 | MHJ | Trial | 14.7 |
| June 20, 2008 | MHJ | Trial | 6.4 |
| June 21, 2008 | MHJ | Trial | 5.7 |
| June 22, 2008 | MHJ | Trial prep | 3.7 |
| June 23, 2008 | MHJ | Trial | 12 |
| June 24, 2008 | MHJ | Trial | 8 |
| June 25, 2008 | MHJ | Teleeconf w/ client | .2 |
| July 7, 2008 | MHJ | Teleconf w/ def. counsel | .1 |
| July 7, 2008 | MHJ | Teleconf w/ def. counsel | .1 |
| July 11, 2008 | MHJ | Research in preparation for Post trial motions | 2.3 |
| July 14, 2008 | MHJ | Rect & Review of Letter From Court | .1 |
| July 18, 2008 | MHJ | Research RE: Fee application and Preparation of draft | 2.7 |
| July 22, 2008 | MHJ | Review Defendants' motion and Conduct research | 3.8 |
| July 23, 2008 | MHJ | Review of transcript & Draft of opposition | 4.8 |
| July 24, 2008 | MHJ | Review of transcript & Draft of opposition | 4.5 |
| July 25, 2008 | MHJ | Review of transcript & Draft of opposition | 1.8 |

| July 29, 2008 | MHJ | Research, draft of opp | 8.3 |
| July 30, 2008 | MHJ | Review of transcript & draft opp | 8.9 |
| July 30, 2008 | MHJ | Teleconf w/ client | .3 |
| July 30, 2008 | MHJ | Reet & review of Def letter Respond to same | .4 |
| July 30, 2008 | MHJ | Rect Review of Court's email, reply To same and call client | .3 |
| July 31, 2008 | MHJ | Add draft opp | 11.3 |
| August 1, 2008 | MHJ | Add draft opp | 12.5 |
| August 2, 2008 | MHJ | Review, revise opp. | 6.8 |
| August 3, 2008 | MHJ | Review, revise opp. | 1.3 |
| August 4, 2008 | MHJ | Final review, revise, opposition Serve and File same | 4.2 |
| August 4, 2008 | MHJ | Teleconf w/ client | .2 |
| August 5, 2008 | MHJ | Teleconf w/ client | .2 |
| August 5, 2008 | MHJ | Teleconf w/ client | .1 |
| August 6, 2008 | MHJ | Preparation of summation | .6 |
| August 6, 2008 | MHJ | Calculation of hours | .2 |
| August 6, 2008 | MHJ | Transport, Attend Punitive damages Portion of trial. | 4.8 |
| August 6, 2008 | MHJ | Research and draft letter | .3 |
| August 7, 2008 | MHJ | Research and draft letter to Court & research & draft/ edit fee app. | 4.7 |
| August 11, 2008 | MHJ | Review & Revise Fee Application | .5 |

Total Hours spent   587.25

EXHIBIT **3**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ANTHONY MANGANIELLO,

|   |   |   |
|---|---|---|
| | Plaintiff, | CIVIL ACTION No.: 07 CV 3644 (HB) |

    - Against-

DET. LUIS AGOSTINI,

                              Defendants

----------------------------------------------------------------X

## DECLARATION OF KEVIN POLLOCK

Pursuant to 28 USC §1746, I hereby declare, under penalty of perjury under the laws of

the United States of that the following is true and correct.

1. My name is Kevin Pollock and I am an attorney duly licensed to practice law in the States of New York and New Jersey.
2. I am currently the managing partner of the LAW OFFICE OF KEVIN A. POLLOCK LLC, which was formerly Thompson & Pollock LLC, located at 112 West Franklin Ave. Pennington, NJ 08534.
3. While acting as Managing Member of Thompson & Pollock LLC, I retained the services of Michael Joseph, in August of the year 2005, to act as local counsel to my firm in a case venued in the State of New York.
4. Our firm retained Mr. Joseph at the rate of $275 per hour, which at the time was the customary billing rate for an attorney with Mr. Joseph's level of experience.

Dated: Pennington, N.J.
       August 8, 2008

                                  Kevin Pollock, Esq.