UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ANTHONY MANGANIELLO,

                                 Plaintiff,

          -against-

DET. LUIS AGOSTINI, DET. SHAWN ABATE, DET.
RICHARD MARTINEZ, POLICE OFFICER ALEX
PEREZ, POLICE OFFICER MIRIAM NIEVES,

                                 Defendants.

------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

07 Civ. 3644 (HB)

        Defendants Det. Luis Agostini (Ret.), Det. Shawn Abate (Ret.), Det. Richard Martinez (Ret.)(sued herein as "Robert Martinez"), Police Officer Alex Perez (Ret.) and Police Officer Miriam Nieves (Ret.) hereby submit their proposed Jury Instructions as follows:

**LAW APPLICABLE TO SECTION 1983**

        Plaintiff's claims arise under federal law. Plaintiff brings claims against the defendants under a federal civil rights law called section 1983 of title 42 of the United States Code. For convenience, I will refer to this law as "section 1983."

        Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1

Let me go through that language more slowly with particular reference to this case. Section 1983 says that if a person is acting as a state official, and that person causes a citizen to be deprived of his or her constitutional rights, then the state official shall be liable to the injured person.

To establish a claim under section 1983, a plaintiff must establish, by a preponderance of the evidence, each and every one of the following three elements:

*First*, that the conduct complained of was committed by a defendant or defendants acting under color of state law;

*Second*, that this conduct deprived the plaintiff of rights protected by the Constitution; and

*Third*, that the defendant or defendants' acts were a proximate cause of the plaintiff's injuries and consequent damages.

In other words, if you find that any one of the elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence as to a defendant, you must return a verdict in favor of that defendant with respect to plaintiff's claims.

I shall now examine each of the three elements in greater detail.

**A.     First Element: Action Under Color of State Law**

The first element of a section 1983 claim is action under color of state law. In this case, the parties have "stipulated" or agreed that the defendants acted under color of state law because they are officers of the New York City Police Department and were acting in their official capacity at the time of the event of which plaintiff complains. Therefore, the first element is satisfied, and you need not concern yourself with this element.

### B. Second Element: Deprivation of Constitutional Right

To establish the second element of his section 1983 claims, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants Agostini, Martinez, Abate, Nieves and Perez. Specifically, the plaintiff must show, by a preponderance of the evidence, that (a) Defendants Agostini, Martinez, Abate, Nieves and Perez committed the acts alleged by plaintiff; (b) those acts caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the acts alleged, acted intentionally or recklessly.

### C. Third Element: Proximate Cause

The third element that plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury was a *reasonably foreseeable* consequence of the defendants' act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the conduct of one or more of the defendants. If you find that plaintiff complains about an injury that would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause plaintiff's injury.

3

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. Defendants are not liable if plaintiff's injury was caused by a new or independent source that intervenes between the defendants' act or omission and plaintiff's injury which produces a result that was not immediately foreseeable by defendants.

### 1.    Commission of Alleged Acts

The determination of whether the defendants committed the acts alleged by plaintiff is simply a function of your role as fact finders. As I explained earlier, it is your duty to consider all of the evidence, assess the credibility of the witnesses, and determine the facts.

### 2.    Loss of a Constitutional Right

If you determine that defendants Agostini, Martinez, Abate, Nieves and Perez committed the acts alleged by plaintiff, you must next determine whether those acts caused plaintiff to suffer the loss of a constitutional right.

There is one constitutional right at issue in this case:

freedom from malicious prosecution.

### Malicious Prosecution

Plaintiff alleges that he was maliciously prosecuted by defendants Agostini, Martinez, Abate, Nieves and Perez. The essence of malicious prosecution is the perversion of proper legal procedures. Broughton v. State, 37 N.Y. 451, 457 (1975).

### Presumption of Probable Cause Created by a Grand Jury Indictment

I instruct you that, plaintiff Anthony Manganiello was indicted by a Grand Jury, and that

4

as a matter of law, a Grand Jury indictment creates a presumption of probable cause. Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003); Obilo v. City Univ. of New York, 01 CV 5118 (DGT), 2003 U.S. Dist. LEXIS 2886, *35 (E.D.N.Y. Feb. 28, 2003). The presumption of probable cause to prosecute arises automatically whenever a grand jury indictment exists. Defendant need only prove that plaintiff was indicted by the grand jury; once done, this places the burden on plaintiff to rebut the presumption. "Once a suspect has been indicted...the law holds that the Grand Jury action creates a presumption of probable cause." Rothstein v. Carriere, 373 F. 3d 275, 283 (2d. Cir. 2004) (citing Colon v. City of New York, 60 N.Y.2d 78, 82)(1983)). The presumption of probable cause may only be overcome by evidence demonstrating that the defendants engaged in fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith. Brogdon, 200 F. Supp. 2d at 421 (citing Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994)); Rivas v. Suffolk County, 326 F. Supp. 2d 355, 363 (E.D.N.Y. 2004). The plaintiff bears the burden of proving that such misconduct by the defendant police officers occurred. Rothstein, 373 F.3d, at 283. It is plaintiff's burden to first establish that there was perjury, fraud, or other wrongdoing in the grand jury on the part of the defendants. It is only if you find that such misconduct occurred, that you may proceed to consider the elements of malicious prosecution.

