

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **AMY N. OKEREKE**<br>*Assistant Corporation Counsel*<br>Telephone: (212) 788-9790<br>Fax: (212) 788-9776<br>aokereke@law.nyc.gov |

June 21, 2008

**VIA FAX AND EMAIL**
*Fax: (212) 805-7901*
Honorable Harold Baer
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      Re: Anthony Manganiello v. The City of New York, et al.
           07 Civ. 3644 (HB)

Your Honor:

      Pursuant to the Court's instruction at the charging conference on Friday, June 20, 2008, defendants submit the following proposed substantive changes to the Court's Charge:

1. Pg. 17, "Instruction 10: Expert Witness." As an initial matter, defendants note that plaintiff's treating physician, Dr. Rehana Latif, should not be called as an expert witness because she did not submit a report pursuant to F.R.C.P. 26, but rather, as a fact witness. Therefore, her name should not be included in this instruction.

   Defendants request that the Court change this instruction to read as follows:

   "You have also heard testimony from ~~expert witnesses~~ <u>plaintiff's expert, forensic economist, Dr. Frank Tinari</u>. An expert witness is a witness who has special training or experience in a given field, ~~and is permitted to express opinions based on observed or assumed facts to aid you in deciding the issues in the case.~~

<u>Keep in mind that Dr. Tinari has no knowledge of the facts underlying the criminal prosecution of the plaintiff, and that his testimony is only relevant to damages, if you should find liability.</u>

The opinions stated by ~~each expert~~ <u>Dr. Tinari</u> who testified before you were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorneys who questioned the expert asked the expert to assume. You may reject the expert's opinion if you find the facts to be different from those which form the basis of his opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with that opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualification in the field warrant and must be considered by you, but not controlling upon your judgment.

2. Pg. 22, "Part 2: Instructions on the Law." After paragraph 1, defendants request that the Court add the following to this instruction:

   "Although you have heard testimony concerning Mr. Manganiello's voided arrest on February 12, 2001, and his arrest in April 2001, bear in mind that the claim you are to consider has nothing to do with Mr. Manganiello's arrest. The claim of malicious prosecution concerns only the criminal prosecution of Mr. Manganiello."

3. Pgs. 25-26, "Instruction 16: Deprivation of Federal Constitutional Right— Malicious Prosecution." Defendants request that the Court change the language, "by one or more," to "<u>on the part of the defendant you are considering</u>."

4. Pg. 27, "Instruction 17: Commencement or Continuance of Criminal Proceeding." Defendants request that the Court change the instruction to read:

   With respect to the first element, whether the defendant commenced or continued a criminal proceeding against the plaintiff, the plaintiff must prove that the defendant played an active role in the prosecution such as giving advice, encouraging the authorities to act, ~~filing criminal charges against the plaintiff, e.g., signing the felony complaint, as defendant Agostini did, being instrumental in bringing about the criminal charges~~, <u>or providing false information in the criminal court complaint</u>, or providing false information to the prosecutors.

2

> Defendants object to the instruction as currently written because it is extremely prejudicial to defendant Agostini, and does not reflect the case law, which holds that the mere signing of a complaint, in and of itself, is insufficient to constitute malicious prosecution; it must be shown that the defendant swore out a *false* complaint. The Second Circuit has held that "[i]nitiation' in this context is a term of art," involving more than merely reporting a crime and giving testimony. Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000).

5. Pg. 30, "Instruction 19: Probable Cause—Presumption Created by Grand Jury Indictment."

   > Defendants object to the instruction as currently written because it does not reflect the case law, which holds that for a plaintiff to rebut the presumption of probable cause created by a grand jury indictment, he is required to prove "fraud, perjury, suppression of evidence or other misconduct *in* the grand jury." Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004) (emphasis added).

   > Under Rothstein, it is the plaintiff's burden to establish that the information and/or testimony provided by a defendant, which the District Attorney presented to the grand jury constituted fraud, perjury, or other misconduct. Plaintiff must establish that the three defendants who testified before the grand jury, namely, Luis Agostini, Miriam Nieves, and Alex Perez committed fraud, perjury, or other misconduct *in the grand jury itself*.

   > Defendants submit that the presumption cannot be defeated merely by establishing that a defendant committed some wrongdoing which was not presented to the grand jury and, therefore, had no bearing on the grand jury's decision to indict.

6. Pg. 32, "Instruction 21: Party's Failure to Produce Evidence."

   > Defendants submit that this instruction should be stricken in its entirety. It is clear from Assistant District Attorney Christine Scaccia's testimony at trial yesterday that she had access to the entire police case file prior to the time she presented plaintiff's case to the grand jury. Ms. Scaccia testified that the police case file, including "the police department paperwork, notes and some other items, all of which were present in the beginning and throughout the grand jury stages of this case..." (See Trial Transcript of ADA Scaccia, June 20, 2008).

   > Therefore any instruction relating to a failure to produce evidence is inapplicable in light of the testimony elicited at trial, and would be extremely prejudicial.

7. Pg. 34, "Instruction 23: Compensatory Damages." Defendants request that the Court change the instruction as follows:

> If you find that plaintiff has proven all of the elements of his claim for relief, you will then consider damages. You should not interpret the fact that I am giving instructions about damages now as an indication that I believe that ~~either party should, or should not, be awarded damages~~ there should be a finding of liability. It is your task and yours alone to decide whether ~~one or more parties is liable~~ there should be a finding of liability as to any of the defendant officers. Only ~~after~~ if you find liability as to any of the defendant officers, ~~that~~ may you reach the issue of damages.

Defendants additionally request that the Court change the language "one or more of the defendants' allegedly wrongful conduct" in the fourth paragraph, pg. 34, line 3, to "a defendant's allegedly wrongful conduct."

8. Pg. 11, defendants request that the Court delete item No. 3, concerning stipulations, as the only fact stipulated is that plaintiff was acquitted which is already reflected in the Court's charge.

Additionally, defendants note the following typographical errors.

1. Pg. 8, line 6, should read as follows, "Finding you may make for or against a ~~the other~~ defendants.

2. Pg. 9, line 1, should read as follows, "The burden ~~is~~ in this case is on the plaintiff to…"

3. Pg. 12, last paragraph, line 4, should read as follows, "…witness ~~was~~ candid, frank, and forthright? Or, did the witness seem…"

I thank the Court for its time and consideration herein.

Respectfully submitted,

Amy N. Okereke
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Michael Joseph (via email)

4