UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

| | |
|---|---|
| ANTHONY MANGANIELLO,<br><br>          Plaintiff,<br><br> -against-<br><br>DET. LUIS AGOSTINI,<br><br>          Defendant. | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**<br><br>07 Civ. 3644 (HB) |

---------------------------------------------------------------------------x

    Plaintiff's attorney's fee petition, filed with the Court on August 11, 2008 seeks attorney's fees in the amount of $215,037.50. Defendant respectfully submits its Memorandum of Law in opposition to plaintiff's application for attorney's fees, and respectfully submits that said application should be halved as plaintiff is attempting to recover, in addition to the time spent in litigating against defendant Luis Agostini, for time spent litigating against the 10 defendants that have been dismissed at various stages of this litigation. Defendant also respectfully submits that the billing rate that counsel seeks is high based on his experience, as reflected by the amount of time that he spent on various tasks in this matter. Finally, many of the time entries of plaintiff's counsel are vague and should be disregarded unless cured.

    "The Supreme Court has consistently stressed the importance of the degree of the plaintiff's success in the litigation as a factor affecting the size of the fee to be awarded." Kassim v. City of Schenectady, 415 F.3d 246, 253 (2d Cir. 2005). In cases involving a common core of facts or related legal theories, the Second Circuit noted in Kassim that it is "difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation….If…a

plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id at 353-54.

"A district court's assessment of the "degree of success" achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims."  Barfield v. N.Y. City Health and Hospitals Corp., 2008 U.S. App. LEXIS 16731, at *52 (2d Cir. Aug. 8, 2008)(citing Kassim at 254). "Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." Id.(citing Carroll v. Blinken, 105 F.3d 79, 81 (2d Cir. 1997). "Indeed, this comparison 'promotes the court's 'central' responsibility to make the assessment of what is a reasonable fee under the circumstances of the case.'" Id.(quoting Farrar v. Hobby, 506 U.S. 103, 114-15 (1992))  "The Second Circuit has made clear that any such reduction must be based on the extent to which the plaintiff failed to achieve success,…." Rozell v. Ross-Hoist, 05 Civ. 2936 (JGK)(JCF), 2008 U.S. Dist. LEXIS 41609, at *27 (S.D.N.Y. May 29, 2008)

In this case, plaintiff sued the City of New York under a theory of Monell liability and ten individual police officer defendants under differing factual theories.  While defendants cannot dispute, at least until this point in the litigation, that plaintiff has achieved substantial success as to one of the defendants, Detective Luis Agostini, it cannot be disputed by plaintiff that he did not prevail as to nine other individual defendants and the City of New York.  Plaintiff sued, individually, Deputy Inspector Geryl McCarthy, Sgt. John McGovern, Inspector Michael Phipps, Lt. Henry Scott, Detectives Shawn Abate, Richard Martinez and Derrick Parker, and Police Officers Alex Perez and Miriam Nieves and failed to succeed against each of them.  Each of these individuals was deposed by plaintiff and McCarthy, McGovern, Phipps, Scott and

Parker were dismissed upon defendants' motion for summary judgment. In opposing defendants' motion for summary judgment, differing theories as to how these individuals were liable for malicious prosecution were put forth by plaintiff and rejected by the Court.

Plaintiff tried his case against defendants Perez, Nieves, Martinez and Abate to the jury following the Court's summary judgment decision, and lost as to each of them. Individual theories of how these individuals were liable for a malicious prosecution were presented to the jury by plaintiff, and rejected, except in the case of defendant Abate, who was dismissed from the suit upon the affirmative defense of qualified immunity. In addition to the substantial time that was spent in discovery and summary judgment as to the alleged liability against these individuals, considerable time was spent at trial by plaintiff attempting to establish liability on the part of these individuals.

Finally, plaintiff attempted to establish <u>Monell</u> liability against the City of New York. He took discovery attempting to prove such liability and briefed the issue in the summary judgment proceedings. He also argued such theory at oral argument on defendants' motion for summary judgment. Plaintiff's <u>Monell</u> claim was dismissed upon defendants' motion for summary judgment.

Plaintiff's time records do not differentiate between time spent as to the 10 defendants that he failed to succeed against and the one defendant upon which he prevailed. However, defendant respectfully submits that at least 50% of the time for which plaintiff's counsel seeks to be compensated was spent litigating against defendants that were dismissed and that he must not be rewarded for litigating those claims that should never have been brought in the first place. As such, defendants submit that plaintiff's fee application be halved.

Additionally, plaintiff seeks a billing rate of $350 per hour. Defendant submits that this rate is unusually high for an attorney of just nine years experience and without substantial experience in the civil rights area. Although Mr. Joseph states that he participated in a criminal law clinic while attending law school, that should not be given any weight in connection with his fee application in this case. In fact, his relative lack of experience in this area is exemplified by spending 14.25 hours drafting and filing plaintiff's complaint and 59.5 hours opposing defendants' motion for summary judgment. As such, defendants respectfully submit that the appropriate billing rate of plaintiff's counsel be set at $250 per hour.

Moreover, Mr. Joseph's time records are vague in many respects. For example, several entries refer to summarizing evidence and summarizing transcripts without specifying what evidence or transcripts were involved. Similarly, Mr. Joseph has numerous entries reflecting that he received, reviewed and drafted letters (& some telefaxes) but he makes no reference to the subject matter of those particular entries. Furthermore, plaintiff's expert, Steven Colangelo, was excluded from testifying at trial, and any fees for time spent communicating with him, including a November 2, 2007 telephone call, should not be recovered. Still further, Mr. Joseph's entries indicate that he conducted substantial research but his time records make no reference to the legal issues or cases he purportedly researched. Accordingly, defendant submits that unless plaintiff's counsel satisfactorily cures these

deficiencies, these entries must be disregarded by the Court.

Dated:  New York, New York
           August 22, 2008

             MICHAEL A. CARDOZO
             Corporation Counsel of the
               City of New York
             Attorney for Defendants
             100 Church Street
             New York, N.Y.  10007
             Tel:  (212) 442-8248
             Case No. 2007-016404


             By: /s/
               MARK ZUCKERMAN
               AMY OKEREKE