UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY MANGANIELLO,                                CIVIL ACTION No.: 07 CV 3644
                                    Plaintiff,

            -vs-

LUIS AGOSTINI
                              Defendant
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY

Plaintiff submits this reply to defendants' opposition to Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 1988.

### POINT I: THE TIME SPENT SHOULD NOT BE REDUCED

Plaintiff respectfully submits that the defendants' request for a one half reduction in the time spent on this matter should not be followed. While Plaintiff was not successful on the Monnell claim, the time spent exclusively on the prosecution of that portion of the claim was well below half. As the Plaintiff's theory was essentially that the course of conduct surrounding Plaintiff's prosecution established a Monnell policy, the bulk of the time spent on discovery of the Monnell claim was not distinguishable from the time spent pursuing the claims against the individual officers. Stated differently, the overwhelming majority of the time spent on the Monnell claim was also necessary to prosecute the malicious prosecution claim, as such the work would have been done even if there was no Monnell claim. This contention is supported by the fact that several of the dismissed defendants were called as witnesses on Plaintiff's case in chief for the malicious prosecution case. Further, the testimony elicited from the defendants whom the jury found no liability against, was valuable in establishing liability against Mr. Agostini. Likewise, even though the Court granted qualified immunity to Mr. Abate, his testimony helped

to establish Mr. Agostini's liability.

Even if the Court is inclined to reduce the amount of hours expended, a reduction of half would be excessive. Of the 587.25 hours spent on this case, 286.4 hours was spent after the Court's decision dismissing the Monnell claim. Therefore, approximately half of the hours spent had nothing to do with the Monnell claim. Thus, while there should be no reduction, if the Court is inclined to reduce the hours Plaintiff spent in proportion to the work which is distinctly tied to the Monnell claim, a reduction of ten percent of the time prior to the Court's summary judgment decision would be proportional. This would account for approximately thirty hours.

Further, there should be no reduction for any time after the Court's summary judgment decision, because Plaintiff established that he was maliciously prosecuted, thus successful on the claim. That all defendants were found not to have engaged in the malicious prosecution is irrelevant because the proofs for each defendant overlapped with the proofs against Mr. Agostini. Stated differently, Plaintiff's case involved tying together discrete pieces of evidence from various witnesses, many of whom were defendants. As the time spent litigating these issues also had bearing on whether Agostini maliciously prosecuted the Plaintiff, there should be no reduction.

Finally, the undersigned's time entries are not vague and accurately describe what was done. The undersigned is not required to itemize every aspect of every legal issue that was researched.

2

**POINT II:    THE RATE WHICH PLAINTIFF'S COUNSEL REQUESTS IS FAIR**

First, defense counsel claims that the undersigned lacks experience in Civil Rights matters. This is incorrect because the undersigned has handled several other Civil Rights cases and has been trial counsel on three other civil rights matters. Two of these matters were tried in the Eastern District of New York and one was tried in the District of New Jersey. Further, as a criminal defense lawyer, the undersigned has extensive experience in litigating civil rights issues.

The undersigned's tort experience is relevant because malicious prosecution is a tort. Rodick v. City of Schenectady, 1 F.3d 1341, 1348 (2d Cir. 1993). As demonstrated by the original petition, the undersigned is a highly experienced tort litigation attorney and has won public acclaim on several occasions due to outstanding results. That the undersigned does not exclusively practice civil right litigation is irrelevant because an attorney's general litigation experience can be considered in a fee application. Mr. X v. New York State Educ. Dept. 20 F.Supp.2d 561 (S.D.N.Y. 1998). [approving a significant award where the attorney has successfully litigated numerous cases in a broad range of subjects]. As the Second Circuit noted, it is irrelevant that a lawyer's career was spent practicing in other areas of law because most important legal skills are transferrable. A.R. ex rel. R.V. v. New York City Dept. of Educ., 407 F.3d 65, 82 (2d Cir. 2005).

Further, defendants argument that spending14.25 hours drafting a complaint and 59.5 hours opposing a summary judgment motion evidences a lack of experience is erroneous. To the contrary, Plaintiff's complaint was thirty pages long and contained two hundred and fifteen factual statements. That it only took fourteen hours to complete same, evidences a great deal of

3

experience. The fact that the complaint was well prepared is evidenced by defendants' failure to make any Rule 12 motion. Likewise, the drafting of Plaintiff's summary judgment opposition required review of thousands of pages of transcripts to assemble and tie together several distinct pieces of evidence and testimony. Plaintiff's Rule 56 statement was 41 pages long and contained 329 factual statements. Thus, the hours spent were reasonable in light of the extensive issues raised by the defendants' motion.

    Finally the rate is reasonable when compared to other fee awards in the Southern District. Defendants do not cite any cases for the proposition that the rate sought by the undersigned should be reduced by $100 per hour. To the contrary, this would be well below what other Courts have awarded for attorneys with similar experience. In Sheehan v. Metro. Life Ins. Co., 450 F. Supp 2d 321 (S.D.N.Y 2006), the Court approved a rate of $350 per hour for junior associates. In M.S. v. New York City Bd. of Educ., 2002 WL 31556385 (S.D.N.Y. 2002), the Court noted that the National Law Journal's annual studies of attorneys' hourly rates, demonstrated that in 2002, major New York firms bill between $310 to $375 for an hour's work for eighth year associates. Here, the undersigned is not a junior associate, but is a partner, with nine to ten years of experience. Surely, the undersigned is entitled to a fee in the mid range of what eighth year associates at New York firms were receiving six years ago.

    Courts have also awarded higher rates for counsel who possess the skill to be a lead attorney on a civil trial. See Skold v. Am. Int'l Group, Inc., No. 96 Civ. 7137(HB), 1999 WL 405539, at *7 (S.D.N.Y. June 18, 1999) (rate of $400 for lead attorney at civil rights firm held reasonable). Here the undersigned was the lead and only trial attorney on a case which the defense deemed sufficiently difficult to assign two attorneys to defend it. This in and of itself is

4

consistent with a high degree of skill which justifies the rate requested.

In light of the foregoing, the fee sought is reasonable, if not modest.


Dated: White Plains, New York
        August 26, 2008

                              Respectfully submitted,

                              OSORIO & ASSOCIATES, LLC

              BY:       _____
                              Michael H. Joseph, Esq.  (MJ883)
                              184 Martine Avenue
                              White Plains, New York 10601
                              (914) 761-3168

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ANTHONY MANGANIELLO,                              CIVIL ACTION No.: 07 CV 3644
                                    Plaintiff,

                -vs-


LUIS AGOSTINI
                                    Defendant
---------------------------------------------------------X

## DECLARATION OF SERVICE

Pursuant to 28 USC §1746, I hereby declare, under penalty of perjury under the laws of

the United States of that the following is true and correct.


Deponent is not a party to the action, is over 18 years of age and resides at 184 Martine

Ave., White Plains, N.Y. 10601. That on the 26th day of August, 2008 deponent served the

within:  Memorandum of Law in reply:

                        Corporation Counsel
                        100 Church Street
                        New York, NY 10007

at the last known address designated by them for that purpose by depositing a true copy of same

enclosed in a postpaid properly addressed wrapper  in an official depository under the exclusive

care and custody of the United States Post Service department within the State of New York..


                                    Michael H. Joseph, Esq.




                                    6