UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANTHONY MANGANIELLO,                              :
                                                  :
                   **Plaintiff,**       :
                                                  :       07 Civ. 3644 (HB)
        - against -                     :
                                                  :       <u>OPINION & ORDER</u>
DET. LUIS AGOSTINI, Individually and as a New     :
York City Police Detective,                       :
                                                  :
                   **Defendant.**       :
------------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**

        The reader's familiarity with the underlying facts of this case is assumed.[1] On June 24, 2008, a jury found Agostini and another defendant, Shawn Abate ("Abate"), to be liable for malicious prosecution. Question 3 on the verdict sheet asked the jury: "State the total amount of compensatory damages you award to the Plaintiff." The jury responded by stating that the total compensatory damages were $1,426,261.00. Question 4 on the verdict sheet then asked the jury to "state the amount of compensatory damages for which each Defendant whom [the jury found to be liable] is liable." The jury responded that Abate was liable for $142,626.10, which amounts to ten percent of the total compensatory damages, and that Agostini was liable for $1,283,634.90, which amounts to ninety percent of the total compensatory damages. These two amounts add up to the total compensatory damages found by the jury.

        On August 6, 2008, this Court granted qualified immunity to Abate, and thus Abate is not liable for any portion of the damages award. The Court asked the parties to argue as to whether Agostini should be held joint and severally liable and be required to pay the total amount of compensatory damages found by the jury, or only the portion that the jury allotted to him.

### I. DISCUSSION

**A.    Jury Verdict Form**

        The first issue to be addressed is whether the verdict form in this case was submitted to the jury in plain error. The verdict form may have been ambiguous as to whether the Court viewed the defendants as jointly and severally liable, since the form asked jury to apportion

---

[1] *See* this Court's opinion on Defendants' motion for summary judgment. *Manganiello v. City of New York*, No. 07 Civ. 3644, 2008 WL 2358922 (S.D.N.Y. June 10, 2008).

1

damages among them. Although the Second Circuit has advised that this type of question should be "avoided in cases where the defendants, if found liable, are jointly and severally liable," the form here is not plain error. *See Aldrich v. Thomson McKinnon Securities, Inc.*, 756 F.2d 243, 248 (2d Cir. 1985) (discerning the intent of the jury as to whether compensatory damages were to be awarded jointly and severally, despite incongruous verdict form); *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993) (internal citation omitted) (finding reversible error on the ground that errors as to the theory of respondeat superior in the verdict form created too much confusion for the jury but not solely on the ground that the form was ambiguous as to joint and several liability).

However, to the extent that the Circuit recommends that, where defendants are jointly and severally liable, the jury should be asked only the total amount of compensatory damages, *see Aldrich v. Thomson McKinnon Securities, Inc.*, 756 F.2d 243, 248 (2d Cir. 1985), this Court should have omitted the question that asked the jury to apportion damages. However, it should be noted that at trial no party raised the issue or objected to questions 3 or 4 on the verdict sheet. Indeed the parties, as I recall, approved both questions.

The verdict form did not constitute plain error and reversal or a new trial on this issue is not appropriate.

**B.     Joint and Several Liability**

Because Abate has been granted qualified immunity, a finding that Defendants are jointly and severally liable would mean that Agostini is accountable for the entire amount of compensatory damages. Conversely, a finding that each Defendant is liable for only his individual assessment would mean that Agostini is responsible for only ninety percent of the total amount of compensatory damages and Manganiello would not recover the full amount of damages that the jury found he suffered.

Malicious prosecution is an intentional tort. *Rodick*, 1 F.3d at 1348. Intentional tortfeasors are held jointly and severally liable for assessed compensatory damages, provided they have caused a single injury to the plaintiff. *Id.* If the tortfeasors are jointly and severally liable, one tortfeasor is not relieved from liability simply because the other tortfeasor also committed liability-causing actions, nor are the damages against either tortfeasor diminished to his or her proportion of fault. *Edmonds v. Campganie Generale Transatlantique*, 443 U.S. 256, 271 (1979); *see also Weeks v. L.R. Chaboudy*, 984 F.2d 185, 189 (6th Cir. 1993) (internal quotation marks and citation marks omitted). This principal of liability is not altered even when

2

one tortfeasor is immune from liability. *Weeks,* 984 F.2d at 189; Restatement (Second) of Torts § 880.