Furthermore, I instruct you that an Assistant District Attorney has "the discretion and authority to decide what evidence to present to the grand jury [and is] under no duty to present every item of arguably exculpatory evidence in seeking an indictment." Savino v. The City of New York, 331 F.2d 63, 75 (2d Cir. 2003).

### Elements of Malicious Prosecution

In order to establish that he was maliciously prosecuted, the plaintiff must prove by a

preponderance of the credible evidence each of the following four elements: (1) that the defendants commenced or continued a criminal prosecution against plaintiff; (2) that the prosecution was terminated in the plaintiff's favor; (3) that there was an absence of probable cause for the prosecution; and (4) that the prosecution was instituted with malice.

### i. First Element: Commencement or continuation of a criminal prosecution

An officer cannot be said to have commenced or continued a criminal prosecution unless the officer played an active role in the criminal prosecution, such as giving encouragement or imploring the authorities to prosecute. Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004). The mere reporting of a crime, presenting evidence to the District Attorney and/or giving testimony does not constitute the initiation of the prosecution. Rohman v. New York Transit Authority, 215 F.3d 208, 217 (2d Cir. 2000). There must be some affirmative acts by the defendant officers by way of advice, encouragement or pressure in the initiation of the prosecution. Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004). It is plaintiff's burden to prove that the defendant officers actively encouraged or urged the prosecution to act against him. Id. If you find that the defendants did not play an active role in urging the prosecution of plaintiff, then your verdict will be for the defendants on plaintiff's claim for malicious prosecution.

### ii. Second Element: Termination of the criminal prosecution in plaintiff's favor

If you find that one or more of the defendants did play an active role in commencing or continuing the prosecution of plaintiff, then you must consider the second element to the claim of malicious prosecution, that is whether the criminal proceedings

6

terminated in plaintiff's favor. I instruct you that an acquittal after trial is a favorable termination.

### iii. Third element: Probable cause for the criminal prosecution

If you decide that one or more of the defendants initiated plaintiff's criminal prosecution, as I explained that element to you, then you must deliberate on the next prong of the inquiry: whether there was probable cause to initiate the criminal prosecution. Probable cause in the contest of malicious prosecution, is defined "as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Colon, 60 N.Y.2d, at 82.

"The police and prosecutors cannot be said to have improperly concealed evidence if the plaintiff is [merely] able to show that [the authorities] could have done more or could have disclosed more [to the Grand Jury]." Gonzalez v. The City of New York, 02 Civ. 4055 (BSJ)(KNF), 2005 U.S. Dist. LEXIS 20645 (S.D.N.Y. Sept. 16, 2005).

### iv. Fourth element: Criminal prosecution instituted with actual malice

The final element the plaintiff must prove in order to establish his claim for malicious prosecution is that the criminal proceedings were instituted with actual malice.

A prosecution is initiated maliciously if it is begun for a wrong or improper motive, in other words, if it is started for something other than a desire to see the ends of justice served. Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996).

Malice is not shown by the mere fact that probable cause for the prosecution may have been lacking. Rather, plaintiff must establish that probable cause is "so totally lacking" that no reasonable person could have thought it existed.

If you find that defendants did not act maliciously, then your verdict must be for

defendants.

### Proximate Causation of Injury

If you decide that each of the four required elements for a malicious prosecution have been proven by plaintiff, then you must consider whether the defendants' conduct was the proximate cause of the injuries claimed by the plaintiff. If you find that plaintiff was not injured, then your inquiry need proceed no further. If you find that the plaintiff was injured, you must then determine whether that injury was proximately caused by the conduct of defendants.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the credible evidence that the Grand Jury would not have indicted him if the unlawful conduct had not taken place. If you find that the Grand Jury indictment about which plaintiff complains would have occurred even if there had been no unlawful conduct by defendants, you must find that defendants did not proximately cause plaintiff's injury, and you must bring back a verdict for defendants. See Mandal v. City of New York, 02 Civ. 1234 (WHP), 2007 U.S. Dist. LEXIS 83642 (Nov. 13, 2007)(citing Amato v. City of Saratoga Springs, 170 F.3d 311, 319 (2d Cir. 1999)).

### QUALIFIED IMMUNITY[1]

Even if you find that one or more of the individual defendants violated the plaintiff's constitutional rights, they still may not be liable to plaintiff. This is so because

---

[1] As the case of Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003), has restated, the issue of qualified immunity is one for the Court. If the Court determines that issues of fact must be resolved prior to the Court's resolution of Qualified Immunity, then defendants respectfully request that if it becomes necessary special interrogatories be proffered to the jury for purposes of qualified immunity.

defendants may be entitled to what is called qualified immunity. If you find that defendants are entitled to such an immunity, you may not find them liable.