However, joint and several liability will only apply where there is a single, indivisible injury. *Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) (citing Restatement (Second) of Torts, § 875). Thus, where the injury is divisible and separate causation is attributable to each tortfeasor, joint and several liability will not apply. *Weeks,* 984 F.2d at 189.

Plaintiff argues Agostini is responsible for the entire award of compensatory damages because the harm caused by the Defendants is an indivisible injury. Specifically, Plaintiff avers that the damages are indivisible because the jury awarded a single compensatory award and then distributed the award with regard to a proportion of fault for each defendant. Indeed, it is clear that the jury found Agostini to be ninety percent at fault and Abate to be ten percent at fault and apportioned damages based on these proportions.

Similarly, in *Aldrich* the jury awarded the plaintiff one aggregate amount and then allocated the amount between the two defendants according to an easily discernable proportion of fault—in that case, 50-50. *See* 756 F.2d at 245. The Court held that the amounts showed that the jury intended to award the plaintiff the total amount of compensatory damages against the two defendants jointly and severally, and that the only reason the jury entered separate amounts for each defendant was that the verdict form asked it to do so. *Id.* at 248. Likewise, here it appears that the intent of the jurors was to award the Plaintiff an aggregate amount of $1,426,261, while attributing liability to Abate at ten percent and to Agostini at ninety percent because the Court asked it to enter separate amounts for each liable defendant.

Defendant contends that joint and several liability does not apply in this case because Manganiello's injuries are divisible. Defendant relies on the summation of Manganiello's counsel, who requested that the jury compensate Manganiello for the ten days that he spent in jail after his arrest at the amount of $15,000 per day, or $150,000, in addition to his other damages. Defendant then points out that the jury's award against Abate, $142,626.10, is close to $150,000. Because Abate was involved in placing Manganiello under arrest, Defendant argues that the jury intended its award against Abate to compensate Manganiello for the divisible injury resulting from his ten-day confinement. A better explanation for the award against Abate, however, is that it is ten percent of the total compensatory damages of $1,426,261.00. An average juror could easily calculate this percentage. Further, if the jury had intended to hold Abate responsible for Manganiello's confinement, there is no explanation for why the jury would

3

reduce the amount suggested by Manganiello's counsel, *i.e.*, $150,000, by exactly $7,223.90 to arrive at the $14,262.10 figure.

Finally, a divisible injury requires separate causation on the part of each defendant. *Weeks,* 984 F.2d at 189. Here, the evidence at trial established malicious prosecution based on the actions of both of Defendants acting in concert. Defendants did not produce evidence that either of their actions caused a separate harm to the Plaintiff. Although the Plaintiff may have asked for compensation based on both misrepresentations made to the Assistant District Attorney and time spent in police custody, there was evidence that both Defendants contributed to both incidents, and these incidents together contributed to Manganiello's injury. The jury's verdict thus suggests that actions by both Defendants were proximate causes of the injury caused to Manganiello, and thus Abate and Agostini, as joint intentional tortfeasors, were jointly and severally liable.

Finally, the Defendant argues that joint and several liability cannot attach in this instance because Abate has been granted qualified immunity. This argument is without merit. Although Abate was granted qualified immunity on the basis that the evidence at trial did not suggest he knew by a preponderance of the evidence that he was making material misrepresentations, granting immunity for one tortfeasor does not affect the principal of liability towards the other tortfeasor. *See Weeks,* 984 F.2d at 189; Restatement (Second) of Torts § 880.

Therefore, this Court finds that Defendant Agostini is jointly and severally liable for malicious prosecution and is liable for the full compensatory damages awarded by the jury, in the amount of $1,426,261.00.

**IT IS SO ORDERED.**
**New York, New York**
**January 21, 2009**

_____
U.S.D.J.

4