A defendant will be entitled to qualified immunity if, at the time of the incident, he neither knew nor should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that the defendant was unaware of the federal law. However, a defendant is entitled to qualified immunity (1) if it was objectively reasonable for him to believe that his actions were consistent with federal law or (2) if reasonably competent police officers could disagree as to the legality of the defendants' conduct. See Saucier v. Katz, 533 U.S. 194 (2001); Ricciuti v. NYC Transit Authority, 796 F. Supp. 84 (S.D.N.Y. 1992).

In deciding what a competent official would think about the legality of the conduct of any defendant, you may consider the nature of the defendant's official duties, the character of their official positions, the information that was known to the defendant or not known to him, and the events that confronted him. You must ask yourself what a reasonable official in the defendant's situation would have believed about the legality of the defendant's conduct. You should not, however, consider what a defendant's subjective intent was, even if you believe that the intent was to harm the plaintiff. A defendant's subjective intent is irrelevant to your inquiry. You may also use your common sense. Thus, given all these considerations, if you find that a reasonable official in defendant's situation would believe his conduct to have been lawful, or if you find that competent officers could disagree over whether the action was lawful, then this element will be satisfied and the defendant will be entitled to qualified immunity.

A defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that his actions violated plaintiff's rights.

## Part III:  DAMAGES

I have a few cautionary instructions to give you before I define the types of damages you may award plaintiff. First, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are six individual defendants in this case it does not automatically follow that if one if liable that the others are liable as well. Each defendant is entitled to a fair, separate, and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for the plaintiff's injuries, then you may impose damages for that injury only upon that defendant.

Second, the plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries. I therefore instruct you that if you find that one or more defendants are liable to plaintiff, you may not award additional compensatory damages for the same injury, even if such injuries resulted from more than one wrongful act from the actions of more than one defendant. If you can identify separate injuries resulting from separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate plaintiff for the separate injuries he has suffered. But you should not compensate plaintiff for the same injury more than once simply because you find one or more defendants to be liable for the same injury.

A. **Damages: Compensatory damages**.

Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual injury was proven by a preponderance of the credible evidence by the plaintiff in this case according to the instructions I have given to you.

If you believe that the plaintiff has proven every element of his claim for a malicious prosecution by a preponderance of the credible evidence, then, and only then, should you consider the issue of damages. If you return a verdict for the defendants on the claim, then you need not consider damages.

If you return a verdict for plaintiff against the defendants, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.

You shall award actual damages only for those injuries that you find the plaintiff has proven by a preponderance of the credible evidence. Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by a particular defendant and that are a direct result of conduct by that defendant that was a violation of plaintiff's rights.

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent aggravation of his

injuries, so as to reduce or minimize the loss or damage. If you find that defendants are liable and that Mr. Manganiello has suffered damages, Mr. Manganiello may not recover for damages that could have been avoided with reasonable effort. If Mr. Manganiello unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which could have been avoided had he taken advantage of such opportunity.

Bear in mind that the question of whether plaintiff acted reasonably with respect to the mitigation of damages is for you to decide, as sole judges of the facts. Although the law will not allow an injured person to sit by idly when presented with an opportunity to mitigate, this does not imply that the law requires an injured person to incur unreasonable expense in an effort to mitigate, and it is defendants' burden of proving that the damages could reasonably have been avoided. In deciding whether to reduce Mr. Manganiello's damages to some failure to mitigate, therefore, you must weigh all of the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether plaintiff's conduct was reasonable.

You cannot award damages more than once for the same injury. For example, if a plaintiff were to prevail on a claim and establish damages in a particular amount, you could not award him those damages on another one of his claims — he is only entitled to be made whole again, not to recover more than he lost.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial and only on that evidence.

**B.** **Damages for a mere fact of violation.**

If you return a verdict for the plaintiff, but then find that plaintiff failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one

- 12 -

dollar. Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.

### C. Punitive Damages[2]

Plaintiff also seeks punitive damages here. If plaintiff has proven by a preponderance of the credible evidence that a defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you have to find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish for *shocking* conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you believe the defendants acted so outrageously and evidenced such a degree of malice or callousness that they deserve to be punished, and that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future. Smith v. Wade, 461 U.S. 30, 52-56 (1983).

---

[2] Although defendants contend that after hearing the evidence, the Court will determine that no rational jury could find punitive damages against the defendants in this case, defendants propose the following language on punitive damages if the Court finds that the charge is necessary.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

### D. **Damages: Final word:**

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which parties are entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any damages were proven by a preponderance of the credible evidence by plaintiff in this case according to the instructions I have given to you.

Dated: New York, New York
        June 19, 2008

                               MICHAEL A. CARDOZO
                               Corporation Counsel of the City of New York
                               Attorney for Defendants
                               100 Church Street
                               Room 3-211/137
                               New York, New York 10007
                               (212) 442-8248/ (212) 788-9790

                               By: _____
                                   Mark D. Zuckerman
                                   Amy N. Okereke